IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED CARDIOVASCULAR SYSTEMS, INC., and GUIDANT SALES CORPORATION, | C.A. No. 98-80-SLR |
| Plaintiffs, | (Consolidated with C.A. No. 98-314-SLR and |
| v. | C.A. No. 98-316-SLR) |
| MEDTRONIC VASCULAR, INC., and MEDTRONIC USA, INC., | |
| Defendants. | |

**SUPPLEMENTAL JOINT PRETRIAL ORDER**

Plaintiffs Advanced Cardiovascular Systems, Inc. and Guidant Sales Corporation ("ACS") and Defendants Medtronic Vascular, Inc. and Medtronic USA, Inc. ("Medtronic"), by their undersigned counsel, submit this Supplemental Joint Pretrial Order pursuant to Delaware Local Rule 16.4. This Supplemental Joint Pretrial Order shall serve to supplement the Joint Pretrial Order ("JPO") filed on January 3, 2005 (D.I. 538), which is incorporated herein fully, and shall relate to the trial of Medtronic's claim of inequitable conduct against ACS, which is scheduled for June 7-8, 2005. Unless otherwise stated herein, the terms and provisions of the JPO shall remain in full force and effect.

I.    **NATURE OF THE ACTION**

1.    The JPO sets forth the significant procedural history of this case through January 3, 2005. As of January 3, 2005, ACS asserted that Medtronic's accused products (the MicroStent II, GFX, GFX II, GFX 2.5, S540, S660, S670, S7, Driver, MicroDriver, Racer, and BeStent2 stents) infringe certain claims of U.S. Patent Nos. 5,515,154 ("the '154 Patent"),

5,603,721 ("the '721 Patent"), 5,735,893 ("the '893 Patent"), 6,056,776 ("the '776 Patent"),

6,066,167 ("the '167 Patent"), 6,066,168 ("the '168 Patent"), and 6,432,133 ("the '133 Patent").

ACS previously asserted that Medtronic's accused products infringe certain claims of United

States Patent Nos. 6,511,504 ("the '504 Patent") and 5,421,955 ("the '955 Patent"). The patents

ACS has asserted against Medtronic in this case are sometimes collectively referred to as "the

Lau Patents."

2.      Medtronic denied ACS's claims of infringement and sought a declaratory

judgment that the Lau Patents are not infringed, invalid, and/or unenforceable. ACS denied

Medtronic's claims that the Lau Patents are not infringed, invalid, and/or unenforceable.

3.      On January 5, 2005, the Court issued, among other things, the following:

(1) Memorandum Order construing the disputed claim language of the Lau Patents (D.I. 542); (2)

Opinion and Order denying Medtronic's motion for partial summary judgment that Medtronic's

accused products do not infringe the asserted claims of the Lau Patents (D.I. 546); and (3)

Opinion and Order granting ACS's motion for summary judgment that Medtronic's S7 and

Driver stents literally infringe claim 1 of the '133 Patent (D.I. 546).

4.      On January 5, 2005, the Court also issued a Memorandum Opinion and

Order granting ACS's motions for summary judgment that (1) Mr. Boneau is not a joint inventor

of the Lau patents, (2) the Lau patents are not invalid under § 102(f), and (3) Medtronic's state

law claims (including alleged misappropriation of trade secrets) are time-barred by Delaware's

statute of limitations (D.I. 544).

5.      On January 5, 2005, the Court also issued a Memorandum Opinion and

Order granting ACS's motion for summary judgment that none of ACS's stents infringe any of

the Boneau patents in suit and denying Medtronic's motion for summary judgment of infringement (D.I. 546).

6.      By correspondence dated January 18, 2005, ACS informed Medtronic that it would only be asserting the '154, '167, '168, and '133 Patents at trial.

7.      On February 2, 2005, the Court issued its Memorandum Order granting Medtronic's motion for reconsideration of the Court's previous Order and Opinion holding that Medtronic's S7 and Driver stents infringe claim 1 of the '133 Patent, finding that issues of fact existed as to whether Medtronic's S7 and Driver stents infringe claim 1 of the '133 Patent (D.I. 579).

8.      On February 2, 2005, the Court issued its Memorandum Order denying Medtronic's motion for reconsideration of the Court's previous Order and Opinion holding that Michael Boneau is not an inventor on the Lau Patents (D.I. 579).

9.      On February 2, 2005, the Court issued its Memorandum Order denying Medtronic's motion for reconsideration of the Court's previous Order and Opinion holding that Plaintiffs' trade secret and state law claims are time-barred (D.I. 579).

10.     On February 4, 2005, the Court entered an Order realigning the parties and changing the caption to reflect ACS as the plaintiff and Medtronic as the defendant (D.I. 585).

11.     On February 4, 2005, the Court issued its Order withdrawing its prior claim construction of "cylindrical elements" and instructing the parties to present evidence at trial which they deemed appropriate to support their respective claim interpretations (D.I. 587).

12.     On February 7, 2005, the jury trial on the liability phase of ACS's claim of patent infringement commenced.  The trial included ACS's contentions that Medtronic's accused stents infringed claims 1, 4, and 12 of the '154 Patent, claims 5 and 8 of the '167 Patent, claims

1, 3, and 11 of the '168 Patent, and claims 1, 2, 3, and 9 of the '133 Patent (collectively, the "asserted claims") and Medtronic's contentions that the claims of those patents are invalid.

13.    On February 8, 2005, the Court issued an Order that patent application No. 07/398,180, which was filed with the United States Patent and Trademark Office ("PTO") on August 24, 1989 ("Boneau Application") was relevant to Medtronic's inequitable conduct defenses and that a bench trial would be scheduled on Medtronic's inequitable conduct defenses (D.I. 594).

14.    At the close of ACS's case-in-chief and again at the close of all evidence, Medtronic moved for judgment as a matter of law ("JMOL") (D.I. 598; Trial Tr. at 1678:9-1680:11). At the close of all evidence, ACS also moved for JMOL (D.I. 621, D.I. 622 & Trial Tr. at 1680:12-1683:4).

15.    With the exception of Medtronic's JMOL as to no infringement under the doctrine of equivalents and ACS's JMOL as to Medtronic's claim of invalidity by anticipation, the Court denied the parties' respective JMOLs (Trial Tr. 1739:20-1740:1).

16.    On February 16, 2005, the Court issued an Order pertaining to the claim construction of "cylindrical elements." (D.I. 615).

17.    On February 18, 2005, the jury returned a verdict that the asserted claims of ACS's '154, '167, '168, and '133 patents were infringed by Medtronic's MicroStent II, GFX, GFX2, GFX 2.5, S540, S660, S670, S7, BeStent2, Driver, MicroDriver, and Racer stents. The jury found that those claims were not invalid for obviousness (D.I. 629). The Court has not yet entered judgment on the jury verdict.

18.    On March 30, 2005, the Court issued an Order scheduling a bench trial of Medtronic's inequitable conduct claims to commence on June 7, 2005 (D.I. 647).

19.    On April 18, 2005, Medtronic filed the following: (1) Motion for New Trial Pursuant Fed. R. Civ. P. 59(a) (D.I. 650, 653); (2) Renewed Motion for Judgment As A Matter Of Law (D.I. 651, 654); and (3) Submission Regarding The Trial Of Damages And Willfulness (D.I. 652).   On April 18, 2005, ACS filed Plaintiffs' Memorandum Regarding Damages (D.I. 649).  The Court has not yet ruled on any of these matters.

## II.    BASES FOR FEDERAL JURISDICTION

1.    This is an action for patent infringement that arises under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

2.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and § 1400.

## III.    STATEMENT OF ADMITTED FACTS

1.    The parties admit the facts set forth in attached Exhibit 1.  These admitted facts require no proof at trial.

## IV.    STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED

1.    Medtronic's statement of issues of fact that remain to be litigated is attached as Exhibit 2.

2.    ACS's statement of issues of fact that remain to be litigated is attached as Exhibit 3.

## V.    STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED

3.    Medtronic's statement of issues of law that remain to be litigated is attached as Exhibit 4.

4.    ACS's statement of issues of law that remain to be litigated is attached as Exhibit 5.

## VI.    **EXHIBITS**

5.    Medtronic's list of exhibits that it intends to offer at trial is attached as Exhibit 6.

6.    ACS's list of exhibits that it intends to offer at trial is attached as Exhibit 7.

7.    Medtronic shall provide ACS, by CD to arrive at the Washington, D.C. offices of its counsel by May 27, 2005, electronic versions of its documentary exhibits with exhibit labels which have not already been provided to ACS.  Medtronic shall provide ACS with complete and legible hard copies of its documentary exhibits, to arrive at the offices of its Delaware counsel by noon on June 3, 2005.

8.    ACS shall provide Medtronic, by CD to arrive at the Irvine, CA offices of its counsel by May 27, 2005, electronic versions of its documentary exhibits with exhibit labels which have not already been provided to Medtronic.  ACS shall provide Medtronic with complete and legible hard copies of its documentary exhibits, to arrive at the offices of its Delaware counsel by noon on June 3, 2005.

## VII.    **WITNESSES**

9.    Medtronic's list of witnesses it intends to call live at trial is attached as Exhibit 8.  Medtronic's list of witnesses it intends to call by deposition at trial is attached as Exhibit 9.  On June 2, 2005, Medtronic will provide ACS with the portions of the deposition transcripts that it intends to designate at trial.

10.     ACS's list of witnesses that it intends to call live at trial is attached as Exhibit 10.  ACS's list of witnesses it intends to call by deposition at trial is attached as Exhibit 11.  On June 3, 2005, ACS will provide Medtronic with the portions of the deposition transcripts that it intends to designate at trial.

11.     No witness called by a party in support of its case-in-chief shall be permitted to testify at trial unless identified in this Order or unless the Court determines that in the interests of justice such witness should be called.

## VIII.   **BRIEF STATEMENT OF INTENDED PROOFS**

12.     In addition to the facts not in dispute, Medtronic expects to offer the proofs set forth in Exhibit 12.

13.     In addition to the facts not in dispute, ACS expects to offer the proofs set forth in Exhibit 13.

## IX.    **MISCELLANEOUS ISSUES**

1.     A list of miscellaneous issues that Medtronic wishes to address at the pre-trial conference scheduled for May 23, 2005, is set forth in Exhibit 14.

2.     A list of miscellaneous issues that ACS wishes to address at the pre-trial conference scheduled for May 23, 2005, is set forth in Exhibit 15.

## X.    **CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY**

The parties certify that two-way communication has occurred between the persons having authority in a good faith effort to explore the resolution of the controversy by settlement. No agreement has been reached.

This Order shall control the subsequent course of this action, unless modified by the Court to prevent manifest injustice.

SO ORDERED this _____ day of May, 2005.


_____
Chief Judge

**JOINTLY SUBMITTED**

RICHARDS LAYTON & FINGER                    MORRIS, NICHOLS, ARSHT &
                                            TUNNELL

/s/ Frederick L. Cottrell, III              /s/ Leslie A. Polizoti
_____            _____
Frederick L. Cottrell, III (#2555)          Karen Jacobs Louden (#2881)
Anne Shea Gaza (#4093)                      Leslie A. Polizoti (#4299)
One Rodney Square                           1201 North Market Street
Wilmington, Delaware  19899                 Wilmington, Delaware 19899
(302) 651-7700                              (302) 658-9200

Attorneys for Advanced Cardiovascular       Attorneys for Medtronic Vascular, Inc.
Systems, Inc. and Guidant Sales Corporation and Medtronic USA, Inc.

May 20, 2005

466360