Ex. 3

Westlaw.

Not Reported in F.Supp.
1995 WL 261407 (N.D.Cal.)
(Cite as: 1995 WL 261407 (N.D.Cal.))

Page 1

# H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
APPLIED MATERIALS, INC., Plaintiff,
v.
ADVANCED SEMICONDUCTOR MATERIALS
AMERICA, INC., Doing Business as ASM
Epitaxy, and Advanced
Semiconductor Materials International
N.V., Defendants.
No. C 92-20643 RMW.

April 25, 1995.

Matthew D. Powers, Weil Gotshal & Manges, Menlo Park, CA, for plaintiff.

Don W. Martens, Knobbe Martens Olson & Bear, Newport Beach, CA, for defendants and counterclaimants.

RULINGS ON PRETRIAL MOTIONS

WHYTE, District Judge.

*1 The hearing on the parties' pretrial motions was held on April 21, 1995. After reviewing the papers and hearing the oral arguments of counsel, the court makes the rulings set forth below.

I. APPLIED MATERIALS MOTIONS
A. *In Limine* Re: 1985 Conception Proof

Applied seeks to exclude evidence of Goodwin's alleged 1985 conception of the use of reinforcing ribs on the outside of a quartz reaction chamber. ASM claims such evidence is relevant to its obviousness defense in that prior invention is probative of the level of ordinary skill in the art and suggests that those in the field were familiar with all of the basic concepts disclosed in the patent. Applied submits the evidence is inadmissible because: (1) Goodwin's alleged conception is not independently corroborated and (2) the only document showing the alleged conception is an inadmissible copy of a page from an unwitnessed, missing lab note book.

Neither the parties nor the court has found a case which expressly holds that testimony of a witness plus his own, unwitnessed drawing is admissible on the issue of obviousness. In *Hahn v. Wong*, 892 F.2d 1028, 1032 (Fed. Cir. 1989), the court held that an inventor, to establish reduction to practice for establishing priority, "must provide independent corroborating evidence in addition to his own statements and documents." ASM argues that *Price v. Symsek*, 988 F.2d 1187 (Fed. Cir. 1993) backs off this requirement and provides for a "rule of reason" test, to determine whether the inventor's prior conception testimony has been corroborated. Although *Price* does articulate a "rule of reason" test, it does not hold that uncorroborated testimony of an inventor plus his or her own unwitnessed drawing is sufficient. The closest it comes is by quoting from *Mergenthaler v. Scudder*, 11 App. D.C. 264, 278 (D.C. Cir. 1897):

[C]onception by an inventor, for the purpose of establishing priority, can not be proved by his mere allegation nor by his unsupported testimony where there has been no disclosure to others or embodiment of the invention in some clearly perceptible form, such as drawings or model, with sufficient proof of identity in point of time.

*Price,* 988 F.2d at 1194. It seems doubtful that an unwitnessed drawing, although bearing a purported date, would be "sufficient proof of identity in point of time." [FN1] In *Price* the inventor presented several exhibits, including an affidavit from someone else, corroborating the date of a drawing.

Although, as noted, no case has been found expressly discussing corroboration of conception in the context of an obviousness defense, the policy behind corroboration for establishing priority applies to a claim that those in the field were familiar with the idea of the invention thus making it obvious. In other words, if corroboration were not required there would be "a great temptation to perjury" and the absence of such a requirement "would have the effect of virtually precluding the adverse party from the possibility of rebutting such evidence." *Price,* 988 F.2d at 1994-95. Therefore, the court finds that the 1985 conception proof is not independently corroborated and should not be admitted.

*2 The court's conclusion that the evidence should be excluded is reinforced by the fact that the original drawing and the notebook in which it is allegedly

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1995 WL 261407 (N.D.Cal.)
(Cite as: 1995 WL 261407 (N.D.Cal.))

contained are not available. F.R.E. 1004(1) does provide that the loss of the original, unless due to bad faith of the proponent, is a satisfactory explanation of nonproduction of the original. Although ASM's explanation of the loss is not as detailed as it should be, the court finds that it is sufficient to show that the loss was not due to the bad faith of ASM. However, the inability of Applied to review the purported lab book and surrounding pages does result in some unfairness to Applied. There are legitimate questions of authenticity given that the drawing was unwitnessed, that no witness has been identified who can corroborate its existence in 1985, and that ASM apparently took no action for several years on the alleged 1985 conception.

Even if the 1985 conception proof were deemed to meet the corroboration requirement for admissibility, the court finds that the evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. F.R.E. 403. The probative value of one inventor's undisclosed conception of an invention is not persuasive evidence of the level of skill in the art. Further, the potential for the jury being confused or mislead is real in that the jury may not understand that the issue is what Goodwin came up with the idea first, but rather what was the level of skill in the art at the time of Applied's claimed invention. Finally, and most importantly, the risk of prejudice to Applied is significant in light of its limited ability to question the legitimacy and timing of the drawing.

For the above reasons, the court orders that Applied's motion to exclude the Goodwin 1985 conception proof is granted.

B. *In Limine* Re: ASM's Legal Expert

Applied submits that ASM's legal expert Nusbaum, a former supervising patent examiner and former member of the Patent Office Board of Patent Appeals and Interferences, should not be allowed to testify on the topics listed below. Nusbaum is not a technical expert and testified that he is not skilled in the relevant art and never worked in the relevant art units within the Patent Office. ASM argues that Nusbaum's testimony is designed to assist the jury in understanding the complex evidence that will be presented, particularly with respect to interpreting the materiality of prior art, the effect of prior art and test results not before or examined by the examiner, and the examiner's limited facilities.

1. *Testimony About What the Prior Art Teaches.*

Both parties agree Nusbaum cannot testify as to what the prior art teaches, because he is not a technical expert. The motion, therefore, as to this area is granted.

2. *Testimony About the Materiality of the Prior Art.*

The court grants Applied's motion to preclude testimony by Nusbaum about the "materiality" of prior art. He is not skilled in the art. Seilheimer, not Nusbaum, is the appropriate expert to address whether the prior art before the Patent Office is the most relevant prior art.

3. *Testimony About What the Examiner Would Have Done if Nusbaum Had Been the Examiner or if the Examiner Had Different Information.*

*3 The court grants Applied's motion precluding Nusbaum from testifying about what the examiner would have done if Nusbaum had been the examiner, or if the examiner had different information. The evidence would be irrelevant speculation and Nusbaum is not skilled in the art. Further, expert testimony is only appropriate if helpful to understand or to determine a fact in issue. F.R.E. 702. Generally, an expert may not advise a jury as to applicable principles of law. Cotchett, Elkind *Federal Courtroom Evidence,* 3rd Ed., p. 287.

4. *Testimony Regarding How the Examiner Would Have Reacted to the Results of Applied's Internal Development Program.*

The court grants Applied's motion requesting that Nusbaum be precluded from testifying about how the examiner would have reacted to the results of Applied's internal development program. Nusbaum is not skilled in the art. Further, how he personally would have reacted is irrelevant.

5. *Testimony Concerning Overwork, Quotas, Awards or Promotions at the Patent Office, or the Number of Patents that Issue Annually or Otherwise Insinuating that the Patent Office Does Not Do Its Job Properly.*

Applied submits that Nusbaum should not be allowed to make generalized attacks on the Patent Office. It argues that such an attack would show inappropriate disrespect for a quasi-judicial administrative body. *See, United States v. Morgan,* 313 U.S. 409, 422 (1941); *Western Electric v. Pinezo Tech.,* 860 F.2d 428 (Fed. Cir. 1988). Applied also

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
1995 WL 261407 (N.D.Cal.)
(Cite as: 1995 WL 261407 (N.D.Cal.))

contends that a generalized attack would be irrelevant, because ASM has no evidence that the examiner who reviewed the application for the patents-in-suit were short of their "quotas," under bureaucratic pressure, or other factors that impacted the quality of their work. ASM counters that such evidence is necessary to rebut the presumption of validity and to provide the jury evidence to balance against Applied's reliance on the deference to be given to the decision of a government agency.

The presumption of validity is not substantive evidence - it is merely a procedural device assigning the burden of proof. *Chore-Time Equip. Inc. v. Cumberland Corp., 713 F.2d 774, 780 (Fed. Cir. 1983)*. In other words, the presumption of validity merely explains why the attacker's burden is clear and convincing evidence. However, when the patentee relies upon the deference that is due to the Patent Office which is presumed to have properly done its job, the attacker can show that the Patent Office did not consider certain invalidating evidence, thus showing no need to defer. *American Hoist & Derrick Co v. Sowa & Sons, Inc., 725 F.2d 1350, 1359 (Fed. Cir.)*, cert. denied 469 U.S. 832, 105 S.Ct. 95 (1984).

The court finds that the type of evidence Applied seeks to exclude is properly excluded and will not prevent ASM from presenting appropriate evidence to try and meet its burden and to point out when deference to the Patent Office's determination is not appropriate (e.g. by showing through a technical expert and the prosecution history that the examiner did not consider pertinent prior art.) Testimony about overwork, quotas, awards or promotions at the Patent Office, or the number of patents that issue annually or insinuating that the Patent Office does not do its job properly is excluded. Such evidence would be irrelevant speculation and would constitute an inappropriate attack on the Patent Office. The court will reconsider this ruling, however, if Applied opens the door by presenting evidence suggesting that some extraordinary deference is due in this case.

*6. Testimony About Patent Office Procedures that Do Not Relate to ASM's Only Defense of Obviousness.*

*4 The parties do not dispute that Patent Office procedures unrelated to obviousness are not relevant. Therefore, Applied's motion to exclude such evidence is granted recognizing, however, that some general evidence about the Patent Office and its procedures is necessary to understand the Patent Office's function

with respect to examining non-obviousness.

*7. Evidence About Patent Office Burden Shifting Rules.*

The parties do not appear to dispute that the Patent Office's burden shifting rules are irrelevant. In any event, evidence pertaining to such rules is irrelevant and likely to be confusing to the jury who will be instructed on the burden of proof rules it must apply. Therefore, Applied's motion is granted and no evidence of the Patent's Office's burden shifting rules will be allowed absent a showing that some specific, relevant statement in the prosecution history cannot be understood without such an explanation

*C. In Limine* Re: Exclude Experts from Courtroom (ASM's Cross-Motion on Same Subject.)

Applied submits that pursuant to F. R. E. 615 the parties' experts must be excluded from the courtroom. ASM counters that Rule 615(3) contains an exception for "a person whose presence is shown by a party to be essential to the presentation of the party's cause." The parties dispute whether ASM's counsel needs the assistance of its experts for the presentation of its cause. The court finds that an exception to the mandatory exclusion rule is supported here for ASM's technical expert, Seilheimer. The minimal danger that Seilheimer will substantially alter his testimony based upon prior testimony at trial, coupled with the compelling need for his expert assistance to counsel, supports the court's conclusion. Therefore, each party's one technical expert will be permitted to be present during trial. This ruling, of course, does not give license to either expert to unfairly bolster his opinions by adding bases upon which he did not rely at his deposition.

*D. In Limine* Re: Nomura Evidence

Applied moves to preclude ASM from presenting Nomura as a trial witness, because ASM engaged in discovery obstruction. ASM denies that it engaged in unfair tactics and claims Nomura's testimony is important to its assertion of obviousness. Nomura will apparently testify that while at ASM Japan he independently conceived reinforcing a quartz chamber with external ribs.

This motion, unfortunately, requires the court to decide whether a party's conduct during discovery requires the exclusion of certain evidence. The court has reviewed in detail the various declarations, the transcript of the pretrial proceedings on February 2,

Not Reported in F.Supp.
1995 WL 261407 (N.D.Cal.)
(Cite as: 1995 WL 261407 (N.D.Cal.))

Page 4

1995, and the parties' disclosures, letters and
discovery responses. Although the court has some
reservations about its conclusion, it finds that the
Nomura evidence should not be excluded based upon
the allegedly unfair actions of ASM.

Nomura and the documents on which ASM intends
to rely were disclosed over two years ago. Applied
did not ask for Nomura's deposition until November
15, 1994. ASM advised on November 16, 1994 that:
    *5 Because ASM does not presently intend upon
    presenting Mr. Nomura as a fact witness at trial,
    ASM will not bring him to the United States for a
    deposition. In the event ASM decides to use him as
    a fact witness, ASM will make him available.
Apparently, ASM believed at that time that
Nomura's conception was not independent of
Goodwin's alleged conception. The fact that ASM's
counsel had that belief causes the court to be a little
suspicious of ASM's current claim that Nomura's
conception was independent. [FN2] However, the
court is not persuaded that there is sufficient evidence
to support a conclusion that ASM is hiding evidence.
The court has no reason to believe that counsel would
engage in dishonest conduct and further finds that
counsel's supervision of searches of files, although
not technically in compliance with the court's
February 2, 1995 order, was in good faith and
reasonably thorough.

ASM advised Applied on January 17, 1995, that it
intended to use Nomura. At the pretrial conference on
February 2, 1995, the court ordered ASM to make
Nomura available for deposition and also initially
ordered that an ASM American attorney in Japan
declare that ASM Japan's files had been reviewed and
all documents relevant to Nomura's alleged
conception were being provided. After ASM advised
that it did not have an attorney from the United States
in Japan, the court ordered that a representative of
ASM Japan declare that the files had been reviewed
and that an Applied attorney had been provided
access to the files. After the hearing, ASM decided to
send Attorney Treska, one of its of counsel, to Japan
and he has provided a detailed declaration of what
was searched by him and others. Although this
declaration does not technically comply with the
modified version of the court's order, it does meet the
substance of it. It was what the court had ordered
before it learned that ASM did not have an American
attorney in Japan - a situation that was remedied by
sending Attorney Treska.

The court is aware that Nomura stated at his
deposition that he had not searched all of his files to

see if there was anything related to development
projects for reduced pressure Epsilon reactors. This
evidence concerns the court but Nomura was not
probed on what files existed that he did not search.
The remainder of Nomura's deposition and Attorney
Treska's declaration satisfies the court that a
reasonable search was conducted and that Nomura
should not be excluded as a fact witness. The court,
although not pleased with ASM's handling of
Nomura, is not convinced that Applied will be
unfairly prejudiced by allowing him to testify.
Therefore, Applied's motion to exclude Nomura
evidence is denied.

II. ASM'S MOTIONS
A. *In Limine* Re: Letter from ASM's Counsel
Describing ASM's Invalidity Contentions.

ASM seeks to exclude from evidence Applied
Exhibit 54, which is a January 5, 1995 letter from
ASM's litigation counsel to Applied's litigation
counsel which outlines certain of ASM's contentions.
Since ASM is not now contesting infringement,
Applied has withdrawn the exhibit. This issue is,
therefore, moot.

B. *In Limine* Re: Subpoenas of Quartz
Manufacturers

*6 ASM seeks to exclude evidence of Applied's
subpoenas to various third party quartz manufacturer
on the basis that the subpoenas are not probative of
any issue presently in the case. ASM also argues that
any relevance of the subpoenas is outweighed by the
likelihood that they will constitute a time consuming
digression. F.R.E. 403. Applied argues that the fact
that the subpoenas yielded no evidence of any quartz
design close to Applied's patented design makes them
relevant to the cross-examination of ASM's technical
expert Seilheimer. The court believes that the
subpoenas, and the responses thereto, may well be an
appropriate subject for cross-examination and,
therefore, will not exclude reference to them at this
time. ASM's motion is, therefor, denied.

C. *In Limine* Re: Skepticism Evidence

ASM moves to exclude evidence of skepticism that
Applied seeks to introduce as objective indicia of
non-obviousness. ASM claims that despite discovery
requests, Applied has never identified any such
evidence. Applied denies that it has evaded discovery
on this issue and further orally represented that the
evidence is contained in depositions that have been
taken. Local Rule 235-7(i) provides that the pretrial

Not Reported in F.Supp.
1995 WL 261407 (N.D.Cal.)
(Cite as: 1995 WL 261407 (N.D.Cal.))

Page 5

statement contain a list of witnesses "together with a brief statement following each name describing the substance of the testimony to be given." Local Rule 235-7(j) requires a list of exhibits "with a brief statement following each describing its substance or purpose....." Since Applied represents that the evidence is contained in the discovery, ASM's motion is denied on the condition that Applied supplements the pretrial statement within five (5) days with appropriate lists of witnesses and documents supporting its skepticism proof.

### D. *In Limine* Re: Evidence of Infringement

ASM moves to exclude evidence at trial of infringement by ASM's accused CVD reactor, since ASM does not dispute infringement if invalidity is not proved. ASM says the evidence would be both a distraction and prejudicial. Applied responds that it does not plan to offer any evidence only relevant to infringement but believes that the fact that ASM infringes, if its invalidity claim fails, is of substantial probative value. Specifically, it shows that ASM's witnesses have a motive to embellish their testimony to help ASM and save their jobs. The court agrees that the point is a proper one for cross-examination. Applied must make clear, however, that ASM is not contesting infringement except on the theory that one cannot infringe an invalid claim. Applied also may tell the jury that ASM gets to go first in presenting its opening, its evidence, and its argument because it has the burden of proof. However, there is no need to discuss what would have been the order of presentation had ASM contested infringement. With these understandings, ASM's motion to exclude evidence of infringement is denied. ASM, of course, is free to object to any evidence Applied seeks to offer on the basis that it is solely related to the non-disputed issue of infringement.

### E. *In Limine* Re: Other Patent Infringement Actions

*7 ASM moves to preclude the admission of evidence of the other prior or pending patent infringement actions between the parties. ASM argues that such evidence is irrelevant and, even if relevant, the relevance is outweighed by the danger of undue prejudice, confusion and delay. Applied agrees that prior liability findings are irrelevant but submits that the facts and circumstances of the prior litigation may prove relevant.

Oral argument revealed little actual disagreement between the parties. Both appear to agree that prior testimony of experts may be relevant. The only issue

on which the parties definitely disagree is on whether Applied's technical expert can support his opinion regarding the ordinary skill in the art by reference to Judge Ingram's finding of the level of ordinary skill in the art in case number C-91-20061. The court agrees with ASM that such reliance would be improper. The case is on appeal. The court seriously questions whether such a finding is the type of evidence on which expert's normally rely. Further, the prejudicial effect of the evidence would seem to outweigh its probative value, as it would be hard to get into Judge Ingram's finding without a discussion of the outcome of the case. Also, the court's finding, which is not yet final, might carry undue weight in the minds of the jurors.

ASM's motion to exclude evidence is granted insofar as the court orders excluded evidence of liability findings in other litigation and reference to Judge Ingram's finding on the level of ordinary skill in the art in case number C-91-20061. It is otherwise denied as premature. Reference to other litigation may be necessary if expert testimony from any of those proceedings is relevant for some purpose. The existence of other litigation in and of itself, of course, has no relevance.

### F. *In Limine* Re: Testimony of Tom Thompson Re: Prior Work at AG Associates

ASM also seeks to exclude the testimony of Thompson regarding a purported failed attempt to design a thick-walled quartz reactor chamber to withstand reduced-pressure operation. ASM asserts that Thompson is not competent to testify because the purported attempt was made by a company known as AG Associates before he started to work there. Therefore, since he has no personal knowledge, he is barred by F.R.E. 602 which says a witness cannot testify to a matter absent personal knowledge of it. Further, argues ASM, anything Thompson was told would be inadmissible hearsay under F.R.E. 801 and 802.

Applied counters that Thompson's testimony is relevant because the recognition of need and difficulties encountered by those skilled in the field are indicia of unobviousness. Applied says Thompson's testimony is admissible because he has personal knowledge of the thick walled chamber and the tests that were run on it showing that the walls got too hot. He also knows that his company abandoned work on a thick-walled reactor. Assuming Applied can lay a foundation that Thompson has first hand knowledge of these events, he is competent to testify.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F Supp.
1995 WL 261407 (N.D.Cal.)
(Cite as: 1995 WL 261407 (N.D.Cal.))

However, his deposition testimony is not clear as to whether the testing was done before he arrived and how he has knowledge of the test results. It appears he may have observed the test results himself or it may be that he was merely informed by others who did testing before he arrived. If he has no personal knowledge of the testing, he would not be competent to testify as to what those results showed. In other words, he could testify that AG had a thick-walled chamber and that AG abandoned the project on it, but he could not testify as to the reason. The state of mind hearsay exception (F.R.E. 803(3)) does not apply. Nor can the statement of the reason the project was abandoned be considered a non-hearsay statement if offered for the truth of the reason. It is not an assessment of a product's quality and marketability of the type executives make inferentially from what they are told by customers and engineers as was the assessment in the case of *Agfa-Gevart, A.G. v. A.B. Dick Co.*, 879 F.2d 1518, 1523 (7th Cir. 1989) cited by Applied.

*8 ASM's motion to exclude is denied. However, before the evidence can be received, Applied will have to lay a proper foundation showing personal knowledge for its admissibility

G. *In Limine* Re: Failed Attempts by Others and Long Felt Need

ASM moves to exclude evidence of failed attempts by others and long felt need as objective indicia of non-obviousness. The same analysis and ruling is appropriate here as in the case of the skepticism evidence discussed in II C above. Therefore, ASM's motion is denied on the condition that Applied supplements the pretrial statement within five (5) days with the appropriate lists of witnesses and documents supporting its failed attempts and long felt need proof.

H. Motion to Add Russian Reference

ASM moves to add a recently obtained prior art publication (the "Russian Reference") to its trial exhibit list. It claims it only recently discovered the reference. Applied argues that ASM has failed to adequately explain why the reference was not found earlier and claims it will be prejudiced by the late addition. The court believes that ASM has shown sufficient justification for its late disclosure and that any prejudice to Applied can be minimized, if not eliminated, by: (1) requiring ASM to produce Seilheimer at a reasonable time and location designated by Applied for further deposition; (2)

precluding reference to the Russian reference by any ASM witness other than Seilheimer; and (3) requiring ASM to supplement its expert disclosure at least twenty-four hours before Seilheimer's supplemental deposition with an explanation of how the art fits into ASM's obviousness claim.

ASM's motion to add the Russian Reference is granted on the above conditions.

> FN1. ASM argued at the hearing that it had other corroborating evidence. However, despite extensive briefing including extensive citations to evidence, ASM offered no such evidence in response to Applied's motion. The court has only considered the evidence properly before it.

> FN2. ASM's current claim, however, precludes Nomura as a witness to corroborate Goodwin's alleged conception.

1995 WL 261407 (N.D.Cal.)

**Motions, Pleadings and Filings (Back to top)**

• 5:92CV20643 (Docket) (Oct. 01, 1992)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.