IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED CARDIOVASCULAR SYSTEMS, INC. and GUIDANT SALES CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | C. A. No. 98-80 (SLR) (Consolidated with C. A. No. 98-314 (SLR) and C. A. |
| v. | ) ) | No. 98-316 (SLR)) |
| MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., | ) ) ) | |
| Defendants. | ) | |

**MEDTRONIC'S SUPPLEMENTAL SUBMISSION PURSUANT TO D. DEL. L.R. 7.1.2 (c) IN SUPPORT OF ITS MOTION FOR A NEW TRIAL (D.I. 650)**

Pursuant to D. Del. L.R. 7.1.2(c), defendants Medtronic Vascular, Inc. and Medtronic USA, Inc. ("Medtronic") write to bring to the Court's attention the Federal Circuit's recent decision in *Cytologix Corp. v. Ventana Medical Sys., Inc*., 2005 U.S. App. LEXIS 20203 (Fed. Cir. Sept. 21, 2005). In that case, the Federal Circuit held that it was improper for the district court to have permitted expert testimony on claim construction before the jury, *even though it had been offered by agreement of the parties*:

> [B]y agreement the parties also presented expert witnesses to testify before the jury regarding claim construction, and counsel argued conflicting claim constructions to the jury. *This was improper, and the district court should have refused to allow such testimony despite the agreement of the parties. The risk of confusing the jury is high when experts opine on claim construction before the jury* even when, as here, the district court makes it clear to the jury that the district court's claim constructions control.

*Id.* at *7-8 (emphasis added and footnote omitted). The Court further noted that "it appear[ed] that the conflicting expert views as to claim construction *created confusion* and may have led to a verdict of infringement with respect to the asserted claims of the '061 patent that was not

supported by substantial evidence under the district court's claim construction." *Id.* at *8-9 (emphasis added). In the present case, the parties proferred before the jury extensive argument and expert testimony on claim construction, not by agreement, but in response to a specific Court Order (D.I. 587). (*See, e.g.,* D.I. 631, 2/7/05 Tr. 137-140; 162-164 (openings); D.I. 633, 2/9/05 Tr. 441-459, 607-630, 657-661 (Segal); D.I. 635, 2/11/05 Tr. 931-967, 1067-1108 (Vito); D.I. 636, 2/15/05 Tr. 1285-1300 (Saigal)).

Medtronic brings this holding in *Cytologix* to the Court's attention as relevant to the arguments set forth in Medtronic's post-trial motion that a new trial should be granted. (D.I. 650, 653 and 679).

                MORRIS, NICHOLS, ARSHT & TUNNELL

                /s/ *Karen Jacobs Louden*
/s/Karen Jacobs Louden (#2881)
klouden@mnat.com
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for defendants Medtronic Vascular, Inc. and Medtronic USA, Inc.

October 24, 2005
489455

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on October 24, 2005, I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Frederick L. Cottrell, III

I further certify that on October 24, 2005, I served copies of the foregoing to the following counsel in the manner indicated:

>By Hand
>
>Frederick L. Cottrell, III
>Anne Shea Gaza
>**Richards Layton & Finger**
>One Rodney Square
>P.O. Box 551
>Wilmington, DE  19899

>/s/  *Karen Jacobs Louden*
>Karen Jacobs Louden
>klouden@mnat.com