IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED CARDIOVASCULAR SYSTEMS, INC. and GUIDANT SALES CORPORATION,<br><br>    Plaintiffs,<br><br>v.<br><br>MEDTRONIC VASCULAR, INC. and, MEDTRONIC USA, INC.,<br><br>    Defendants. | Civil Action No. 98-80-SLR<br>(Now consolidated with<br>Civil Action No. 98-314-SLR and<br>Civil Action No. 98-316-SLR) |

**ACS'S RESPONSE TO MEDTRONIC'S SUPPLEMENTAL SUBMISSION PURSUANT TO D. DEL. L.R. 7.1.2(c) IN SUPPORT OF ITS MOTION FOR A NEW TRIAL (D.I. 650)**

Advanced Cardiovascular Systems, Inc. and Guidant Sales Corporation (collectively "ACS") write to address the supplemental submission by Medtronic Vascular, Inc. and Medtronic USA, Inc. (collectively "Medtronic") on October 24, 2005 (D.I. 691), regarding the Federal Circuit's recent decision in *Cytologix Corp. v. Ventana Medical Sys., Inc.*, No. 04-1446, 2005 WL 2293079 (Fed. Cir. Sept. 21, 2005). Medtronic's characterization of this case is incomplete and misleading inasmuch as it cites only inapposite *dicta* and ignores the actual *holding*. (D.I. 691.)

In *Cytologix*, the parties stipulated to a procedure for claim construction whereby the court did not hold a *Markman* hearing, but instead construed the claims after the close of evidence. 2005 WL 2293079, at *2. As part of this stipulated procedure, the district court allowed the parties to present expert testimony on claim construction before the jury on all of the disputed claim terms. *Id.* After the close of evidence, the district court instructed the jury on

claim construction, but the jury nevertheless returned a verdict that was not supported by substantial evidence under the district court's construction. 2005 WL 2293079, at *2.

In *dicta*, the Federal Circuit criticized the district court for allowing the parties to present expert testimony on claim construction before the jury due to the potential for confusion, but *held* that any error was harmless because, under a proper claim construction, there was no genuine dispute that the accused device met the claim limitations in question. *Id.* at *4. The Federal Circuit also found a waiver, holding that "there is no ground for reversal since there was no objection to the expert testimony as to claim construction ... ." *Id.*

Unlike *Cytologix*, the jury in this case returned a verdict *supported* by substantial evidence under the Court's construction, evidencing that the jury was not confused by the Court's decision to construe the term "undulating" after the close of evidence. Indeed, Medtronic has never disputed that its stents are "undulating" under the Court's "wavelike" interpretation. Nor could it, for, as explained in ACS's post-trial briefs, Medtronic's own expert, Dr. Vito, admitted that Medtronic's stents have a "wavelike" pattern. (*See, e.g.*, D.I. 673 at 17.) As in *Cytologix*, therefore, any error in the Court's claim-construction procedure was harmless because, under a proper claim construction, there is no genuine dispute that Medtronic's stents are "undulating." 2005 WL 2293079, at *4 ("Prejudicial error only exists if 'there was sufficient evidence at trial to support a finding of [non-] infringement under a correct instruction.'") (citation omitted).)

Additionally, as in *Cytologix*, Medtronic *waived* any opportunity to challenge the Court's claim-construction procedure. During the trial, Medtronic *could have* objected to testimony on claim construction taking place before the jury and/or *could have* asked the Court to excuse the

2

jury for such testimony, when the Court could have addressed any alleged error.[1] But Medtronic strategically chose not to do so, instead presenting claim construction testimony before the jury at every opportunity. (D.I. 635, 2/11/05 Tr. 931-967, 1067-1108 (Dr. Vito); D.I. 636, 2/15/05 Tr. 1285-1300 (Dr. Saigal).) It was only after Medtronic lost that this procedure suddenly became "unfair." But Medtronic may not, on the one hand, permit and present expert testimony on claim construction before the jury without objection, and, on the other hand, accuse this Court of error requiring a new trial based on this same procedure. *Cytologix*, 2005 WL 2293079, at *2.

|  |  |
|---|---|
| OF COUNSEL: | /s/ Frederick L. Cottrell, III |
|  | Frederick L. Cottrell, III (#2555) |
| J. Michael Jakes | cottrell@rlf.com |
| Gerald F. Ivey | Anne S. Gaza (#4093) |
| Michael A. Morin | gaza@rlf.com |
| FINNEGAN, HENDERSON, FARABOW | RICHARDS, LAYTON & FINGER |
| GARRETT & DUNNER, L.L.P. | One Rodney Square |
| 1300 I Street, N.W., Suite 700 | P.O. Box 551 |
| Washington, D.C. 20005 | Wilmington, DE 19899 |
| (202) 408-4000 | (302) 651-7509 |
|  | Attorneys for |
|  | Advanced Cardiovascular Systems, Inc. and |
|  | Guidant Sales Corporation |
| Dated: November 1, 2005 |  |

---

[1] Contrary to Medtronic's suggestion, the Court did not order the parties to present expert testimony regarding claim construction in the jury's presence. Rather, it merely postponed its construction of "undulating" until the end of the case, as expressly permitted by *Cytologix*, 2005 WL 2293079, at *2, and stated that the parties could "present evidence *as they deem appropriate* in support of their respective interpretations". (D.I. 587 (emphasis added).)

3

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2005, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

I hereby certify that on November 1, 2005, I have sent by Federal Express the foregoing document to the following non-registered participants:

Raphael V. Lupo, Esquire
Donna M. Tanguay, Esquire
Mark G. Davis, Esquire
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC 20005

Frederick L. Cottrell (#2555)