IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED CARDIOVASCULAR SYSTEMS, INC. and GUIDANT SALES CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | C. A. No. 98-80 (SLR) (Consolidated with C. A. No. 98-314 (SLR) and C. A. |
| v. | ) ) | No. 98-316 (SLR)) |
| MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., | ) ) ) | |
| Defendants. | ) | |

**MEDTRONIC'S SUPPLEMENTAL REPLY PURSUANT TO D. DEL. L.R. 7.1.2 (c) IN SUPPORT OF ITS MOTION FOR A NEW TRIAL (D.I. 650)**

Medtronic Vascular, Inc. and Medtronic USA, Inc. ("Medtronic") write in reply to the response filed by Advanced Cardiovascular Systems, Inc. and Guidant Sales Corporation ("ACS") (D.I. 692) concerning Medtronic's supplemental submission on the Federal Circuit's recent decision in *Cytologix Corp. v. Ventana Medical Sys., Inc.*, 2005 U.S. App. LEXIS 20203 (Fed. Cir. Sept. 21, 2005) (D.I. 691).

ACS's assertion that any error in requiring the parties to present their claim construction positions to the jury was harmless, is plain wrong. In *Cytologix,* the Court found that the error was harmless because the *evidence required a verdict of infringement* under the claims as properly construed. *Id.* at *8-9, 14. Here, in contrast, the evidence of infringement was hotly contested on several claim elements. Having the parties present evidence to the jury going to claim construction – an issue the jury would never be called upon to decide – with the Court then announcing the "winner" and "loser" of the claim construction dispute by incorporating ACS's proposed claim construction into the jury instructions, plainly prejudiced Medtronic. As in *Cytologix,* the Court provided the jury no reasoning or explanation of how

close it considered the issue to be. 2005 U.S. App. LEXIS at *2-3. What the jury did know was that the Court disagreed with Medtronic's experts, who had argued that a plurality of W, Y and U shaped members were required, and agreed with ACS's experts. It is impossible to know what impact the Court's declaring a winner had on the jury on all of the contested infringement and validity issues, including such issues as whether Medtronic's stents have "connecting elements" (which finding clearly cannot be supported by the evidence of record). (*See, e.g.,* D.I. 654 at 16-19; D.I. 678 at 11-13).

ACS's second argument that Medtronic waived the opportunity to challenge the Court's claim construction procedure cannot be seriously entertained. The *Cytologix* court found waiver because the parties agreed to argue their claim construction positions before the jury. 2005 U.S. App. LEXIS at *7-8. (Even so, the Court held that it was error for the district court to have permitted the procedure). *Id.* Here, Medtronic was directed to present evidence in support of its claim construction position by Court Order. (D.I. 587). That Order issued following this Court's original claim construction and summary judgment Orders (D.I. 542 and 546), Medtronic's motion for reconsideration of that summary judgment Order (D.I. 557), the Court's February 2, 2005 Order granting Medtronic's motion (D.I. 579), and ACS's February 3, 2005 email informally seeking reconsideration of the Court's February 2 reconsideration Order (Ex. A). We are confident that the Court would not want to set a precedent that would in essence require a party to file a third motion for reconsideration of the Court's claim construction Order simply to preserve the issue for post-trial motions or appeal.

For these reasons, as well as those set forth in Medtronic's post-trial motions, a new trial should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL

/s/ *Karen Jacobs Louden*
/s/Karen Jacobs Louden (#2881)
klouden@mnat.com
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for defendants Medtronic Vascular, Inc. and Medtronic USA, Inc.

OF COUNSEL:

Raphael V. Lupo
Donna M. Tanguay
James G. Rizzo
McDERMOTT WILL & EMERY LLP
600 13th Street, N.W.
Washington, D.C. 20005

Fay M. Morisseau
Matthew F. Weil
Michael R. O'Neill
David M. Stein
McDERMOTT WILL & EMERY LLP
18191 Von Karman Avenue, Suite 400
Irvine, California 92612-7107

George M. Sirilla
William P. Atkins
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard
McLean, Virginia 22102

November 4, 2005
491146

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on November 4, 2005 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

    Frederick L. Cottrell, III

I further certify that on November 4, 2005 I served copies of the foregoing to the following counsel in the manner indicated:

    <u>By Hand</u>

    Frederick L. Cottrell, III
    Anne Shea Gaza
    **Richards Layton & Finger**
    One Rodney Square
    P.O. Box 551
    Wilmington, DE  19899

    /s/ *Karen Jacobs Louden*
    Karen Jacobs Louden
    klouden@mnat.com