## Karen Jacobs Louden

**From:** Cottrell, Frederick [Cottrell@RLF.com]
**Sent:** Thursday, February 03, 2005 5:55 PM
**To:** slr_civil@ded.uscourts.gov
**Cc:** Karen Jacobs Louden; michael.morin@finnegan.com; jrizzo@mwe.com
**Subject:** ACS v. Medtronic, CA NO 98-80

Dear Chief Judge Robinson,

In light of Your Honor's reconsideration ruling yesterday that "cylindrical elements" require "at least two of the three letter shaped elements," (i.e., U's, Y's, and W's), ACS respectfully asks the Court to consider two problematic aspects of that construction.

First, whereas the Court's revised construction was based on the dictionary definition of "combination," the Lau specification does not refer to a "combination" of U's, Y's, and W's. Instead, the patent discloses one embodiment that has a "plurality of U-shaped, W-shaped, and Y-shaped members." ('154 patent, col. 6:12-14.) Since "combination" does not appear anywhere in the Lau claims or the Lau specification, the definition of "combination"--a term coined for the first time by Medtronic in this litigation--cannot properly define the scope of the Lau claims.

Second, the language the Court relied upon to define "cylindrical elements" as containing U's, Y's, or W's was not even included in the original Lau application, filed in 1991. That language was instead added in the continuation-in-part application that led to the '154 patent. Yet the original Lau application (and the '955 Lau patent that issued from it) both recited and claimed "cylindrical elements," despite no mention of U's, Y's, or W's in the specification. Thus, the inventors clearly did not intend to define "cylindrical elements" as necessarily including U's, Y's, or W's. Although the original Lau application contained figures of stents with U's, Y's, and/or W's, there is no legal basis for limiting claims based solely on figures of preferred embodiments.

Finally, although the Court's original claim construction required a "combination" of U's, Y's, or W's, ACS did not move for reconsideration at that time because the issue appeared to be harmless error. Specifically, it was undisputed that all the accused stents contain U-shaped members, which is all the Court's construction required. In light of the Court's revised claim construction, however, the error is no longer harmless because the BeStent2 (one of the accused products) does not contain two different letter shapes. Thus, if the Court does not reconsider its ruling, ACS may be forced to consent to judgment of noninfringement for that product.

ACS respectfully requests an opportunity to address this important issue. ACS understands that counsel for both parties are here in Wilmington. The Court's time permitting, ACS's counsel would be prepared to appear before the Court to address this issue tomorrow, February 4, before trial starts on Monday, February 7.

Respectfully, Fred Cottrell, Counsel for Plaintiff ACS
Richards, Layton & Finger, P.A.
(302) 651-7700
(302) 651-7701 fax

11/4/2005