IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED CARDIOVASCULAR SYSTEMS, INC. and GUIDANT SALES CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 98-80 (SLR) <br> (Consolidated with C.A. <br> No. 98-314 (SLR) and C.A. <br> No. 98-316(SLR)) |

**MEDTRONIC'S SUPPLEMENTAL SUBMISSION PURSUANT TO
D. DEL. LR 7.1.2(c) IN SUPPORT OF ITS POST-TRIAL BRIEF ON ACS'S
INEQUITABLE CONDUCT BEFORE THE U.S. PATENT OFFICE**

Pursuant to D. Del. LR 7.1.2(c), defendants Medtronic Vascular, Inc. and Medtronic USA, Inc. ("Medtronic") write to bring to the Court's attention the recent decision by the United States Court of Appeals for the Federal Circuit in *Digital Control Incorporated v. The Charles Machine Works*, Appeal No. 05-1128 (Fed. Cir. Feb. 8, 2006). A copy of the decision is attached for the Court's convenience.

In that case, the Federal Circuit definitively set forth the proper standard for determining whether a reference that was withheld from the United States Patent and Trademark Office ("PTO") should be considered "material" for purposes of assessing inequitable conduct. After a thorough discussion on the history of the materiality standard, the Federal Circuit expressly held that "the 'reasonable examiner' standard and our case law interpreting that standard were not supplanted by the PTO's adoption of a new Rule 56 [the one adopted by the PTO in 1992] ...." Slip op., at 12. Under this "reasonable examiner" standard, information is material "where there is a substantial

likelihood that a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent. 37 C.F.R. § 1.56 (1977)." Slip op., at 10. Accordingly, the Federal Circuit applied this "reasonable examiner" standard to determine whether the misrepresentations and omissions made by the patentee in that case were material for purposes of assessing inequitable conduct.

The Federal Circuit's decision in *Digital Controls* is important because ACS argued in its post-trial brief on inequitable conduct that the standard for materiality is much stricter. Specifically, ACS argued that a "material reference *must* either be capable of supporting a prima facie rejection or be inconsistent with an argument made by the applicant." ACS's September 19, 2005 Post-Trial Brief (D.I. 686) at 24 (emphasis in original). The Federal Circuit's decision in *Digital Controls* flatly rejects the ACS argument and holds that the easier-to-prove "reasonable examiner" standard applies.

Accordingly, Medtronic requests that the Court consider the *Digital Controls* decision on the materiality standard in assessing ACS's inequitable conduct before the PTO.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti*
Karen Jacobs Louden (#2881)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for defendants Medtronic Vascular, Inc.
and Medtronic USA, Inc.

February 14, 2006

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on February 14, 2006 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to Frederick L. Cottrell, III.

I further certify that on February 14, 2006 I served copies of the foregoing to the following counsel in the manner indicated:

> By Hand
>
> Frederick L. Cottrell, III
> Anne Shea Gaza
> **Richards Layton & Finger**
> One Rodney Square
> P.O. Box 551
> Wilmington, DE  19899

/s/ *Leslie A. Polizoti*
Leslie A. Polizoti (#4299)
lpolizoti@mnat.com