

**UNITED STATES PATENT AND TRADEMARK OFFICE**

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/007,889 | 01/23/2006 | 6066167 | 067448-0000004 | 5305 |

24201    7590    02/14/2006

FULWIDER PATTON
6060 CENTER DRIVE
10TH FLOOR
LOS ANGELES, CA 90045

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 02/14/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov



THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

Jack S. Burufka

PILLSBURY WINTHROP SHAW PITTMAN LLP

P.O. BOX 10500

McLEAN, VA 22102

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO 90/007889
PATENT NO. 6,066,167
ART UNI 3900

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/007,889 | 6066167 |
| | Examiner | Art Unit |
| | Sara S. Clarke | 3993 |

--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--

The request for *ex parte* reexamination filed <u>23 January 2006</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,     b)☒ PTO-1449,     c)☐ Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 04-01)                          Office Action in *Ex Parte* Reexamination                          Part of Paper No. 02062006

Control Number: 90/007,889                                                                      Page 1
Art Unit 3993

### Decision on Request for Reexamination

A substantial new question of patentability ("SNQ") affecting claims 5 and 8 of United States Patent Number 6,066,167 ("subject patent") is raised by the request for *ex parte* reexamination.

### *The Mirich Journal Article*

The request indicates that the requester considers claims 5 and 8 clearly anticipated by the Mirich journal article.

The Mirich journal article was considered during the previous examination. See the information disclosure statement submitted January 4, 1999.

On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle A, Section 13105, part (a) of the Act revised the reexamination statute by adding the following new last sentence to 35 U.S.C. 303(a) and 312(a):

> "The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office."

For any reexamination ordered on or after November 2, 2002, the effective date of the statutory revision, reliance on previously cited/considered art, i.e., "old art," does not necessarily preclude the existence of a SNQ that is based exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis.

Looking at the office actions of the examiner and the applicant's remarks in their responses, it can be seen that the Mirich journal article was not addressed in the examination of 09/084,797. Nor was it specifically addressed with regard to claims 5 and 8 of the subject patent. Moreover, the Mirich journal article was also not previously

Control Number: 90/007,889                                                                                   Page 2
Art Unit 3993

considered nor addressed in a final holding of invalidity by the Federal Courts. Therefore, the Mirich journal article cannot be said to raise a question of patentability with respect to claims 5 and 8 raised in the earlier concluded examination or in a final holding of invalidity by the Federal Courts in a decision on the merits.

Claim 5 of the subject patent requires, "a first cylindrically shaped element, a second cylindrically shaped element, a third cylindrically shaped element, up to an Nth cylindrically shaped element, the cylindrically shaped elements being generally independently expandable in the radial direction and generally aligned on a common longitudinal axis; each of the cylindrically shaped elements having an undulating pattern of peaks and valleys, the undulating pattern of each of the cylindrically shaped elements being out of phase with the undulating pattern of each of the adjacent cylindrically shaped elements; and each of the cylindrically shaped elements being interconnected to one of the adjacent cylindrically shaped elements so that the cylindrically shaped elements form a longitudinally flexible stent."

Fig. 1b (annotated) — expanded cylindrical element, interconnecting element, interconnecting element

At page 1033, middle column, lines 16-18 from the bottom, the Mirich journal article discloses three or four stents connected in tandem. Fig. 1a-c of the Mirich journal article shows (a) an independentally expandable cylindrical element of the stent, (b) the cylindrically elements being generally aligned on a common longitudinal axis, (c) each of the cylindrically shaped elements having an undulating pattern of peaks and valleys, the undulating pattern of each of the cylindrically shaped elements being out of phase with the undulating pattern of each of the adjacent cylindrically shaped elements,

Control Number: 90/007,889 Page 3
Art Unit 3993

and (d) each of the cylindrically shaped elements being interconnected to one of the adjacent cylindrically shaped elements."

Since the Mirich journal article teaches all of the features described in the paragraph above, a reasonable examiner would consider the teaching of the Mirich journal article important in deciding whether or not to allow claim 5 of the subject patent. Therefore, the Mirich journal article raises a SNQ with respect to claims 5 and 8.

### *The Furui Journal Article*

The request indicates that the requester considers claims 5 and 8 anticipated by the Furui journal article.

The Furui journal article is a new teaching, not previously considered nor addressed in the previous examination of the patent or a final holding of invalidity by the Federal Courts.

At page 665, column 3, line 3, the Furui journal article discloses the use of two to six cylindrical elements in tandem. Fig. 1 of the Furui journal article shows (a) the cylindrically shaped elements being generally aligned on a common longitudinal axis, (b) each of the cylindrically shaped elements having an undulating pattern of peaks and valleys, the undulating pattern of each of the cylindrically shaped elements being out of phase with the undulating pattern of each of the adjacent cylindrically shaped elements, and (c) each of the cylindrically shaped elements being interconnected to one of the adjacent cylindrically shaped elements.

Since the Furui journal article provides the new teaching of the elements described in the paragraph above, a reasonable examiner would consider this reference important in deciding whether or not to allow claim 5. Thus, the Furui journal article

Control Number: 90/007,889 Page 4
Art Unit 3993

raises a SNQ with respect to claims 5 and 83.

### The Wallace Journal Article

The request indicates that requester considers claims 5 and 8 anticipated by the Wallace journal article.

The Wallace journal article was considered during the previous examination. See the information disclosure statement submitted January 4, 1999.

Looking at the office actions of the examiner and the applicant's remarks in their responses, it can be seen that the Wallace journal article was not addressed in the examination of 09/084,797. Nor was it specifically addressed with regard to claims 5 and 8 of the subject patent. Moreover, the Wallace journal article was also not previously considered nor addressed in a final holding of invalidity by the Federal Courts. Therefore, the Wallace journal article cannot be said to raise a question of patentability with respect to claims 5 and 8 raised in the earlier concluded examination or in a final holding of invalidity by the Federal Courts in a decision on the merits.

Fig. 3 of Wallace shows the cylindrically shaped elements being generally independently expandable in the radial direction and generally aligned on a common longitudinal axis. Fig. 3 also shows each of the cylindrically shaped elements having an undulating pattern of peaks and valleys. Since a lower tip of the top cylindrical element is connected to a top tip of the lower cylindrical element in Fig. 3, the cylindrical elements are out of phase with one another. Finally, Fig. 3 shows the cylindrically shaped elements being interconnected to one of the adjacent cylindrically shaped elements.

Since the Wallace journal article teaches all of the features described in the

Control Number: 90/007,889                                                                Page 5
Art Unit 3993

paragraph above, a reasonable examiner would consider the teaching of the Wallace journal article important in deciding whether or not to allow claim 5 of the subject patent. Therefore, the Wallace journal article raises a SNQ with respect to claims 5 and 8.

### U.S. Patent No. 5,104,404 To Wolff

The request indicates that the requester considers claims 5 and 8 anticipated by U.S. Patent No. 5,104,404 to Wolff.

The Wallace journal article was considered during the previous examination. See the information disclosure statement submitted January 4, 1999.

Looking at the office actions of the examiner and the applicant's remarks in their responses, it can be seen that Wolff was not addressed in the examination of 09/084,797. Nor was it specifically addressed with regard to claims 5 and 8 of the subject patent. Moreover, Wolff was also not previously considered nor addressed in a final holding of invalidity by the Federal Courts. Therefore, the Wolff reference cannot be said to raise a question of patentability with respect to claims 5 and 8 raised in the earlier concluded examination or in a final holding of invalidity by the Federal Courts in a decision on the merits.

Wolff discloses, by way of example, stents comprising three stent segments. See Figs. 1-5. Wolff explains further that while a relatively small number of stent segments are shown, as many stent segments as necessary can be used. See column 1, lines 59-61. Figs. 1, 3, and 4 show segments generally aligned on a common longitudinal axis. Figs. 1-5 further show (a) each of the cylindrically shaped elements having an undulating pattern of peaks and valleys, the undulating pattern of each of the cylindrically shaped elements being out of phase with the undulating pattern of each of

Control Number: 90/007,889                                                                           Page 6
Art Unit 3993

the adjacent cylindrically shaped elements, and (b) each of the cylindrically shaped elements being interconnected to one of the adjacent cylindrically shaped elements.

Since Wolff teaches all of the features described in the paragraph above, a reasonable examiner would consider the teaching of Wolff important in deciding whether or not to allow claim 5 of the subject patent. Therefore, Wolff raises a SNQ with respect to claims 5 and 8.

### *European Patent Pub. No. 357,003*

The request indicates that requester considers claims 5 and 8 anticipated by European Patent Pub. No. 357,003 (EP '003).

EP '003 was considered during the previous examination. See the information disclosure statement submitted January 21, 1999.

Looking at the office actions of the examiner and the applicant's remarks in their responses, it can be seen that EP '003 was not addressed in the examination of 09/084,797. Nor was it specifically addressed with regard to claims 5 and 8 of the subject patent. Moreover, EP '003 was also not previously considered nor addressed in a final holding of invalidity by the Federal Courts. Therefore, the EP '003 reference cannot be said to raise a question of patentability with respect to claims 5 and 8 raised in the earlier concluded examination or in a final holding of invalidity by the Federal Courts in a decision on the merits.

The sections shown in Fig. 3 form an undulating and out of phase pattern of peaks and valleys. As highlighted by the requester, and shown in Fig. 3, EP '003 discloses a plurality of aligned, interconnected circumferential sections 32. See column 4, lines 49 and 50.

Control Number: 90/007,889 Page 7
Art Unit 3993

Since EP '003 teaches all of the features described in the paragraph above, a reasonable examiner would consider the teaching of EP '003 important in deciding whether or not to allow claim 5 of the subject patent. Therefore, EP '003 raises a SNQ with respect to claims 5 and 8.

### The Trent Journal Article

The request indicates that requester considers claims 5 and 8 anticipated by the Trent journal article.

The Trent journal article is a new teaching, not previously considered nor addressed in the previous examination of the patent or a final holding of invalidity by the Federal Courts.

The Trent journal article discloses a plurality of aligned, interconnected circumferential sections in the same manner as EP '003 above. Looking at Fig. 6F, the sections have an undulating pattern of peaks and valleys.

Since the Trent journal article teaches all of the features described in the paragraph above, a reasonable examiner would consider the teaching of the Trent journal article important in deciding whether or not to allow claim 5 of the subject patent. Thuse, the Trent journal article raises a SNQ with respect to claims 5 and 8.

### Conclusion

For the reasons given above, the references cited by the requester raise a SNQ with respect to the subject patent. Accordingly, all of claims 1-8 of the subject patent will be reexamined.

Extensions of time under 37 CFR 1.136(a) will **not** be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and

Control Number: 90/007,889                                                                    Page 8
Art Unit 3993

not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 6,066,167 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

The patent owner is notified that any proposed amendment to the specification and/or claims in this reexamination proceeding **MUST** comply with 37 CFR 1.530(d)-(j), 37 CFR 1.52(a) and (b), and 37 CFR 1.20(c).

*Contact Information*

Please mail any communications to:

Attn: Mail Stop "Ex Parte Reexam"
Central Reexamination Unit
Commissioner for Patents
P. O. Box 1450
Alexandria, VA 22313-1450

Please FAX any communications to:

(571) 273-9900
Central Reexamination Unit

Please hand-deliver any communications to:

Customer Service Window
Attn: Central Reexamination Unit
Randolph Building, Lobby Level

Control Number: 90/007,889 Page 9
Art Unit 3993

401 Dulany Street
Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:

Sara Clarke
Primary Examiner
Central Reexamination Unit
(571) 272-4873