

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/007,890 | 01/23/2006 | 6066168 | 067448-0000004 | 5461 |

| 24201 | 7590 | 02/14/2006 |
|---|---|---|

FULWIDER PATTON
6060 CENTER DRIVE
10TH FLOOR
LOS ANGELES, CA 90045

| EXAMINER |
|---|
|   |

| ART UNIT | PAPER NUMBER |
|---|---|
|   |   |

DATE MAILED: 02/14/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov



THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

Jack S. Barufka

PILLSBURY WINTHROP SHAW PITTMAN LLP

P.O. Box 10500

McLean, VA. 22102

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO 90/007890
PATENT NO. 6,006,168
ART UNI 3900

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination | |
|---|---|---|---|
| | 90/007,890 | 6066168 | |
| | Examiner | Art Unit | |
| | Sara S. Clarke | 3993 | |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>23 January 2006</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,   b)☒ PTO-1449,   c)☐ Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 04-01)                              Office Action in *Ex Parte* Reexamination                       Part of Paper No. 02072006

Control Number: 90/007,890 Page 1
Art Unit 3993

## Decision on Request for Reexamination

A substantial new question of patentability ("SNQ") affecting claims 1-3 and 11 of United States Patent Number 6,066,168 ("subject patent") is raised by the request for *ex parte* reexamination.

### U.S. Patent No. 5,104,404 To Wolff

Wolff is listed on the information disclosure statement filed in application 09/055,582, which is the application that matured in to the subject patent. As indicated by his initials next to the listing, the examiner considered.

On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle A, Section 13105, part (a) of the Act revised the reexamination statute by adding the following new last sentence to 35 U.S.C. 303(a) and 312(a):

> "The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office."

For any reexamination ordered on or after November 2, 2002, the effective date of the statutory revision, reliance on previously cited/considered art, i.e., "old art," does not necessarily preclude the existence of a substantial new question of patentability that is based exclusively on that old art. Rather, determinations on whether a substantial new question of patentability exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis.

Looking at the office actions of the examiner and the applicant's remarks in their responses, it can be seen that Wolff was not addressed in the examination of 09/055,582. Nor was it specifically addressed with regard to claim 1-3 and 11 of the subject patent. Moreover, Wolff was also not previously considered nor addressed in a

Control Number: 90/007,890                                                                                                   Page 2
Art Unit 3993

final holding of invalidity by the Federal Courts. Therefore, the Wolff reference cannot be said to raise a question of patentability with respect to claims 1-3 and 11 raised in the earlier concluded examination or in a final holding of invalidity by the Federal Courts in a decision on the merits.

The request indicates that the requester considers claims 1-3 anticipated by U.S. Patent No. 5,104,404 to Wolff.

Claim 1 of the subject patent requires, *inter alia*, "at least one weld connection between each cylindrical ring to attach the plurality of cylindrical rings along the common longitudinal axis thereby forming the longitudinally flexible stent."

Wolff discloses, "Hinges 14 are welded at each end to stent segments 12 using either laser or resistance welding techniques." See col. 3, lines 46-48.

Since Wolff provides the teaching of a stent having welded connections between the stent segments, a reasonable examiner would consider this reference important in deciding whether or not to allow claim 1. Thus, Wolff raises a SNQ with respect to claims 1-3.

### *U.S. Patent No. 6,344,053 to Boneau*

The request indicates that the requester considers claim 11 obvious over Wolff in view of U.S. Patent No. 6,344,053 to Boneau.

Claim 11 of the subject patent requires each cylindrical ring/element has a length and a diameter, the length of each cylindrical ring/element being less than the diameter of the cylindrical ring/element when the stent is in an unexpanded and uncrimped configuration.

Control Number: 90/007,890 Page 3
Art Unit 3993

As discussed by the requester, Boneau discloses cylindrical rings that have a length in the range of one millimeter to two centimeters. See col. 5, lines 16-21 of Boneau. Boneau further discloses a fully expanded diameter in the range of 1.5 to five millimeters based upon the typical size of a cardiovascular vessel into which the stent may be implanted. See col. 5, line 15 of Boneau. Boneau discloses that the stent may have between two and ten turns. See col. 6, line 19. At col. 4, lines 58-60, Boneau discloses a wire diameter in the range of 0.002 to 0.025 inches. Based upon the ranges of the turns and the wire diameter, the diameter of the ring in a crimped position can range from 0.064 to 4.044 millimeters. Choosing a stent of a length of 1 millimeter, a fully expanded diameter of 5 millimeters, and a crimped diameter of 1.5 millimeters, based upon the ranges above, yields a species of the Boneau stent that has a length less than the diameter of the ring/element in the unexpanded and uncrimped position.

Since Boneau teaches at least one species of stent that has a length less than the diameter of the ring/element in the unexpanded and uncrimped position, a reasonable examiner would consider this reference important in deciding whether or not to allow claim 11. Thus, Wolff raises a SNQ with respect to claims 11.

### *The Furui Journal Article*

The request indicates that the requester considers claims 1-3 anticipated by the Furui journal article.

The Furui journal article is a new teaching, not previously considered nor addressed in the previous examination of the patent or a final holding of invalidity by the Federal Courts.

At Fig. 1, the Furui journal article shows a plurality of interconnected cylindrical

Control Number: 90/007,890                                                                Page 4
Art Unit 3993

elements. The examiner in this proceeding agrees with the declaration of Jeffrey Allen, that Fig. 1 shows a weld connection between the struts and the cylindrical elements.

Since the Furui journal articale provides the new teaching of weld connections, a reasonable examiner would consider this reference important in deciding whether or not to allow claim 1. Thus, the Furui journal article raises a SNQ with respect to claims 1-3.

### *U.S. Patent No. 5,133,732 to Wiktor*

The request indicates that the requester considers claims 1-3 anticipated by U.S. Patent No. 5,133,732 to Wiktor.

Wiktor is listed on the information disclosure statement filed in application 09/055,582 on November 30, 1998. As indicated by his initials next to the listing, the examiner considered Wiktor in the parent application.

Looking at the office actions of the examiner and the applicant's remarks in their responses, it can be seen that Wiktor was not addressed in the examination of 09/055,582. Nor was it specifically addressed with regard to claims 1-3 of the subject patent. Moreover, Wiktor was also not previously considered nor addressed in a final holding of invalidity by the Federal Courts. Therefore, the Wiktor reference cannot be said to raise a question of patentability with respect to claims 1-3 raised in the earlier concluded examination or in a final holding of invalidity by the Federal Courts in a decision on the merits.

Wiktor discloses a stent having a weld connection. See col. 7, line 3. As illustrated by the requester on page 20 of the request, Wiktor further discloses a plurality of aligned, cylindrical rings.

Since Wiktor provides the new teaching of a stent having a weld connection and a plurality of aligned, cylindrical rings, a reasonable examiner would consider this reference important in deciding whether or not to allow claims 1. Thus, Wiktor raises a SNQ with respect to claim 1-3.

### *U.S. Patent No. 4,733,665 to Palmaz*

The request indicates that requester considers claims 1-3 anticipated by U.S. Patent No. 4,733,665 to Palmaz.

Palmaz is listed on the information disclosure statement filed in application 09/055,582 on November 30, 1998. As indicated by his initials next to the listing, the examiner considered Palmaz in the parent application.

Looking at the office actions of the examiner and the applicant's remarks in their responses, it can be seen that Palmaz was not addressed in the examination of 09/055,582. Nor was it specifically addressed with regard to claims 1-3 of the subject patent. Moreover, Palmaz was also not previously considered nor addressed in a final holding of invalidity by the Federal Courts. Therefore, the Palmaz reference cannot be said to raise a question of patentability with respect to claims 1-3 raised in the earlier concluded examination or in a final holding of invalidity by the Federal Courts in a decision on the merits.

Palmaz discloses a stent having a weld connection. See col. 6, line 42.

Since Palmaz provides the new teaching of a stent having a weld connection, a reasonable examiner would consider this reference important in deciding whether or not to allow claims 1. Thus, Palmaz raises a SNQ with respect to claim 1-3.

Control Number: 90/007,890 Page 6
Art Unit 3993

## *Conclusion*

For the reasons given above, the references cited by the requester raise a SNQ with respect to the subject patent. Accordingly, all of claims 1-18 of the subject patent will be reexamined.

Extensions of time under 37 CFR 1.136(a) will **not** be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 5,514,154 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

The patent owner is notified that any proposed amendment to the specification and/or claims in this reexamination proceeding **MUST** comply with 37 CFR 1.530(d)-(j), 37 CFR 1.52(a) and (b), and 37 CFR 1.20(c).

## *Contact Information*

Please mail any communications to:

Attn: Mail Stop "Ex Parte Reexam"
Central Reexamination Unit
Commissioner for Patents

Control Number: 90/007,890 Page 7
Art Unit 3993

P. O. Box 1450
Alexandria, VA 22313-1450

Please FAX any communications to:

(571) 273-9900
Central Reexamination Unit

Please hand-deliver any communications to:

Customer Service Window
Attn: Central Reexamination Unit
Randolph Building, Lobby Level
401 Dulany Street
Alexandria, VA 22314

Any inquiry concerning this communication or earlier communications from the Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

Signed:

Sara Clarke
Primary Examiner
Central Reexamination Unit
(571) 272-4873