

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 90/007,888 | 01/23/2006 | 6432133 | 067448-0000004 | 1233 |

| 24201 | 7590 | 02/14/2006 |
|---|---|---|

FULWIDER PATTON
6060 CENTER DRIVE
10TH FLOOR
LOS ANGELES, CA 90045

| EXAMINER |
|---|
| |

| ART UNIT | PAPER NUMBER |
|---|---|
| | |

DATE MAILED: 02/14/2006

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 10/03)

UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov



THIRD PARTY REQUESTER'S CORRESPONDENCE ADDRESS

JACK S. BARUFKA

PILLSBURY WINTHROP SHAW PITTMAN LLP

PO BOX 10500

MC LEAN VA  22102

## *EX PARTE* REEXAMINATION COMMUNICATION TRANSMITTAL FORM

REEXAMINATION CONTROL NO 90/007888

PATENT NO.  6,432,133

ART UNI  3900

Enclosed is a copy of the latest communication from the United States Patent and Trademark Office in the above identified ex parte reexamination proceeding (37 CFR 1.550(f)).

Where this copy is supplied after the reply by requester, 37 CFR 1.535, or the time for filing a reply has passed, no submission on behalf of the ex parte reexamination requester will be acknowledged or considered (37 CFR 1.550(g)).

| *Order Granting / Denying Request For Ex Parte Reexamination* | Control No. | Patent Under Reexamination |
|---|---|---|
| | 90/007,888 | 6432133 |
| | Examiner | Art Unit |
| | Sara S. Clarke | 3993 |

*--The MAILING DATE of this communication appears on the cover sheet with the correspondence address--*

The request for *ex parte* reexamination filed <u>23 January 2006</u> has been considered and a determination has been made. An identification of the claims, the references relied upon, and the rationale supporting the determination are attached.

Attachments: a)☐ PTO-892,   b)☒ PTO-1449,   c)☐ Other: _____

1. ☒   The request for *ex parte* reexamination is GRANTED.

   RESPONSE TIMES ARE SET AS FOLLOWS:

   For Patent Owner's Statement (Optional): TWO MONTHS from the mailing date of this communication (37 CFR 1.530 (b)). **EXTENSIONS OF TIME ARE GOVERNED BY 37 CFR 1.550(c).**

   For Requester's Reply (optional): TWO MONTHS from the **date of service** of any timely filed Patent Owner's Statement (37 CFR 1.535). **NO EXTENSION OF THIS TIME PERIOD IS PERMITTED.** If Patent Owner does not file a timely statement under 37 CFR 1.530(b), then no reply by requester is permitted.

2. ☐   The request for *ex parte* reexamination is DENIED.

   This decision is not appealable (35 U.S.C. 303(c)). Requester may seek review by petition to the Commissioner under 37 CFR 1.181 within ONE MONTH from the mailing date of this communication (37 CFR 1.515(c)). **EXTENSION OF TIME TO FILE SUCH A PETITION UNDER 37 CFR 1.181 ARE AVAILABLE ONLY BY PETITION TO SUSPEND OR WAIVE THE REGULATIONS UNDER 37 CFR 1.183.**

   In due course, a refund under 37 CFR 1.26 ( c ) will be made to requester:

   a) ☐ by Treasury check or,

   b) ☐ by credit to Deposit Account No. _____, or

   c) ☐ by credit to a credit card account, unless otherwise notified (35 U.S.C. 303(c)).

cc:Requester ( if third party requester )
U.S. Patent and Trademark Office
PTOL-471 (Rev. 04-01)     Office Action in *Ex Parte* Reexamination     Part of Paper No. 02082006

Control Number: 90/007,888 Page 1
Art Unit 3993

## Decision on Request for Reexamination

A substantial new question of patentability ("SNQ") affecting claims 1-3, 8, and 9 of United States Patent Number 6,432,133 ("subject patent") is raised by the request for *ex parte* reexamination.

### U.S. Patent No. 4,856,516 to Hillstead

The request indicates that requester considers claims 1-3 and 8 anticipated by U.S. Patent No. 4,856,516 to Hillstead.

Hillstead is listed on the information disclosure statement filed February 20, 2002. As indicated by her initials next to the listing, the examiner considered Hillstead.

On November 2, 2002, Public Law 107-273 was enacted. Title III, Subtitle A, Section 13105, part (a) of the Act revised the reexamination statute by adding the following new last sentence to 35 U.S.C. 303(a) and 312(a):

> "The existence of a substantial new question of patentability is not precluded by the fact that a patent or printed publication was previously cited by or to the Office or considered by the Office."

For any reexamination ordered on or after November 2, 2002, the effective date of the statutory revision, reliance on previously cited/considered art, i.e., "old art," does not necessarily preclude the existence of a SNQ that is based exclusively on that old art. Rather, determinations on whether a SNQ exists in such an instance shall be based upon a fact-specific inquiry done on a case-by-case basis.

Looking at the office actions of the examiner and the applicant's remarks in their responses, it can be seen that Hillstead was not addressed in the examination of 09/716,847. Nor was it specifically addressed with regard to claims 1-3, 8, and 9 of the subject patent. Moreover, Hillstead was also not previously considered nor addressed

Control Number: 90/007,888 Page 2
Art Unit 3993

in a final holding of invalidity by the Federal Courts. Therefore, Hillstead cannot be said to raise a question of patentability with respect to claim 1-3, 8, and 9 raised in the earlier concluded examination or in a final holding of invalidity by the Federal Courts in a decision on the merits.

Claim 1 requires, *inter alia*, "the cylindrical elements having a length less than 2.5 mm."

At col. 3, lines 45-48, Hillstead discloses a convoluted stent having bends in a prestraightened state of a width of 0.048±0.002 inches (1.2192±0.0508 millimeters).

Since Hillstead provides the new teaching of a stent having bends of a width less than 2.5 mm, a reasonable examiner would consider this reference important in deciding whether or not to allow claim 1. Thus, Hillstead raises a SNQ with respect to claims 1-3 and 8.

### U.S. Patent No. 5,133,732 to Wiktor

The request indicates that requester considers claim 9 obvious over Hillstead in view of U.S. Patent No. 5,133,732 to Wiktor. The request indicates that requester considers claim 9 obvious over SU '921 and U.S. Patent No. 6,344,053 to Boneau in view of Wiktor.

Wiktor is listed on the information disclosure statement filed February 20, 2002. As indicated by her initials next to the listing, the examiner considered Wiktor during the previous examination.

Looking at the office actions of the examiner and the applicant's remarks in their responses, it can be seen that Wiktor was not addressed in the examination of 09/716,847. Nor was it specifically addressed with regard to claim 9 of the subject

Control Number: 90/007,888                                                                                    Page 3
Art Unit 3993

patent. Moreover, Wiktor was also not previously considered nor addressed in a final holding of invalidity by the Federal Courts. Therefore, Wiktor cannot be said to raise a question of patentability with respect to claim 9 raised in the earlier concluded examination or in a final holding of invalidity by the Federal Courts in a decision on the merits.

Claim 9 requires, "the individual cylindrical elements are interconnected by at least one weld connection."

Wiktor discloses a stent having weld connections. See col. 4, line 53.

Since Wiktor provides the teaching of weld connections a reasonable examiner would consider this reference important in deciding whether or not to allow claim 9. Thus, Strecker raises a SNQ with respect to claim 9.

### *U.S. Patent No. 5,104,404 To Wolff*

The request indicates that the requester considers claim 9 obvious over Hillstead in view of U.S. Patent No. 5,104,404 to Wolff. The request indicates that requester considers claim 9 obvious over SU '921 and U.S. Patent No. 6,344,053 to Boneau in view of Wolff. The request indicates that requester considers claims 1-3, 8, and 9 obvious over Wolff in view of Boneau and/or the Rösch journal article.

Wolff is listed on the information disclosure statement filed February 20, 2002. As indicated by his initials next to the listing, the examiner considered Wolff during the previous examination.

Looking at the office actions of the examiner and the applicant's remarks in their responses, it can be seen that Wolff was not addressed in the examination of 09/716,847. Nor was it specifically addressed with regard to claim 9 of the subject

Control Number: 90/007,888 Page 4
Art Unit 3993

patent. Moreover, Wolff was also not previously considered nor addressed in a final holding of invalidity by the Federal Courts. Therefore, the Wolff reference cannot be said to raise a question of patentability with respect to claim 9 raised in the earlier concluded examination or in a final holding of invalidity by the Federal Courts in a decision on the merits.

Wolff discloses the use of welding to connect adjoining stent segments. See col. 1, lines 58. Wolff also discloses a plurality of interconnected cylindrical elements 12. See Fig. 1.

Since Wolff provides the new teaching of weld connections, a reasonable examiner would consider this reference important in deciding whether or not to allow claim 9. Thus, Wolff raises a SNQ with respect to claim 9. Since Wolff provides the new teaching of a plurality of interconnected cylindrical elements, a reasonable examiner would consider this reference important in deciding whether or not to allow claim 1. Thus, Wolff raises a SNQ with respect to claims 1-3, 8, and 9.

### U.S. Patent No. 4,733,665 to Palmaz

The request indicates that the requester considers claim 9 obvious over Hillstead in view of U.S. Patent No. 4,733,665 to Palmaz. The request indicates that requester considers claim 9 obvious over SU '921 and U.S. Patent No. 6,344,053 to Boneau in view of Palmaz.

Palmaz is listed on the information disclosure statement filed February 20, 2002. As indicated by his initials next to the listing, the examiner considered Palmaz during the previous examination.

Looking at the office actions of the examiner and the applicant's remarks in their

Control Number: 90/007,888                                                                           Page 5
Art Unit 3993

responses, it can be seen that Palmaz was not addressed in the examination of 09/716,847. Nor was it specifically addressed with regard to claim 9 of the subject patent. Moreover, Palmaz was also not previously considered nor addressed in a final holding of invalidity by the Federal Courts. Therefore, the Palmaz reference cannot be said to raise a question of patentability with respect to claim 9 raised in the earlier concluded examination or in a final holding of invalidity by the Federal Courts in a decision on the merits.

Palmaz discloses welding as a conventional manner of fixedly securing in a stent. See col. 6, line 43, and col. 7, line 13.

Since Palmaz provides the new teaching of weld connections, a reasonable examiner would consider this reference important in deciding whether or not to allow claim 9. Thus, Palmaz raises a SNQ with respect to claim 9.

### *SU Patent Pub. No. 1457921*

The request indicates that the requester considers claims 1-3 and 8 obvious over SU Patent Pub. No. 1457921 (SU '921) in view of U.S. Patent No. 6,344,053 to Boneau or the Rösch journal article.

SU '921 was applied by the examiner in an art rejection during the previous examination. See the office action dated February 27, 2002. After an interview and an amendment, the examiner in the previous examiner allowed the application. The requester has not presented this reference, by itself, in a new light. Thus, the requester SU '921 does not raise a substantial new question of patentability with respect to claims 1-3 and 8.

Control Number: 90/007,888 Page 6
Art Unit 3993

### *U.S. Patent No. 6,344,053 to Boneau*

The request indicates that the requester considers claims 1-3 and 8 obvious over SU Patent Pub. No. 1457921 (SU '921) in view of U.S. Patent No. 6,344,053 to Boneau. The request indicates that requester considers claims 1-3, 8, and 9 obvious over Wolff in view of Boneau. The request indicates that requester considers claims 1-3, 8, and 9 obvious over the Furui journal article in view of Boneau.

The Boneau journal article is a new teaching, not previously considered nor addressed in the previous examination of the patent or a final holding of invalidity by the Federal Courts.

Claim 1 requires, *inter alia*, "the cylindrical elements having a length less than 2.5 mm."

Boneau discloses stent segments having lengths ranging from one millimeter to two centimeters. See col. 5, lines 16 and 17.

Since Boneau teaches a range overlapping the claimed range, a reasonable examiner would consider the teaching of the Mirich journal article important in deciding whether or not to allow claim 1 of the subject patent. Thus, Boneau raises a SNQ with respect to claims 1-3, 8, and 9.

### *The Rösch Journal Article*

The request indicates that the requester considers claims 1-3 and 8 obvious over SU Patent Pub. No. 1457921 (SU '921) in view of the Rösch journal article. The request indicates that requester considers claims 1-3, 8, and 9 obvious over Wolff in view of the Rösch journal article. The request indicates the requester considers claims 1-3, 8, and 9 obvious over Furui in view of the Rösch journal article.

Control Number: 90/007,888 Page 7
Art Unit 3993

The Rösch journal article is listed on the information disclosure statement filed February 20, 2002. As indicated by his initials next to the listing, the examiner considered the Rösch journal article during the previous examination.

Looking at the office actions of the examiner and the applicant's remarks in their responses, it can be seen that the Rösch journal article was not addressed in the examination of 09/716,847. Nor was it specifically addressed with regard to claims 1-3, 8, and 9 of the subject patent. Moreover, the Rösch journal article was also not previously considered nor addressed in a final holding of invalidity by the Federal Courts. Therefore, the Rösch journal article reference cannot be said to raise a question of patentability with respect to claim 1-3, 8, and 9 raised in the earlier concluded examination or in a final holding of invalidity by the Federal Courts in a decision on the merits.

The Rösch journal article at Fig. 1F shows a plurality of interconnected cylindrical elements.

Since the Rösch journal article provides the new teaching of shows a plurality of interconnected cylindrical elements, a reasonable examiner would consider this reference important in deciding whether or not to allow claim 1. Thus, the Rösch journal article raises a SNQ with respect to claims 1-3, 8, and 9.

### *The Furui Journal Article*

The request indicates that the requester considers claims 1-3, 8, and 9 obvious over the Furui journal article in view of Boneau and/or the Rösch journal article.

The Furui journal article is listed on the information disclosure statement filed February 20, 2002. As indicated by his initials next to the listing, the examiner

Control Number: 90/007,888                                                                                    Page 8
Art Unit 3993

considered the Furui journal article during the previous examination.

Looking at the office actions of the examiner and the applicant's remarks in their responses, it can be seen that the Furui journal article was not addressed in the examination of 09/716,847. Nor was it specifically addressed with regard to claims 1-3, 8, and 9 of the subject patent. Moreover, the Furui journal article was also not previously considered nor addressed in a final holding of invalidity by the Federal Courts. Therefore, the Furui journal article reference cannot be said to raise a question of patentability with respect to claim 1-3, 8, and 9 raised in the earlier concluded examination or in a final holding of invalidity by the Federal Courts in a decision on the merits.

At page 665 and in Fig. 1 the Furui journal article discloses a plurality of interconnected cylindrical elements. Fig. 1 shows the cylindrical elements aligned along a longitudinal axis. As noted by the requester, the Furui journal article discloses that each cylindrical element was 25 m long and 20-28 mm in diameter. The range 20-28 mm represents a range of species of diameters.

Since the Furui journal article provides the new teaching of discloses a plurality of interconnected cylindrical elements aligned along a longitudinal axis and at least one species of diameters such that the length of the cylindrical element is less than the diameter of the cylindrical element, a reasonable examiner would consider this reference important in deciding whether or not to allow claim 1. Thus, the Furui journal article raises a SNQ with respect to claims 1-3, 8, and 9.

*Conclusion*

For the reasons given above, the references cited by the requester raise a SNQ

Control Number: 90/007,888 Page 9
Art Unit 3993

with respect to the subject patent. Accordingly, all of claims 1-15 of the subject patent will be reexamined.

Extensions of time under 37 CFR 1.136(a) will **not** be permitted in these proceedings because the provisions of 37 CFR 1.136 apply only to "an applicant" and not to parties in a reexamination proceeding. Additionally, 35 U.S.C. 305 requires that *ex parte* reexamination proceedings "will be conducted with special dispatch" (37 CFR 1.550(a)). Extensions of time in *ex parte* reexamination proceedings are provided for in 37 CFR 1.550(c).

The patent owner is reminded of the continuing responsibility under 37 CFR 1.565(a) to apprise the Office of any litigation activity, or other prior or concurrent proceeding, involving Patent No. 6,432,133 throughout the course of this reexamination proceeding. The third party requester is also reminded of the ability to similarly apprise the Office of any such activity or proceeding throughout the course of this reexamination proceeding. See MPEP §§ 2207, 2282 and 2286.

The patent owner is notified that any proposed amendment to the specification and/or claims in this reexamination proceeding **MUST** comply with 37 CFR 1.530(d)-(j), 37 CFR 1.52(a) and (b), and 37 CFR 1.20(c).

### *Contact Information*

Please mail any communications to:

Attn: Mail Stop "Ex Parte Reexam"
Central Reexamination Unit
Commissioner for Patents
P. O. Box 1450
Alexandria, VA  22313-1450

Please FAX any communications to:

Control Number: 90/007,888                                                                 Page 10
Art Unit 3993

      (571) 273-9900
      Central Reexamination Unit

      Please hand-deliver any communications to:

      Customer Service Window
      Attn: Central Reexamination Unit
      Randolph Building, Lobby Level
      401 Dulany Street
      Alexandria, VA 22314

      Any inquiry concerning this communication or earlier communications from the

Reexamination Legal Advisor or Examiner, or as to the status of this proceeding, should

be directed to the Central Reexamination Unit at telephone number (571) 272-7705.

      Signed:

      */Sara Clarke/*
      Sara Clarke
      Primary Examiner
      Central Reexamination Unit
      (571) 272-4873