**FULL TEXT OF CASES (USPQ2D)**
All Other Cases

(Unpublished) **Standard Havens Products Inc. v. Gencor Industries Inc.　(CA FC) 27 USPQ2d 1959**

**Standard Havens Products Inc. v. Gencor Industries Inc.**

**U.S. Court of Appeals Federal Circuit
27 USPQ2d 1959**

**Decided May 21, 1993
No. 93-1208**

Unpublished Opinion

**Headnotes**

**PATENTS**

1. Practice and procedure in Patent and Trademark Office -- Re-examination -- In general　(§ 110.1501)

**JUDICIAL PRACTICE AND PROCEDURE**

Copyright 2006, The Bureau of National Affairs, Inc. Reproduction or redistribution, in whole or in part, and in any form, without express written permission, is prohibited except as permitted by the BNA Copyright Policy. http://www.bna.com/corp/index.html#V

### Procedure -- Stays -- In general   (§ 410.2901)

Federal district court erred by denying patent infringement defendant's  motion to stay permanent injunction and damages proceedings

Page 1960

 pending judicial review of decision in re-examination proceeding holding  certain claims of patent in suit unpatentable.

### Particular patents -- Chemical -- Asphalt plant

4,787,938, Hawkins, countercurrent drum mixer asphalt plant, denial of stay  of injunction and damages proceedings reversed.

## Case History and Disposition:

Page 1960

**Appeal from the U.S. District Court for the Western District of Missouri,  Hunter, J.**

**Action by Standard Havens Products Inc. against Gencor Industries Inc. for  patent infringement and breach of confidentiality agreement, in which defendant  counterclaimed for declaratory judgment of patent invalidity. On remand from  decision affirming jury verdict that patent is not invalid and was willfully  infringed (21 USPQ2d 1321 ), defendant moved for stay of permanent injunction and damages  proceedings. From denial of motion for stay, defendant appeals. Reversed.**

**[Editor's Note: The Court of Appeals for the Federal Circuit has indicated  that, "pursuant to Fed. Cir. R. 47.8, this disposition is not citable as  precedent. It is a public record."]**

## Judge:

**Before Rich, Archer, and Michel, circuit judges.**

[Unpublished Opinion] **Opinion Text**

## Opinion By:

**Copyright 2006, The Bureau of National Affairs, Inc. Reproduction or redistribution, in whole or in part, and in any form, without express written permission, is prohibited except as permitted by the BNA Copyright Policy. http://www.bna.com/corp/index.html#V**

## Per curiam.

[Unpublished Opinion]    Gencor Industries, Inc. appeals from the order of the United States District Court for the Western District of Missouri, No. 88-1209-CV-W-3 (Jan. 27, 1993), denying Gencor's motion for a stay of permanent injunction and stay of damages proceedings. We *reverse* and *remand.*

## DISCUSSION

[Unpublished Opinion] [1]  The district court incorrectly concluded that the reexamination decision can have no effect on this infringement suit even if the reexamination decision becomes final. As a matter of law, however, and as both parties agree, if the reexamination decision of unpatentability is upheld in the court action under 35 U.S.C. Section 145 (1988), the injunction would thereby immediately become inoperative. In addition, if a final decision of unpatentability means the patent was void *ab initio,* then damages would also be precluded. Therefore, the injunction should have been stayed. Thus in either event, contrary to the assumption of the trial court, the reexamination proceeding "would control" the infringement suit.

[Unpublished Opinion]    To preserve the status quo pending finality of the section 145 action, the damages proceeding should also have been stayed. The issues of damages and enjoinability in this suit still being unresolved, despite trial and proper appeal, we do not regard the issues of patent validity and infringement as having been incorporated into a final judgment that would moot the issue of a stay pending completion of the section 145 suit.

[Unpublished Opinion]    Accordingly, we reverse the decision of the district court as based on legal error and remand with instructions to stay the imposition of the permanent injunction and to stay any further proceedings respecting damages until the reexamination decision becomes final. 1 This stay is *conditioned* on continuing deposits in the escrow account as required by our order dated February 22, 1990. Further, the district court may require Gencor to make an accounting of the escrow account.

## COSTS

[Unpublished Opinion] Each party to bear its own costs.

---

### Footnotes

[Unpublished Opinion] Footnote 1.   Nothing herein shall preclude the issuance of appropriate orders to protect Standard Havens in the event of a petition in bankruptcy by Gencor.

### - End of Case -

Copyright 2006, The Bureau of National Affairs, Inc. Reproduction or redistribution, in whole or in part, and in any form, without express written permission, is prohibited except as permitted by the BNA Copyright Policy. http://www.bna.com/corp/index.html#V