IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED CARDIOVASCULAR SYSTEMS, INC. and GUIDANT SALES CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 98-80 (SLR) (Consolidated with C.A. No. 98-314 |
| v. | ) ) ) | (SLR) and C.A. No. 98-316 (SLR)) |
| MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., | ) ) ) | |
| Defendants. | ) ) | |

### ACS'S RESPONSE TO MEDTRONIC'S SUBMISSION OF SUPPLEMENTAL AUTHORITY

Advanced Cardiovascular Systems, Inc. and Guidant Sales Corp. (collectively "ACS") respond to the statements accompanying Medtronic's supplemental submission of *Digital Control Inc. v. The Charles Machine Works*, No. 05-1128 (Fed. Cir. Feb. 8, 2006).

In *Digital Control*, the Federal Circuit held that the district court did not err in applying the "reasonable examiner" standard for materiality, as set forth in the pre-1992 Rule 56, rather than the updated standard set forth in the new Rule 56. The Federal Circuit held that the new Rule 56 does not supplant the "reasonable examiner" standard but, rather, "it merely provides an additional test of materiality." *Id.*, slip op. at 11. As the Court explained:

> if a misstatement or omission is material under the new Rule 56 standard, it is material. Similarly, if a misstatement or omission is material under the "reasonable examiner" standard or under the older three tests, it is also material. As we reasoned in <u>American Hoist</u>, to the extent that one standard requires a higher showing of materiality than another standard, the requisite finding of intent may be lower.

*Id.*, slip op. at 12 (citing *Am. Hoist & Derrick Co. v. Sowa & Sons, Inc.*, 725 F.2d 1350 (Fed. Cir. 1984)). The Court held that when the "reasonable examiner" standard of materiality is used, a higher level of intent must be shown to prove inequitable conduct. *Id.*, slip op. at 10 ("[W]here 'a reasonable examiner would merely have considered particular information to be important but not crucial to his decision' the requisite finding of intent must be high.") (quoting *American Hoist*, 725 F.2d at 1362).

Medtronic contends that the Federal Circuit's decision in *Digital Control* is "important" in this case because ACS allegedly argued for a "much stricter" materiality standard in its post-trial brief. To the contrary, however, ACS argued in its post-trial brief that Medtronic failed to prove inequitable conduct under *either* standard of materiality. (*See* D.I. 686 at 23 n. 12 ("[S]ince Medtronic has failed to prove inequitable conduct under *either* standard of materiality, the issue [of which standard applies] should be moot.").) The decision in *Digital Control* does not change the fact that Medtronic has simply failed to prove inequitable conduct in this case.

As explained in ACS's post-trial brief, the Boneau patent application is not material because (1) it teaches away from Lau's invention and (2) it is cumulative to other art considered by the examiner, e.g., Palmaz '417 and Lee '917.[1] (*See* D.I. 686 at 27-34.) Nothing in *Digital Control* diminishes those grounds for non-materiality. Indeed, *Digital Control* makes clear that, even under the "reasonable examiner" standard, a reference is not material if it is cumulative to other art considered by the PTO. Specifically, the Federal Circuit vacated the district court's summary-judgment ruling on inequitable conduct because the district court failed to properly analyze whether the withheld reference was cumulative to other cited art. *See id.*, slip op. at 17

---

[1] There is no need to perform a materiality analysis for the alleged "suture stent" and the alleged "tradition" of mounting stents crown-to-crown because those things are not prior art. (*See* D.I. 686 at 25-27.)

("[A] withheld otherwise material prior art reference is <u>not</u> material for the purposes of inequitable conduct if it is merely cumulative to that information considered by the examiner.") (emphasis in original).

Accordingly, for the reasons explained at trial and in ACS's post-trial brief, Medtronic has failed to prove inequitable conduct under *any* standard of materiality, including the "reasonable examiner" standard discussed in *Digital Control*.

Dated: February 23, 2006

Of Counsel:

J. Michael Jakes
Gerald F. Ivey
Michael A. Morin
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

/s/ Anne Shea Gaza
Frederick L. Cottrell, III (#2555)
Anne Shea Gaza (#4093)
RICHARD, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Cottrell@rlf.com
Gaza@rlf.com
(302) 651-7509

*Attorneys for Advanced Cardiovascular Systems, Inc. and Guidant Sales Corporation*

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2006, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

I hereby certify that on February 23, 2006, I have sent by Federal Express the foregoing document to the following non-registered participants:

Raphael V. Lupo, Esquire
Donna M. Tanguay, Esquire
Mark G. Davis, Esquire
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC 20005

Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
GAZA@rlf.com

RLF1-2877733-1