IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED CARDIOVASCULAR SYSTEMS, INC. and GUIDANT SALES CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC.,<br><br>Defendants. | Civil Action No. 98-80 (SLR)<br>(Consolidated with C.A. No. 98-314 (SLR) and C.A. No. 98-316 (SLR)) |

### ACS'S RESPONSE TO MEDTRONIC'S SUPPLEMENTAL SUBMISSION REGARDING MEDTRONIC'S REQUEST FOR REEXAMINATION OF THE LAU PATENTS-IN-SUIT

Purusant to Local Rule 7.1.2(c), Advanced Cardiovascular Systems, Inc. and Guidant Sales Corp. (collectively "ACS") respond to Medtronic's supplemental submission dated February 21, 2006 (D.I. 696) informing the Court that the U.S. Patent & Trademark Office (PTO) has granted Medtronic's request to reexamine the Lau patents-in-suit.[1]

Having lost on infringement and validity at trial, Medtronic now seeks an "end run" around the jury's verdict via the PTO's reexamination process, more than eight years after this lawsuit began. Yet the mere fact that the PTO has granted a post-trial reexamination request filed by Medtronic's counsel has no relevance to the present case.

---

[1] The "ex parte" reexamination requests were filed by Pillsbury Winthrop Shaw Pittman LLP, Medtronic's counsel in this litigation.

1

An order granting reexamination is hardly unique. Since 1981, ninety-one percent of all requests for reexamination have been granted by the PTO. (*See* Ex Parte Reexamination Filing Data — December 31, 2005, attached as Ex. 1.) Thus, the unremarkable grant of Medtronic's reexamination requests does not create an "implication" of invalidity, as Medtronic incorrectly suggests in its supplemental submission. *See Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) ("The grant of a request for reexamination, although surely evidence that the criterion for reexamination has been met (i.e., that a 'substantial new question of patentability' has been raised, 35 U.S.C. § 303), *does not establish a likelihood of patent invalidity*.") (emphasis added).

Medtronic cites the nonprecedential opinion in *Standard Havens Products Inc. v Gencor Industries Inc.*, 27 U.S.P.Q.2d 1959 (Fed. Cir. 1993), for the proposition that this Court should stay the damages proceeding and any injunction in this case "until the reexamination decision becomes final." Putting aside that citing a nonprecedential Federal Circuit opinion is improper,[2] *Standard Havens* is also inapplicable because it involved significantly different and extraordinary circumstances.

First, in *Standard Havens*, the PTO Commissioner had taken the unusual step of ordering reexamination of the patent *sua sponte*. Second, the PTO in *Standard Havens* had reexamined the patent in question and, after an appeal to the Board of Patent Appeals and Interferences, the PTO actually "found the patent invalid" in a final decision. *Standard Havens Prods. v. Gencor Indus.*, 810 F. Supp. 1072, 1074 (1993 W.D. Mo.); *see also Pergo, Inc. v. Faus Group, Inc.*, 401 F. Supp. 2d 515, 523 (E.D.N.C. 2005) (distinguishing *Standard Havens* because "the

---

[2] Federal Circuit Rule 47.6(b) states that "[a]n opinion or order which is designated as not to be cited as precedent is one determined by the panel issuing it as not adding significantly to the body of law. *Any opinion or order so designated must not be employed or cited as precedent*.") (emphasis added).

2

proceedings on reexamination had gone much further than merely the grant of the motion for reconsideration."). Finally, Gencor requested a stay in that case to avoid imminent risk of "employee layoffs, immediate insolvency, and, possibly, extinction." *Standard Havens*, 897 F.2d at 515. Here, in contrast, the PTO has merely *initiated* reexamination proceedings at the request of *Medtronic's counsel*. There has been no decision by the PTO regarding the merits of Medtronic's invalidity arguments.

Moreover, Medtronic ignores that, in *Standard Havens*, the Federal Circuit had previously addressed the reexamination proceedings at a stage similar to the present status in this case, i.e., where the Patent Office had merely initiated reexamination proceedings. At *that* stage, the Federal Circuit held that "a stay [was] not appropriate," and affirmed the jury's verdict that the patents in suit were not invalid. *Standard Havens Prods. v. Gencor Indus.*, 953 F.2d 1360, 1367 (Fed. Cir. 1991). Thus, *Standard Havens* counsels against granting a stay in this case, contrary to Medtronic's assertion.

This Court considered a similar issue in *Arthrocare Corp. v. Smith & Nephew, Inc.*, 315 F. Supp. 2d 615, 619-20 (D. Del. 2004), *vacated on other grounds*, 406 F.3d 1365 (Fed. Cir. 2005). Upon considering a motion to stay a permanent injunction in light of reexamination proceedings, the Court concluded:

> In light of these differences [between litigation and reexamination proceedings], the court is not persuaded that the ongoing reexamination proceeding triggers a stay of the injunction. A jury has decided the validity of the patents in suit after careful deliberation following a nine day jury trial. This court reviewed the jury's verdict pursuant to post-trial motions and found that the jury based its decision on substantial evidence. Thus, the court has no reason to believe that Smith & Nephew will be successful on its appeal such that the court presently should issue a stay.

As the jury has similarly weighed Medtronic's invalidity arguments in this case and concluded that the patents-in-suit are not invalid, there is no basis to expect that the reexamination

proceedings will significantly impact the present litigation. A stay is therefore unwarranted and unnecessary.

Dated: March 8, 2006

Of Counsel:

J. Michael Jakes
Gerald F. Ivey
Michael A. Morin
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

/s/ Frederick L. Cottrell, III

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne S. Gaza (#4093)
gaza@rlf.com
RICHARD, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7509

*Attorneys for Advanced Cardiovascular Systems, Inc. and Guidant Sales Corporation*

4

RLF1-2989241-1

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing, and hand delivered, to the following:

**VIA HAND DELIVERY**
Karen Jacobs Louden, Esquire
Philip H. Bangle, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

I hereby certify that on March 8, 2006 I transmitted the document by Federal Express to the following non-registered participant:

**VIA FEDERAL EXPRESS**
Raphael V. Lupo, Esquire
Donna M. Tanguay, Esquire
Mark G. Davis, Esquire
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC 20005

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com

RLF1-2989244-1