IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED CARDIOVASCULAR SYSTEMS, INC. and GUIDANT SALES CORPORATION,<br><br>                    Plaintiffs,<br><br>       v.<br><br>MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC.<br><br>                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. No. 98-80 (SLR)<br>(Consolidated with C.A.<br>No. 98-314 (SLR) and C.A.<br>No. 98-316 (SLR)) |

**MEDTRONIC'S REPLY IN SUPPORT OF ITS SUPPLEMENTAL SUBMISSION REGARDING REEXAMINATION OF THE LAU PATENTS-IN-SUIT**

Defendants Medtronic Vascular, Inc. and Medtronic USA, Inc. (collectively, "Medtronic") submit this reply to ACS's March 8, 2006 response (D.I. 698) to Medtronic's supplemental submission of February 21, 2006 (D.I. 696) regarding the reexaminations of all of the Lau patents-in-suit that the United States Patent and Trademark Office ("PTO") ordered on February 14, 2006.

In the statistics provided in Exhibit 1 to ACS's response, it will be noted that in the approximately 7,000 requests for reexamination that the PTO granted since 1981 (when the then new reexamination statute went into effect), in roughly 3 out of every 4 reexaminations (74%), claims in reexamined patents were either all cancelled or changed. And, as to any of the Lau patent claims that are changed in the now pending reexamination proceedings, a new claim construction and infringement consideration would be required. The equitable doctrine of intervening rights also can be relied on to eliminate entirely any damages for infringement of such claims occurring prior to

issuance of the reexamined patent. *Bloom Eng'g Co., Inc. v. North American Mfg. Co., Inc.*, 129 F.3d 1247, 1249 (Fed. Cir. 1997). Indeed, under certain circumstances, the doctrine of intervening rights can completely relieve a party of any liability for infringement of the changed claims. As the court stated in *Seattle Box Co., Inc. v. Industrial Crating and Packaging, Inc.*, 731 F.2d 818, 819 (Fed. Cir. 1984) with respect to this doctrine:

> The court is given the discretion to fashion a remedy from a wide range of options available to it. The court may, for example, (1) confine Industrial to the use of those double-concave blocks already in existence, (2) permit Industrial to continue in business under conditions which limit the amount, type, or geographical location of its activities, <u>or (3) permit Industrial to continue in business unconditionally</u>.

(emphasis added)

Hence, if the Lau reexamination proceedings result in changes to the asserted claims or their cancellation, as happened in 74% of the 7,000 PTO reexaminations since 1981, the question of any damages in this case for any infringement of the Lau patents could be materially affected, to say nothing about the question of the validity of the asserted claims.

Finally, it might be noted that Medtronic cited the *Standard Havens* case (which we identified as unpublished) for the well-settled proposition that reexamination proceedings can have a substantial effect on a co-pending infringement suit. Medtronic did not request a stay in its submission, as ACS asserts. Should Medtronic request a stay, it will do so by motion.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Karen Jacobs Louden
_____
Karen Jacobs Louden (#2881)
klouden@mnat.com
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Medtronic Vascular, Inc.
and Medtronic USA, Inc.*

March 13, 2006

#510880