IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED CARDIOVASCULAR )<br>SYSTEMS, INC. and GUIDANT SALES )<br>CORPORATION, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MEDTRONIC VASCULAR, INC. and )<br>MEDTRONIC USA, INC., )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 98-80 (SLR)<br>(Consolidated with C.A. No. 98-314<br>(SLR) and C.A. No. 98-316 (SLR)) |

**ACS'S RESPONSE TO MEDTRONIC'S SUPPLEMENTAL SUBMISSION**

Advanced Cardiovascular Systems, Inc. and Guidant Sales Corporation (collectively "ACS") respond to Medtronic's submission, pursuant to Local Rule 7.1.2(c), of the office actions issued by the U.S. Patent & Trademark Office (PTO) in the reexamination proceedings for the Lau patents-in-suit.[1] (D.I. 704.) In short, these office actions are irrelevant to the present case.

Although the PTO has issued four office actions preliminarily rejecting various claims of the Lau patents-in-suit, those preliminary rejections are not final and do not reflect any input to the PTO from ACS. More importantly, however, they do not affect the validity of the Lau patents. *See Hoechst Celanese Corp. v. BP Chem. Ltd.*, 78 F.3d 1575, 1584 (Fed. Cir. 1996) ("We take notice that the grant by the examiner of a request for reexamination is not probative of unpatentability"); *Acoustical Design, Inc. v. Control Elecs. Co.*, 932 F.2d 939, 942 (Fed. Cir.

---

[1] The *ex parte* reexamination requests were filed by Pillsbury Winthrop Shaw Pittman LLP, Medtronic's appellate counsel in this litigation. In its supplemental submission dated December 27, 2006, however, Medtronic expressly acknowledged that these requests were filed on its behalf. (D.I. 704 at 1.)

1991) (holding "it is clear that initial rejection by the Patent and Trademark Office of original claims that later were confirmed on reexamination hardly justifies a good faith belief in the invalidity of the claims"). As explained by the Federal Circuit, district court infringement suits and PTO reexaminations "are distinct proceedings, with different records and different standards of proof." *Standard Havens Prod., Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1366 n.2 (Fed. Cir. 1991). Accordingly, Medtronic's submission of these office actions has no bearing on any issue before the Court.

Moreover, the PTO's preliminary rejections were made under an incorrect claim construction that directly conflicts with the construction entered by this Court and relied on by the jury in this case. Specifically, as evident from its office actions, the PTO has not yet considered this Court's construction of the relevant claim limitations of the Lau patents-at-issue or its interpretation of the pertinent disclosure of the Boneau patent. As a result, the PTO based its preliminary rejections on several of Medtronic's erroneous positions on the scope of the Lau claims and the disclosure of the prior art, including Medtronic's erroneous contention that the Boneau patent renders the Lau patents obvious—a contention expressly rejected by the jury. As noted in Medtronic's submission, however, ACS now has an opportunity to submit a response to the PTO to explain why these rejections are erroneous. (D.I. 704 at 1.)

Under the Court's construction of the Lau claims—which is correct under both the standard applied by a district court and the standard applied by the PTO—none of the rejections in the PTO's office actions can stand. When responding to the PTO's office actions, therefore, ACS intends to explain the proper construction of the Lau claims (as ordered by this Court) and request that the PTO reconsider and withdraw its preliminary rejections.

In summary, the PTO's reexamination proceedings have no impact on either the jury's verdict that the Lau patents are not invalid or the Court's decisions on the pending post-trial matters, which include Medtronic's renewed motion for judgment as a matter of law (D.I. 651), Medtronic's motion for a new trial (D.I. 650), and the parties' briefing on Medtronic's inequitable conduct claim (D.I. 683, 686, 687). These post-trial matters have been fully briefed and are ripe for the Court's decision. Therefore, ACS respectfully requests that the Court deny Medtronic's post-trial motions and inequitable conduct claim, and enter final judgment that the Lau patents are infringed, not invalid, and not unenforceable.

|  |  |
|---|---|
| OF COUNSEL: | /s/ Anne Shea Gaza |
| J. Michael Jakes | Frederick L. Cottrell, III (#2555) |
| Michael A. Morin | cottrell@rlf.com |
| Finnegan Henderson Farabow | Anne Shea Gaza (#4093) |
|   Garrett & Dunner L.L.P. | gaza@rlf.com |
| 901 New York Avenue, NW | Richards, Layton & Finger, P.A. |
| Washington, DC  20001 | One Rodney Square |
|  | P.O. Box 551 |
|  | Wilmington, DE  19899 |
|  | (302) 651-7700 |
|  |  |
|  | Attorneys for Plaintiffs |
|  | Advanced Cardiovascular Systems, |
| Dated:  January 4, 2007 | Inc. and Guidant Sales Corporation |

3

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2007, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

I hereby certify that on January 4, 2007, I have sent by Federal Express the foregoing document to the following non-registered participants:

Raphael V. Lupo, Esquire
Donna M. Tanguay, Esquire
Mark G. Davis, Esquire
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC 20005

Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
GAZA@rlf.com

RLF1-2877733-1