IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED CARDIOVASCULAR SYSTEMS, INC. and GUIDANT SALES CORPORATION,<br><br>        Plaintiffs,<br><br>        v.<br><br>MEDTRONIC VASCULAR, INC., and MEDTRONIC USA, INC.,<br><br>        Defendants. | C. A. No. 98-80 (SLR)<br>(Consolidated with No. 98-314 (SLR) and No. 98-316(SLR) |

**MEDTRONIC'S REPLY IN SUPPORT OF ITS DECEMBER 27, 2006
SUPPLEMENTAL SUBMISSION REGARDING
REEXAMINATION OF THE LAU PATENTS IN SUIT**

    Defendants (collectively "Medtronic") submit this reply to plaintiffs' (collectively "ACS") January 4, 2007 response (D.I. 705) to Medtronic's supplemental submission of December 27, 2006. Medtronic's notice filing advised this Court of the December 21, 2006 Office Actions that issued in the United States Patent and Trademark Office ("USPTO") reexamination proceedings for the Lau patents in suit, and that rejected as unpatentable all the patent claims asserted in this case. ACS's response contains errors that warrant this short reply.

    ACS states that "the PTO's reexamination proceedings have no impact on either the jury's verdict… or the Court's decisions on the pending post-trial matters." Not so. Rather, unless a <u>final</u> district court judgment of <u>patent invalidity</u> issues, USPTO reexamination proceedings <u>control</u> a co-pending patent infringement suit. <u>Standard Havens Prods., Inc. v. Gencor Indus. Inc.</u>, 27 USPQ 2d 1959, 1960 (Fed. Cir. 1993) ("…contrary to the assumption of the trial court, the reexamination proceeding 'would control' the infringement suit.") (unpublished). The district court in that case had "incorrectly concluded that the reexamination

decision can have no effect on this infringement suit." Id. at 1960. Specifically, the district court erroneously ruled that because the jury found the patent infringed and not invalid, and the Federal Circuit affirmed, the co-pending reexamination proceeding was not controlling "regardless of the outcome [in the USPTO]." Standard Havens Prods., Inc. v. Gencor Indus. Inc., 810 F. Supp 1072, 1074 (D. Mo. 1993). The Federal Circuit disagreed.

ACS also takes the position that the USPTO's claim construction is "incorrect" and "directly conflicts" with this Court's claim construction. The USPTO, however, is not bound by this Court's claim construction. Rather, in reexamination, the USPTO is required to interpret claims as they would be interpreted during an original USPTO examination, namely, by giving the claim terms "their broadest reasonable interpretation, consistent with the specification." In re Yamamoto, 740 F.2d 1569, 1571 (Fed. Cir. 1984)(emphasis added). Moreover, the Court's construction is not final and Medtronic has challenged certain of these constructions in its post-trial papers. Furthermore, the burden of proving invalidity or unpatentability in the USPTO during reexamination is by only a preponderance of the evidence, whereas in patent infringement litigation the patent is presumed valid with a much more difficult burden of proving invalidity, namely, by clear and convincing evidence. Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1427 (Fed. Cir. 1988). Therefore, the fact that the jury found the Lau patents not invalid in spite of the Boneau prior art, does not prevent the USPTO from rejecting these same claims as invalid or unpatentable.

ACS's argument that "the PTO's reexamination proceedings have no impact on either the jury's verdict… or the Court's decisions on the pending post-trial matters" is clearly erroneous.

2

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        /s/ *Karen Jacobs Louden*

        _____
        Karen Jacobs Louden (#2881)
        klouden@mnat.com
        Leslie A. Polizoti (#4299)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, Delaware 19899-1347
        (302) 658-9200
        Attorneys for Medtronic Vascular, Inc.
        and Medtronic USA, Inc.

January 10, 2007

662706.1

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on January 10, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to Frederick L. Cottrell, III.

I further certify that on January 10, 2007 I served copies of the foregoing to the following counsel in the manner indicated:

<u>By Hand</u>

Frederick L. Cottrell, III
Anne Shea Gaza
**Richards Layton & Finger**
One Rodney Square
P.O. Box 551
Wilmington, DE  19899


/s/ *Karen Jacobs Louden*
_____
Karen Jacobs Louden (#2881)
klouden@mnat.com