IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED CARDIOVASCULAR SYSTEMS, INC. and GUIDANT SALES CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 98-80 (SLR) (Consolidated with C.A. |
| v. | ) ) | No. 98-314 (SLR) and C.A. No. 98-316(SLR)) |
| MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., | ) ) ) | |
| Defendants. | ) | |

**MEDTRONIC'S SUPPLEMENTAL SUBMISSION PURSUANT TO
D. DEL. L.R. 7.1.2(c) IN SUPPORT OF ITS POST-TRIAL BRIEF ON ACS'S
INEQUITABLE CONDUCT BEFORE THE U.S. PATENT OFFICE**

Pursuant to D. Del. L.R. 7.1.2(c), defendants Medtronic Vascular, Inc. and Medtronic USA, Inc. ("Medtronic") write to bring to the Court's attention the recent decision by the United States Court of Appeals for the Federal Circuit in *Cargill, Incorporated v. Canbra Foods, Ltd.,* Appeal No. 06-1265, 1302, 2007 U.S. App. LEXIS 3222 (Fed. Cir. Feb. 14, 2007), a decision by Circuit Judge Jordan sitting by designation.

In *Cargill*, the Federal Circuit affirmed the district court's judgment of patent unenforceability due to inequitable conduct before the United States Patent and Trademark Office ("PTO"). In particular, the Federal Circuit affirmed the district court's reliance on "the high degree of materiality" of the undisclosed information as "the most potent evidence of intent [to deceive]." (*Id.* at *17). It held that "[s]uch a high degree of materiality, coupled with evidence that the applicant should have known of that materiality, creates a strong inference of intent to deceive." (*Id.* at *18).

Here, the representatives of the plaintiffs, including the inventor Lau and the plaintiffs' attorneys had extensive and comprehensive prior knowledge of the high degree of materiality of the withheld Boneau prior art (see, for example, Medtronic's July 28, 2005 opening post-trial brief on inequitable conduct, D.I. 683, at 22-25, and Medtronic's October 7, 2005 reply brief, D.I. 699, at 2-6).

Furthermore, the high degree of materiality of the Boneau prior art was recently addressed in the PTO reexamination proceeding for the '154 Lau patent in suit. Specifically, in the Office Action of December 21, 2006,[1] in rejecting claims 14 and 15 of that patent, the Primary Examiner stated that "Boneau discloses the invention substantially as claimed…" (Exhibit 1, at 11). That rejection demonstrates the high degree of materiality of the withheld Boneau prior art, which is "potent evidence" of intent to deceive.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/  Karen Jacobs Louden*

Karen Jacobs Louden (#2881)
klouden@mnat.com
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
*Attorneys for Medtronic Vascular, Inc.*
*and Medtronic USA, Inc.*

March 5, 2007

756524.1

---

[1] A copy of that Office Action is attached as Exhibit 1 and a copy was also attached as Exhibit 1 to Medtronic's December 27, 2006 submission to this Court (D.I. 704).

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 5, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to Frederick L. Cottrell, III.

I further certify that on March 5, 2007 I served copies of the foregoing to the following counsel in the manner indicated:

<u>By Hand</u>

Frederick L. Cottrell, III
Anne Shea Gaza
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

<u>/s/  Karen Jacobs Louden</u>

Karen Jacobs Louden (#2881)
klouden@mnat.com