IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ADVANCED CARDIOVASCULAR SYSTEMS, INC. and GUIDANT SALES CORPORATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 98-80 (SLR) (Consolidated with C.A. |
| v. | ) ) | No. 98-314 (SLR) and C.A. No. 98-316(SLR)) |
| MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., | ) ) ) | |
| Defendants. | ) | |

**MEDTRONIC'S REPLY IN FURTHER SUPPORT
OF ITS CITATION OF SUPPLEMENTAL AUTHORITY**

Medtronic Vascular, Inc. and Medtronic USA, Inc. (collectively "Medtronic") submit this reply to "ACS's Response to Medtronic's Citation of Supplemental Authority." (D.I. 709).

Medtronic brought the Cargill case to the Court's attention because of its affirmance of the proposition that a "high degree of materiality" of withheld information can be "the most potent evidence of intent [to deceive]" (at *17), and that "[s]uch a high degree of materiality, coupled with evidence that the applicant should have known of that materiality, creates a strong inference of intent to deceive." (at *18).

ACS erroneously argues that no one involved in the prosecution of the '154 patent "knowingly withheld the Boneau patent application." (D.I. 709 at 2). Yet the record is replete with compelling evidence to the contrary. For example, numerous ACS representatives, who were substantively involved in the prosecution of the '154 Lau patent, had met with Boneau and had actual knowledge of the Boneau prior art, including

the Boneau patent application that matured into the Boneau U.S. Patent Nos. 5,292,331 and 6,344,053 (D.I. 699, at 2-6 and see also D.I. 683, at 22-25).

ACS also erroneously argues that the Boneau application was "entirely cumulative to other references submitted during prosecution of the Lau '154 patent," citing the patent to Lee, No. 5,123,917.[1] (D.I. 709 at 2). The Examiner, however, did not cite or apply the Lee patent against any claim in the first Reexamination Office Action of December 12, 2006, but she did reject claims 14 and 15 over Boneau as the primary reference, stating: "Boneau discloses the invention substantially as claimed…"[2] That is clear evidence of such a very "high degree of materiality" of Boneau that, when coupled with the compelling evidence that the involved ACS representatives "should have known of that materiality, creates a strong inference of intent to deceive."

ACS argues that it cited the Boneau reference in the other three patents in suit that were not filed until well after the '154 patent issued. ACS has no explanation, however, for why it withheld the highly material Boneau prior art from the Examiner for six years during the prosecution of the Lau patents while it did cite over 85 other references. This belated disclosure of Boneau can readily be explained by ACS's concern for the adverse consequences of not citing Boneau against the '154 patent, and attempting to mitigate those consequences by citing it in the later patents prior to filing the current litigation

---

[1]  It is noteworthy that although ACS now focuses on the Lee patent, it was listed or "buried" on the sixth of seven pages of over 85 references ACS's attorney cited to the Examiner, with no comment made about it in that submission. Notably, the Examiner never cited Lee against any claims, or listed it on the patent as one of the "References Cited."

[2]  ACS's argument that Boneau does not disclose "cylindrical elements" as construed by this Court overlooks that the USPTO is not bound by this Court's claim construction but, during reexamination, must give claim terms "their broadest reasonable interpretation consistent with the specification." In re Yamamoto, 740 F.2d 1569, 1571 (Fed. Cir. 1984).

against Medtronic. And, while ACS now tries to argue that Mssrs. Lau, Khosravi and Orth "believed Boneau's stent to be a very different design from Lau's," (D.I. 709 at 3), ACS hid behind the attorney-client privilege at trial to prevent any inquiry (a) into the lengthy discussions ACS had with the prosecuting attorney, Lynch, as to what ACS personnel thought about Boneau, or (b) into Lynch's contemporaneous report to ACS on the "Boneau prior art."

ACS surprisingly quotes <u>Cargill</u> as holding "[t]he district court found an intent to deceive based on several circumstantial factors: the repeated nature of the omission, the applicant's motive to conceal, and the high materiality of the undisclosed information." (at 3, n. 2). Yet, the record here includes those very same circumstantial factors.

In summary, Medtronic submits that the <u>Cargill</u> case lends further and strong support to its defense that the '154 patent is unenforceable due to inequitable conduct.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        <u>/s/ Karen Jacobs Louden</u>

        Karen Jacobs Louden (#2881)
        klouden@mnat.com
        Leslie A. Polizoti (#4299)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, Delaware 19899-1347
        (302) 658-9200
        *Attorneys for Medtronic Vascular, Inc.*
        *and Medtronic USA, Inc.*

769921.1

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on March 21, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to Frederick L. Cottrell, III.

I further certify that on March 21, 2007 I served copies of the foregoing to the following counsel in the manner indicated:

By Hand

Frederick L. Cottrell, III
Anne Shea Gaza
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

/s/  Karen Jacobs Louden
klouden@mnat.com