IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS, INC. and ABBOTT LABORATORIES, INC, <br><br> Plaintiffs, <br><br> v. <br><br> MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., <br><br> Defendants. | Civil Action No. 98-80 (SLR) <br> (Consolidated with C.A. No. 98-314 (SLR) and C.A. No. 98-316 (SLR)) |

### [PROPOSED] ORDER GRANTING PERMANENT INJUNCTION

Pursuant to 35 U.S.C. § 271 and Fed. R. Civ. P. 65(d), IT IS HEREBY ORDERED that:

1.   Medtronic Vascular, Inc. and Medtronic USA, Inc. (collectively "Medtronic"), its parents, subsidiaries, affiliates, officers, agents, representatives, servants, employees, and attorneys, and those persons and entities in active concert or participating with them who receive actual notice of this Order by personal service or otherwise are hereby ordered and enjoined from infringing claims 1, 4, and 12 of U.S. Patent No. 5,515,154 ("the '154 patent") by making, using, offering to sell, selling, importing into the United States, or inducing others to make, use, sell, offer for sale, or import into the United States, devices that have been found to infringe these claims of the '154 patent, including the Microstent II, GFX, GFX 2, GFX 2.5, S540, S660, S670, BeStent 2, any devices no more than colorably different from these infringing devices, and any products containing or using any of these infringing devices.

2.   Medtronic, its parents, subsidiaries, affiliates, officers, agents, representatives, servants, employees, and attorneys, and those persons and entities in active concert or

1

participating with them who receive actual notice of this Order by personal service or otherwise are hereby ordered and enjoined from infringing claims 5 and 8 of U.S. Patent No. 6,066,167 ("the '167 patent") by making, using, offering to sell, selling, importing into the United States, or inducing others to make, use, sell, offer for sale, or import into the United States, devices that have been found to infringe these claims of the '167 patent, including the Microstent II, GFX, GFX 2, GFX 2.5, S540, S660, S670, S7, Driver, MicroDriver, Racer, any devices no more than colorably different from these infringing devices, and any products containing or using any of these infringing devices.

3. Medtronic, its parents, subsidiaries, affiliates, officers, agents, representatives, servants, employees, and attorneys, and those persons and entities in active concert or participating with them who receive actual notice of this Order by personal service or otherwise are hereby ordered and enjoined from infringing claims 1, 3, and 11 of U.S. Patent No. 6,066,168 ("the '168 patent") by making, using, offering to sell, selling, importing into the United States, or inducing others to make, use, sell, offer for sale, or import into the United States, devices that have been found to infringe these claims of the '168 patent, including the Microstent II, GFX, GFX 2, GFX 2.5, S540, S660, S670, S7, Driver, MicroDriver, Racer, any devices no more than colorably different from these infringing devices, and any products containing or using any of these infringing devices.

4. Medtronic, its parents, subsidiaries, affiliates, officers, agents, representatives, servants, employees, and attorneys, and those persons and entities in active concert or participating with them who receive actual notice of this Order by personal service or otherwise are hereby ordered and enjoined from infringing claims 1, 2, 3, and 9 of U.S. Patent No. 6,432,133 ("the '133 patent") by making, using, offering to sell, selling, importing into the

United States, or inducing others to make, use, sell, offer for sale, or import into the United States, devices that have been found to infringe these claims of the '133 patent, including the Microstent II, GFX, GFX 2, GFX 2.5, S540, S660, S670, S7, Driver, MicroDriver, Racer, BeStent2, any devices no more than colorably different from these infringing devices, and any products containing or using any of these infringing devices.

5. Within twenty (20) days of this Order, Medtronic shall provide a copy of this Order to its parents, subsidiaries, affiliates, officers, agents, representatives, servants, employees, and attorneys, and those persons and entities in active concert or participating with them, such persons and entities including Medtronic's manufacturer(s) of products identified above, and to its United States sales representatives and/or distributors of these products in or to the United States, and at the same time, file a certificate of compliance with this paragraph with the Court and with a copy to be served simultaneously on ACS. This Order shall be binding on Medtronic and its parents, subsidiaries, affiliates, officers, agents, representatives, servants, employees, and attorneys, and those persons and entities in active concert or participating with them, such persons and entities including Medtronic's manufacturer(s) of such products, and to its United States sales representatives and/or distributors of such products in or to the United States.

6. This Order shall take effect immediately upon execution by the Court and shall continue in effect until expiration of the respective patents identified herein.

SO ORDERED this _____ day of _____ 2007.

                                                    _____
                                                    HON. SUE L. ROBINSON
                                                    UNITED STATES DISTRICT COURT JUDGE