IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS INC. and ABBOTT LABORATORIES INC., <br><br> Plaintiffs, <br><br> v. <br><br> MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., <br><br> Defendants. | Civil Action No. 98-80 (SLR) <br> (Consolidated with C.A. No. 98-314 (SLR) and C.A. No. 98-316 (SLR)) <br><br> **REDACTED PUBLIC VERSION** <br><br> **JULY 9, 2007** |

### DECLARATION OF GARY SCHNEIDERMAN, Ph.D.

I, Gary Schneiderman, hereby declare as follows:

1. I am a Division Counsel for Abbott Vascular, Inc. I have worked for Abbott Vascular and related or predecessor companies, including Advanced Cardiovascular Systems, Inc. and Guidant Corporation (collectively "ACS"), since 1986 in various capacities relating to the development of devices for interventional cardiology, including Director of Research and Development and Fellow in the Business Development group.

2. In April 2000, ACS and Cordis/Johnson & Johnson ("J&J") settled a series of lawsuits involving various products and technologies. In one of the lawsuits, ACS had sued Cordis in the Northern District of California for infringement of its Lau patents. In another of the lawsuits, J&J had sued ACS, claiming that its Multi-Link stents infringed J&J's Palmaz and Schatz patents and that ACS should be permanently enjoined from selling its Multi-Link stents. As part of the parties' settlement agreement, ACS received a license to practice J&J's stent

1

patents, including the Palmaz and Schatz patents, and ACS granted J&J a license to practice ACS's patents, including the Lau patents

3.   In May 2000, ACS and Boston Scientific settled a series of lawsuits involving various products and technologies, including ACS's Multi-Link family of stents  In one of the lawsuits, ACS had sued BSC in the Southern District of Indiana for infringement of its Lau patents.  In another of the lawsuits, Boston Scientific had sued ACS, claiming that the rapid-exchange delivery system used with certain models of its Multi-Link stents infringed Boston Scientific's patents and that ACS should be permanently enjoined from selling those Multi-Link products.  Under the settlement agreement, ACS received a license to practice Boston Scientific's rapid-exchange patents, and ACS granted Boston Scientific a license to practice ACS's Lau patents

## REDACTED

5.   ACS has never licensed its Lau patents to an unrelated third party (e.g., a competitor) for money alone.  The few licenses ACS has granted to third parties have been purely in the context of securing important settlements and cross-licenses, or in relation to a joint-development agreement.

6.   ACS has a general policy against licensing its Lau patents simply for money and has no interest in licensing them to Medtronic or anyone else on that basis.

2

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under section 1001 of Title 18 of the United States Code. Executed on this the 29th day of June, 2007

Gary Schneiderman, Ph.D.

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2007, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

I hereby certify that on June 29, 2007, I have sent by Federal Express the foregoing document to the following non-registered participants:

Raphael V. Lupo, Esquire
Donna M. Tanguay, Esquire
Mark G. Davis, Esquire
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC 20005

George M. Sirilla, Esquire
William P. Atkins, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Boulevard
14th Floor
McLean, VA 22102-4859

Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
gaza@rlf.com

RLF1-3173024-1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2007, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

I hereby certify that on July 9, 2007, I have sent by Federal Express the foregoing document to the following non-registered participants:

Raphael V. Lupo, Esquire
Donna M. Tanguay, Esquire
Mark G. Davis, Esquire
McDermott, Will & Emery
600 13th Street, N.W.
Washington, DC 20005

George M. Sirilla, Esquire
William P. Atkins, Esquire
Pillsbury Winthrop Shaw Pittman LLP
1650 Tysons Boulevard
14th Floor
McLean, VA 22102-4859

/s/ Anne Shea Gaza
Anne Shea Gaza (#4093)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
gaza@rlf.com

RLF1-3173024-1