IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS, INC. and ABBOTT LABORATORIES, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 98-80 (SLR) (Consolidated with |
| v. | ) ) | C.A. No. 98-314 (SLR) and C.A. No. 98-316(SLR)) |
| MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., | ) ) ) | **REDACTED** |
| Defendants. | ) ) | **PUBLIC VERSION** |

## DECLARATION OF KAREN JACOBS LOUDEN

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP
        Karen Jacobs Louden (#2881)
        Leslie A. Polizoti (#4299)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE  19899-1347
        (302) 658-9200
        lpolizoti@mnat.com
          *Attorneys for Medtronic Vascular, Inc.*
          *and Medtronic USA, Inc.*

OF COUNSEL:

| | |
|---|---|
| Kevin S. Rosen | George M. Sirilla |
| Matthew A. Hoffman | William P. Atkins |
| Anthony S. Newman | PILLSBURY WINTHROP SHAW PITTMAN LLP |
| GIBSON, DUNN & CRUTCHER LLP | 1650 Tysons Boulevard |
| | McLean, Virginia  22102 |
| 333 South Grand Avenue | (703) 770-7900 |
| Los Angeles, CA  90071-3197 | |
| (213) 229-7000 | |

Original Filing Date: July 6, 2007
Redacted Filing Date: July 23, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT CARDIOVASCULAR ) <br> SYSTEMS, INC. and ABBOTT ) <br> LABORATORIES, INC., ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> MEDTRONIC VASCULAR, INC. and ) <br> MEDTRONIC USA, INC. ) <br> Defendants. ) <br> ) <br> ) | Civil Action No. 98-80 (SLR) <br> (Consolidated with C.A. No. 98-314 (SLR) and <br> C.A. No. 98-316 (SLR)) |

### DECLARATION OF KAREN JACOBS LOUDEN

I, Karen Jacobs Louden, declare as follows:

1.  I am a partner with the law firm of Morris, Nichols, Arsht & Tunnell LLP and am Delaware counsel for defendants Medtronic Vascular, Inc. and Medtronic USA, Inc. (collectively, "Medtronic") in this litigation. I have personal knowledge of the matters stated herein and, if called upon, I could and would testify competently thereto.

2.  Throughout the course of this litigation, plaintiffs Abbott Cardiovascular Systems, Inc. and Abbott Laboratories, Inc., previously known as Advanced Cardiovascular Systems, Inc. and Guidant Sales Corporation (collectively, "plaintiffs"), did not accuse Medtronic's drug-eluting stent product Endeavor of infringement. The Endeavor stent was not identified as an accused product in any of the pleadings, in interrogatory responses, in the pretrial order, or on the jury's verdict form.

3.  None of the parties ever mentioned the Endeavor stent during the jury trial in this matter. (*See* D.I. 631-39.) In fact, the exclusive focus of the trial was on bare metal stents, and no drug-eluting stents were accused of infringement.

4.  It is my understanding that the Court's practice in these stent cases has been that a patentee must accuse a given product of infringement before it will be deemed included in the scope of the action.

5.  For example, in another stent case before this Court, Cordis Corporation ("Cordis") filed a second action to address additional products (*Cordis Corp. v. Medtronic Vascular, Inc.*, C.A. No. 00-886 (SLR) ("*Cordis II*")), following *in limine* briefing of the issue (*see Cordis Corp. v. Medtronic AVE, Inc.*, C.A. No. 97-550 (SLR), D.I. 809, 865). Then, in *Cordis II*, Cordis later moved for leave to file a second amended and supplemental complaint to accuse more Medtronic stents -- the S7 and Driver -- of infringement. That motion expressly stated that the Court should decide it "only if it is first determined that the S7 and Driver stents are outside the scope of the complaint and that Cordis is not entitled to discovery with respect to those products" (D.I. 116 at 2). The Court granted Cordis' motion by Order dated May 23, 2005.

6.  Nearly two months after judgment was entered in this action, plaintiffs for the first time filed a Motion for Permanent Injunction ("Injunction Motion"). Plaintiffs began filing that motion and supporting papers at 7:18 PM EDT on Friday evening, June 29, 2007. The opening brief and three declarations were filed under seal, and therefore were not available on CM/ECF. A true and correct copy of the Court's NEF notices of the electronic filing of plaintiffs' Injunction Motion, Opening Brief, and supporting affidavits is attached hereto as Exhibit A.

7.  Plaintiffs' counsel forwarded defense counsel a copy of the Injunction Motion and under seal Opening Brief, without the supporting declarations, at 8:47 PM EDT on Friday evening. A true and correct copy of plaintiffs' counsel's email forwarding these documents is attached hereto as Exhibit B.

8.  On information and belief, defense counsel did not receive hand service of the under seal declarations until several hours later that evening.



I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 5, 2007, at Wilmington, Delaware.

_____
Karen Jacobs Louden

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on July 23, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to Frederick L. Cottrell, III.

I further certify that on July 23, 2007 I served copies of the foregoing to the following counsel in the manner indicated:

**BY EMAIL**

Frederick L. Cottrell, III
Anne Shea Gaza
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

**BY EMAIL**

J. Michael Jakes
Michael A. Morin
Finnegan Henderson Farabow Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413

　　　　　　　　　　　　　　　　　　*/s/ Leslie A. Polizoti*
　　　　　　　　　　　　　　　　　　Leslie A. Polizoti (#4299)
　　　　　　　　　　　　　　　　　　lpolizoti@mnat.com