IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS, INC. and ABBOTT LABORATORIES, INC., | ) | C.A. No. 98-80 (SLR) |
| Plaintiffs, | ) | (Consolidated with C.A. No. 98-314 (SLR) and C.A. No. 98-316 (SLR)) |
| v. | ) | **REDACTED PUBLIC VERSION** |
| MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., | ) | |
| Defendants. | ) | |

**JOINT MOTION FOR ENTRY OF A DISCOVERY AND BRIEFING SCHEDULE ON PLAINTIFFS' MOTION FOR A PERMANENT INJUNCTION**

Pursuant to the Court's direction at the teleconference on June 25, 2007, the parties submit their respective proposals for a discovery and briefing schedule on Plaintiffs' motion for a permanent injunction, filed June 29, 2007 (D.I. 724, Tr. at 12).

## I. ABBOTT'S PROPOSAL

### A. Proposed Briefing and Discovery Schedule

Abbott proposes the following schedule for Abbott's motion for permanent injunction:

- Medtronic's opposition brief is due by September 28, 2007
- Abbott's reply brief is due by October 31, 2007

This schedule will provide Medtronic with approximately three months from the filing date of Abbott's motion to take discovery and to file its opposition brief. Three months is sufficient time to complete these tasks, particularly since any discovery at this stage in the case should be limited to events pertaining to ACS's motion that occurred after the close of discovery

in August 2004. *See, e.g., MercExchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608, 619 (E.D. Va. 2006) (holding on remand that further "permissible discovery must relate to developments subsequent to August 6, 2003, that are relevant to MercExchange's motion for an injunction and eBay's motion to stay the proceedings."). Medtronic should not be permitted to engage in discovery that it could have pursued during the pre-trial discovery period. Rather, the scope of permissible discovery should be limited and focused on areas that could not have been explored previously.

Medtronic's proposal for six months of discovery is excessive and inappropriate. On June 11, 2007, Medtronic's counsel stated that it "could complete our discovery within 90 days, and be able to file our answering brief 120 days after ACS files its opening brief." Medtronic now, however, requests two more months for discovery in an attempt to delay resolution of Abbott's motion. While Medtronic alleges that it needs substantial amounts of discovery from Abbott and third parties, Medtronic has yet to serve any discovery requests on Abbott or anyone else. Medtronic should not be permitted to use the discovery process to delay disposition of Abbott's motion by taking an excessive amount of time to complete permissible discovery. Abbott submits that reasonable and appropriate discovery can be completed within the time provided by the schedule proposed above.

Moreover, Medtronic's feigned surprise that the Endeavor would be included within the scope of the injunction is unavailing, given Medtronic's repeated admissions (see D.I. 733 at 4, 6, 8, 11; D.I. 735 ¶¶ 2, 8, 10) that the Endeavor product will include the Driver stent, which has been an accused product in this case for nearly four years and was found by the jury to infringe almost two and a half years ago. Of course Medtronic has known all along that an

injunction on the Driver stent would preclude the sale of a combination product (e.g., Endeavor) that includes Driver as one of its components.[1]

**B. The Court Should Not Delay Entering a Schedule Until After Deciding Medtronic's Motion to Stay [redacted]**

[redacted]

In any event, this Court should set a briefing schedule now, rather than giving Medtronic a *de facto* stay while its motion to stay is pending. It has been more than two months

1 *See, e.g., A.B. Dick Co. v. Burroughs Corp.*, 713 F.2d 700, 703 (Fed. Cir. 1983) ("It is fundamental that one cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device. For example, a pencil structurally infringing a patent claim would not become noninfringing when incorporated into a complex machine that limits or controls what the pencil can write.") (citation omitted).

since the Court told Medtronic it could take *eBay* discovery, and two weeks since ACS filed its motion, and yet Medtronic has sought no discovery to date. There is no reason that the clock should continue to toll perpetually. Unless and until the Court enters a stay, this case is not stayed, and should continue without further delay.

A proposed Order consistent with the above is attached as Exhibit A.

## II. MEDTRONIC'S PROPOSAL

### A. Until The Court Decides Medtronic's Motion To Stay [REDACTED] The Court Should Defer Setting And Initiating A Discovery And Briefing Schedule.

Medtronic respectfully requests that the Court defer setting and initiating a discovery and briefing schedule on Abbott's motion for a permanent injunction (D.I. 725) until such time as the Court decides Medtronic's pending motion to stay [REDACTED] A proposed order for that purpose is attached as Exhibit B. Should the Court decide not to defer, an alternative proposed order is attached as Exhibit C.

Medtronic has a next-generation, drug-eluting stent called Endeavor that is currently going through final FDA approvals. Medtronic first learned that Abbott sought to include Endeavor -- which was never accused of infringement -- in this nearly ten-year old patent litigation about bare metal stents when Abbott filed its motion requesting a permanent injunction on June 29th. Now -- post-verdict, post-judgment and post-notice of appeal -- Abbott wants to inject Endeavor into this case and enjoin Medtronic's U.S. launch of it, notwithstanding that [REDACTED] This is not "feigned surprise," as Abbott calls it. Medtronic had no reason to expect that Abbott would seek to enjoin a product [REDACTED] that never was part of this ten-year old case about bare

metal stents, particularly when Medtronic publicly announced its plans to introduce Endeavor years ago.



[redacted]

Medtronic therefore requests that the Court defer setting the discovery and briefing schedule on Abbott's motion for a permanent injunction until it decides Medtronic's motion to stay. [redacted]



**B. If The Court Denies The Motion To Stay, Medtronic Should Be Permitted Six Months To Take The Discovery Necessitated By Abbott's Motion And Prepare Its Answering Brief.**

If and when the Court decides that the discovery and briefing on Abbott's motion for a permanent injunction should go forward, Medtronic proposes a six month period to take discovery and prepare its answering brief. An alternative form of order is attached as Exhibit C.

As the Court acknowledged at the June 25, 2007 teleconference, Medtronic has every reason to want to proceed expeditiously, particularly in light of Abbott's motion to dismiss the appeal as premature. (D.I. 724, Tr. at 12). The issues that Abbott raises, however -- including its attempt to enjoin the U.S. launch of Medtronic's first drug-eluting stent -- are too important to proceed on an incomplete record. Indeed, Abbott still does not explain why Medtronic should be limited to 90 days to take discovery and prepare its answering brief, when Abbott itself took more than 2 years after the jury verdict, more than a year after acquiring the Lau patents, and three months after the Court's post trial decisions to complete the preparation and filing of its injunction papers. Considering even the standard thirty-day response time for discovery requests, document production following those requests, and the ensuing depositions, 90 days is too short a time period to take discovery and prepare and file a brief.

Abbott asserts that "discovery at this stage in the case should be limited to events pertaining to ACS's motion that occurred after the close of discovery in August 2004," and cites

*MercExchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608, 619 (E.D. Va. 2006) for that proposition (*see* Abbott's Proposal, below). *eBay*, however, does not hold -- or even suggest -- that discovery should be limited to the period after the close of discovery. The *eBay* Court ruled that discovery on MercExchange's *renewed* motion for a permanent injunction should be limited to the period after the Court's August 6, 2003 denial of MercExchange's first motion for a permanent injunction, so that the parties could not "backfill the record by presenting evidence that was previously available yet not advanced either at trial or in support of MercExchange's initial motion for an injunction." *Id.* at 613. Here, in contrast, this is Abbott's first motion for an injunction. Medtronic, of course, does not intend to seek discovery it already has. Abbott's motion, however, raises new issues -- such as Endeavor, the marketplace for drug-eluting stents, and their relative safety and efficacy -- that never were the subject of discovery in this case. Even the *eBay* Court exempted an allegation of fraud from its August 2003 cutoff date "because eBay produced the Newman video [which related to the alleged fraud] shortly before trial and after the close of discovery; thus, MercExchange may not have previously been permitted sufficient time to fully investigate such matter." *Id.* at 613 n.3.

Medtronic believes that six months is appropriate, given the numerous issues that Abbott's opening brief and four declarations raise that were never the subject of discovery in the underlying case.

1. Most importantly, Abbott seeks to bring Medtronic's drug-eluting stent Endeavor into a case about bare metal stents. To respond to Abbott's allegations, Medtronic will need to take discovery about the drug-eluting stent market and the parties' and former parties' respective business plans. Medtronic also will need to take discovery on Abbott's allegations of harm, both in the bare metal stent market and now in the drug-eluting stent market, including its

assertions that Medtronic's infringement damaged "ACS's market share and goodwill," "hurt ACS's research-and-development efforts," and allowed Medtronic "to divert talent" from ACS (D.I. 727 at 2). Discovery of Abbott concerning, for example, its marketing plans and efforts, its manufacturing capacity and its ability to meet demand if the launch of Medtronic's stents are enjoined, also is necessary because of Abbott's assertion that it lost sales to Medtronic (*see, e.g.*, D.I. 729, Pacitti Decl.).

2. Abbott's contentions are not limited to the respective products and plans of Medtronic and Abbott. They also raise issues about Cordis and Boston Scientific, the only third parties who currently sell drug-eluting stents and "split" that U.S. stent market, so that "as a result, the next entrant into [this market] will have an even better opportunity to take market share away" from them (D.I. 727 at 12).

3. Abbott also raises issues about the relative safety and efficacy of drug-eluting stents. For example, one of its experts declares that "Medtronic's stents are no safer or more effective than other stents on the market, such as those made by ACS, Boston Scientific, and Cordis" (D.I. 730, Kahn Decl. at ¶ 7).

Medtronic anticipates that it will need to serve written discovery on Abbott and on third parties, review documents received pursuant to that discovery, take depositions, and probably retain its own experts. Understandably, all of this must be completed before Medtronic can finalize its answering brief. Abbott criticizes Medtronic for not having served discovery yet, but ignores that the parties had discussed and agreed that Medtronic would take *eBay* discovery after Abbott served its motion for an injunction. [redacted]

[REDACTED]

[REDACTED] .

Medtronic believes that six months is a reasonable period of time given the number and scope of the issues raised in Abbott's motion, the importance of Medtronic's drug-eluting stent to Medtronic and the public, and the time Abbott itself took to prepare its motion.

Medtronic respectfully requests a teleconference with the Court to discuss these timing issues.

RICHARDS, LAYTON & FINGER

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)
Anne S. Gaza (#4093)
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 658-6541
*Attorneys for Plaintiffs Abbott Cardiovascular Systems, Inc. and Abbott Laboratories, Inc.*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*

Karen Jacobs Louden (#2881)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Defendants Medtronic Vascular, Inc. and Medtronic USA, Inc.*