IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS INC. and ABBOTT LABORATORIES INC., <br><br>　　　　　　Plaintiffs, <br><br>　　v. <br><br>MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., <br><br>　　　　　　Defendants. | C.A. No. 98-80 (SLR) <br>(Consolidated with <br>C.A. No. 98-314 (SLR) and <br>C.A. No. 98-316 (SLR)) |

**DEFENDANTS' NOTICE OF DEPOSITION PURSUANT
TO FED. R. CIV. P. 30(b)(1) FOR DAVID C. PACITTI**

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(1), defendants Medtronic Vascular, Inc. and Medtronic USA, Inc. (collectively "Medtronic") will take the deposition, upon oral examination, of David C. Pacitti before a Notary Public or other officer authorized by law to administer an oath. The deposition will take place at the offices of Gibson, Dunn & Crutcher LLP, One Montgomery Street, Post Montgomery Center, 31st Floor, San Francisco, CA on September 20, 2007, or some other agreed upon location. The deposition will continue from day to day until concluded. The deposition will be recorded stenographically and may be videotaped.

Medtronic further requests that the deponent produce the documents requested in Exhibit A hereto on or before September 13, 2007. The attached requests are subtopics of Medtronic's First Requests for Production of Documents and Things regarding the *eBay* factors. Nonetheless, Medtronic propounds these specific requests so that responsive documents are

produced and segregated in a manner whereby the documents in the witness' possession can be readily identified.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Leslie A. Polizoti (#4299)*
Karen Jacobs Louden (#2881)
Leslie A. Polizoti (#4299)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for Defendants Medtronic Vascular, Inc.
and Medtronic USA, Inc.

OF COUNSEL:

Kevin S. Rosen
Matthew A. Hoffman
Anthony S. Newman
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000

George M. Sirilla
William P. Atkins
PILLSBURY WINTHROP SHAW
 PITTMAN LLP
1650 Tysons Boulevard
McLean, Virginia 22102
(703) 770-7900

August 20, 2007

1215953

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on August 20, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to:

    Frederick L. Cottrell, III
    Anne Shea Gaza
    Richard Layton & Finger

I further certify that on August 20, 2007 I served copies of the foregoing to the following counsel in the manner indicated:

### BY HAND & EMAIL

    Frederick L. Cottrell, III
    Anne Shea Gaza
    Richards Layton & Finger
    One Rodney Square
    P.O. Box 551
    Wilmington, DE  19899

### BY EMAIL

    J. Michael Jakes
    Michael A. Morin
    Finnegan Henderson Farabow Garrett & Dunner LLP
    901 New York Avenue, NW
    Washington, DC 20001-4413

                                    */s/ Leslie A. Polizoti (#4299)*
                                    _____
                                    Leslie A. Polizoti (#4299)

# EXHIBIT A

# EXHIBIT A

## DOCUMENTS AND THINGS TO BE PRODUCED BY DAVID C. PACITTI

**REQUEST NO. 1:**

All documents, things, reports, books, or other material provided to you in this action or upon which you rely as the basis for your opinions and conclusions in your Declaration, including but without limitation, all such documents which you, or others at your direction, have generated.

**REQUEST NO. 2:**

A current resume.

**REQUEST NO. 3:**

Any and all reports, writings, analyses and/or statements prepared by you in connection with your activities as a witness or declarant herein, and all drafts or earlier versions thereof.

**REQUEST NO. 4:**

All correspondence, including but without limitation, correspondence by electronic mail, between you and Plaintiffs' attorneys or other agents in connection with this action.

**REQUEST NO. 5:**

All notes or memoranda made by you in connection with your activities as a witness or declarant, or in connection with any assignment to form any opinions herein, including but without limitation, all notes of conversations with Plaintiffs' attorneys or other agents in connection with this action.

**REQUEST NO. 6:**

Any and all speeches, presentations, and/or articles you have authored or prepared, including but without limitation, those you have relied on and/or that relate to the subject matter of your Declaration filed in this action.

**REQUEST NO. 7:**

All documents relating to any testimony you have given, whether by deposition, trial or otherwise, in any proceeding at any time, including a transcript of any such testimony.

**REQUEST NO. 8:**

All documents provided to you by Plaintiffs' attorneys or other agents in connection with this action.

**REQUEST NO. 9:**

All instructional materials you prepared and/or utilized in connection with any courses and/or seminars you have taught, and/or lectures you have given, relating to the subject matters of your Declaration filed in this action.

**REQUEST NO. 10:**

All notes or outlines you prepared and/or utilized in connection with your teaching, lecturing, advising, counseling, or commenting on subject matters relating to your Declaration filed in this action.

**REQUEST NO. 12:**

All documents and things you considered or reviewed in the preparation of your Declaration in this action.

**REQUEST NO. 13:**

All documents and things relating to Plaintiffs' market share of bare-metal Stents from September 1997 to the present.

**REQUEST NO. 14:**

All projections, forecasts and/or analyses relating to Plaintiffs' future sales, profits and market share of bare-metal Stents and drug-eluting Stents, both separately and combined.

2

**REQUEST NO. 15:**

All internal analyses from the past four years, as well as all underlying data and reports related thereto, of the Stent market, including for bare metal Stents and drug eluting Stents, both separately and combined.

**REQUEST NO. 16:**

All documents relating to Plaintiffs' policies and practices relating to the reinvestment of profits into research and development, including but not limited to the reinvestment of profits gained through sales of its bare-metal Stents into research and development of future Stent products.

**REQUEST NO. 17:**

All documents and things relating to Plaintiffs' ability to recruit and retain employees for its Stent business from 1997 to the present.

**REQUEST NO. 18:**

All documents relating to the recruitment of Plaintiffs' employees by Medtronic since 1997.

**REQUEST NO. 19:**

All documents relating to the recruitment of Medtronic's employees by Plaintiffs since 1997.

**REQUEST NO. 20:**

All documents relating to any damage to ACS's reputation due to sales of Medtronic's Adjudicated Stents, including but not limited to any goodwill lose by ACS in the eyes of investors.

3

**REQUEST NO. 21:**

All documents relating to ACS's lost "value" due to sales of Medtronic's Adjudicated Stents, including but not limited to any documents relating to the effect of sales of Medtronic's Adjudicated Stents on ACS's stock price.

**REQUEST NO. 22:**

All documents relating to ACS's lost "opportunity" due to sales of Medtronic's Adjudicated Stents.

**REQUEST NO. 23:**

All documents relating to the interchangeability or lack thereof of Medtronic's Stents and any other Stents on the market.

**REQUEST NO. 24:**

All documents and things relating to Plaintiffs' ability to manufacture, sell and distribute an adequate amount of bare metal Stents to meet the current and future market demand for bare metal Stents, including but not limited to documents relating to the size of Plaintiffs' sales force, the experience and training of the sales force relating to Stents, and the ability of Plaintiffs'' sales representatives to meet the bare metal Stent needs of physicians.