# EXHIBIT 1

# UNITED STATES DISTRICT COURT
### DISTRICT OF MICHIGAN

| | |
|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS, INC. and ABBOTT LABORATORIES, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., <br><br> Defendant/Counter-Plaintiff. | **SUBPOENA IN A CIVIL CASE** <br><br> Civil Action No: 98-80 (SLR) <br> (Consolidated with C.A. No. 98-314 (SLR) and <br> C.A. No. 98-316 (SLR)) <br> Pending in the United States District Court for the District of Delaware |

TO: DR. JOEL K. KAHN
Michigan Heart Group
4600 Investment Drive, Suite 200
Troy, MI 48098

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| De Scribe Reporting, Inc. <br> 900 Wilshire Blvd., Ste. 202 <br> Troy, MI 48084 | September 14, 2007 <br> 9:30 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): see Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| De Scribe Reporting, Inc. <br> 900 Wilshire Blvd., Ste. 202 <br> Troy, MI 48084 | September 6, 2007 <br> 9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br><br> *Karen Jacobs Louden* <br> Attorney for Plaintiff | DATE <br><br> August 21, 2007 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER <br><br> Karen Jacobs Louden <br> MORRIS, NICHOLS, ARSHT & TUNNELL <br> 1201 North Market Street, P.O. Box 1347 <br> Wilmington, DE 19899 | TELEPHONE <br> (302) 658-9200 |

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | Date | Place |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____
                        DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

# EXHIBIT A

## DOCUMENTS AND THINGS TO BE PRODUCED BY JOEL K. KAHN, M.D.

**REQUEST NO. 1:**

All documents relating to your engagement or retention as a witness or declarant in connection with this action, including but not limited to, any letter evidencing such engagement or retention.

**REQUEST NO. 2:**

All documents, things, reports, books, or other material provided to you in this action or upon which you rely as the basis for your opinions and conclusions in your Declaration, including but without limitation, all such documents which you, or others at your direction, have generated.

**REQUEST NO. 3:**

A current resume or curriculum vitae.

**REQUEST NO. 4:**

Any and all reports, writings, analyses and/or statements prepared by you in connection with your engagement as a witness or declarant herein, and all drafts or earlier versions thereof.

**REQUEST NO. 5:**

All correspondence, including but without limitation, correspondence by electronic mail, between you and Plaintiffs, and/or between you and Plaintiffs' attorneys or other agents.

**REQUEST NO. 6:**

All notes or memoranda made by you in connection with your engagement as a witness or declarant, or in connection with any assignment to form any opinions herein, including but without limitation, all notes of conversations with Plaintiffs and/or Plaintiffs' attorneys or other agents.

**REQUEST NO. 7:**

Any and all speeches, presentations, and/or articles you have authored or prepared, including but without limitation, those you have relied on and/or that relate to the subject matter of paragraphs 1 through 7 of your Declaration filed in this action.

**REQUEST NO. 8:**

All documents relating to any testimony you have given, whether by deposition, trial or otherwise, in any proceeding at any time, including a transcript of any such testimony.

**REQUEST NO. 9:**

All documents provided to you by Plaintiffs and/or Plaintiffs' attorneys or other agents.

**REQUEST NO. 10:**

All instructional materials you prepared and/or utilized in connection with any courses and/or seminars you have taught, and/or lectures you have given, relating to the subject matters of paragraphs 1 through 7 of your Declaration filed in this action.

**REQUEST NO. 11:**

All notes or outlines you prepared and/or utilized in connection with your teaching, lecturing, advising, counseling, or commenting on subject matters relating to paragraphs 1 through 7 of your Declaration filed in this action.

**REQUEST NO. 12:**

All documents relating to any present or past party and/or counsel of record to this action.

**REQUEST NO. 13:**

All documents and things, including medical literature, you considered or reviewed in the preparation of paragraphs 1 through 7 of your Declaration filed in this action.

**REQUEST NO. 14:**

All documents and things you have considered or reviewed relating to the advantages and disadvantages of Medtronic's bare metal Stents, including but not limited to the Driver and MicroDriver Stents, as compared to the currently available Stent products on the market.

**REQUEST NO. 15:**

All documents and things you have considered or reviewed relating to physicians' preferences for Medtronic's bare metal Stents, including but not limited to the Driver and MicroDriver Stents, as compared to the currently available Stent products on the market.

1215366

3