# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

ABBOTT CARDIOVASCULAR  )
SYSTEMS INC. and ABBOTT  )
LABORATORIES INC.,  )
                      )
      Plaintiffs,  )
                      )
      v.  )
                      )
MEDTRONIC VASCULAR, INC. and  )
MEDTRONIC USA, INC.,  )
                      )
      Defendants.  )

C. A. No. 98-80 (SLR)
(Consolidated with C.A. No. 98-314
(SLR) and C.A. No. 98-316 (SLR))

**REDACTED**
**PUBLIC VERSION**

**JULY 9, 2007**

## ACS'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION FOR PERMANENT INJUNCTION

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7509
*Attorneys for Plaintiffs Abbott Cardiovascular
Systems Inc. and Abbott Laboratories Inc.*

OF COUNSEL:
J. Michael Jakes
Gerald F. Ivey
Michael A. Morin
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000
(202) 408-4400

June 29, 2007

**REDACTED**

Additionally, ACS's loss of market share damaged the goodwill of ACS's business in the eyes of investors. (Ex. 6, Pacitti Decl. at ¶ 10.) When valuing a medical device company such as ACS, investors place substantial emphasis on the company's share in the market. (*Id.*; Ex. 21.) By usurping ACS's market share, Medtronic diminished the goodwill—and thus value—of ACS's business to current and potential investors. (*Id.*)

### C.    The Court Rules That Medtronic Infringed ACS's Patents

In February 2005, a jury found that all of Medtronic's accused stents infringe the asserted claims of ACS's patents, and that none of the asserted claims is invalid. (D.I 629.) Yet, in the two and a half years that followed, Medtronic has not stopped infringing. Even now that the Court denied Medtronic's post-trial motions (D.I. 712), upheld the enforceability of the patents (D.I. 713), and entered judgment in ACS's favor (D.I. 715, 719), Medtronic continues to infringe, advertising its infringing Driver and Micro-Driver products for sale on its web page. *See* http://www.medtronic.com/physician/vascular/cs_home.html. Medtronic shows no signs of stopping either. Absent an injunction, Medtronic's infringement will continue and, in fact, multiply, as explained below.

### D.    ACS Settles Patent Litigation with Cordis and Boston Scientific Involving Their Connected-Ring Stents and Competing Patent Claims

ACS has *never* licensed its Lau patents to a third party for money alone. Rather, the few licenses ACS granted were purely in the context of settlements and cross-licenses. (Ex. 8,

---

**REDACTED**

Schneiderman Decl. at ¶ 5.)  Specifically, after Medtronic began infringing ACS's Lau patents, other competitors, including Cordis and Boston Scientific, followed suit.  As it did here, ACS initiated litigation against both parties, suing Cordis in the Northern District of California and Boston Scientific in the Southern District of Indiana.  (*Id.* at ¶¶ 2-3.)  At that time, Cordis and Boston Scientific also had asserted patent claims against ACS's Multi-Link stents, requesting injunctive relief and monetary damages.  All of these disputes, however, were ultimately resolved by settlements and cross-license agreements that ended multiple lawsuits both by and against ACS.  (*Id.*[5])  As part of these settlements, ACS licensed its Lau patents to Cordis and Boston Scientific, but *only* in exchange for licenses on their competing patents.  (*Id.*; Ex. 10; Ex. 11; Ex. 12.)

ACS has a general policy against licensing its Lau patents simply for money and has no interest in licensing them to Medtronic or anyone else on that basis.  (*Id.* at ¶ 6.)  It should not be forced to do so now, against its will.

E.    **Medtronic's Plans to Multiply Its Infringement by Releasing an Infringing Driver Stent with a Drug Coating**

1.    **Drug-Eluting Stents Change the Landscape of the Stent Market**

In 2003, the U.S. stent market was dramatically changed by the launch of DES products. The first such product was Cordis's "Cypher" stent, which includes a stent coated with a drug that is designed to be released when the stent is implanted in a vessel.  (Ex. 13.)  The Cypher stent is on the market under a license to ACS's Lau patents.  In 2004, Boston Scientific released the second competing DES product ("Taxus").  (Ex. 14.)  As with the Cypher, the Taxus is also on the market under a license to ACS's Lau patents.

---

[5] References to "Schneiderman Decl." refer to the Declaration of Gary Schneiderman, Ph.D, attached as Ex. 8.

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MEDTRONIC VASCULAR, INC. and )
MEDTRONIC USA, INC, )
            )
         Plaintiffs, )
            )
     v. )   Civ. No. 98-80-SLR
            )
ADVANCED CARDIOVASCULAR )
SYSTEMS, INC. and GUIDANT )
SALES CORP., )
            )
        Defendants. )

O R D E R

At Wilmington, this 5th day of January, 2005;

IT IS ORDERED that:

1.     ACS's motion _in limine_ to exclude Medtronic's June 12, 2001 summary of the interview with Examiners Willse and Jackson (D.I. 506) is granted.

2.     ACS's motion _in limine_ to preclude the testimony of Medtronic's patent law expert, Don W. Martens, that is inconsistent with the court's guidelines for patent cases (D.I. 507) is granted.

3.     ACS's motion _in limine_ to preclude Medtronic from introducing argument or evidence relating to its claim that ACS misappropriated trade secrets in the trial for the Boneau patent claim (D.I. 508) is granted.

4.   ACS's motion *in limine* to exclude testimony of Steven Opolski (D.I. 509) is granted.

5.   ACS's motion *in limine* to exclude irrelevant evidence concerning governmental investigations of FDA recalls (D.I. 510) is granted.

6.   Medtronic's motion *in limine* to preclude ACS from making reference to its license agreements with Cordis and Boston Scientific Company (D.I. 514) is granted.  Regardless of the reason, absent full discovery of a matter, the matter shall not be admitted as evidence.

_____
United States District Judge

# Exhibit 3

REDACTED

# Exhibit 4



FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

901 New York Avenue, NW ■ Washington, DC 20001-4413 ■ 202.408.4000 ■ Fax 202.408.4400
www.finnegan.com

ANDREW J. VANCE
202.408.4197
andrew.vance@finnegan.com

August 30, 2007

Matthew A. Hoffman, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071-3197

*VIA EMAIL*

Re:    *Advanced Cardiovascular Systems, Inc. v. Medtronic Vascular, Inc.*
       C.A. No. 98-80-SLR (consolidated)

Dear Matthew:

We write in response to Medtronic's subpoena of Dr. Joel Kahn, its deposition notices for Dr. Gary Schneiderman and David C. Pacitti, and its 30(b)(6) deposition notice for Abbott.

We will be representing Dr. Kahn in connection with Medtronic's subpoena. Due to his busy medical practice, Dr. Kahn is unavailable for deposition on September 14, 2007. However, Dr. Kahn would be available for deposition on Saturday, September 15, 2007, at the location specified in Medtronic's subpoena. Please let us know whether Medtronic would like to depose Dr. Kahn on that date.

Dr. Schneiderman is available for deposition on September 26, 2007, in our Palo Alto offices. At his deposition, Dr. Schneiderman will be prepared to address certain topics in Medtronic's 30(b)(6) notice. Please let us know whether Medtronic would like to depose Dr. Schneiderman on September 26 in our Palo Alto offices.

Unfortunately, Mr. Pacitti is unavailable for deposition due to a serious medical condition that has caused him to take extended medical leave from his employment with Abbott. As a substitute witness, Abbott will agree to make Adria Spano available for deposition on September 28, 2007, in our Palo Alto offices. Ms. Spano will be prepared to address the topics in paragraphs 2-10 of Mr. Pacitti's declaration (i.e., all non-DES related topics). Ms. Spano also will be prepared to address certain topics in Medtronic's 30(b)(6) notice. Please let us know whether Medtronic would like to depose Ms. Spano on September 28 in our Palo Alto offices.

With respect to the topics listed in Medtronic's 30(b)(6) notice, Abbott plans to designate Dr. Schneiderman and Ms. Spano as witnesses on its behalf. Abbott will provide a formal response to Medtronic's 30(b)(6) notice, including a designation of particular topics that will be addressed by Dr. Schneiderman and Ms. Spano, by September 11, 2007, as requested by the notice.

Washington, DC ■ Atlanta, GA ■ Cambridge, MA ■ Palo Alto, CA ■ Reston, VA ■ Brussels ■ Taipei ■ Tokyo

Matthew A. Hoffman, Esq.
August 30, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Sincerely,

*Andrew J. Vance*

Andrew J. Vance

# Exhibit 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABBOTT CARDIOVASCULAR        )
SYSTEMS INC. and ABBOTT      )
LABORATORIES INC.,           )
                             )        C.A. No. 98-80 (SLR)
              Plaintiffs,    )        (Consolidated with
                             )        C.A. No. 98-314 (SLR) and
       v.                    )        C.A. No. 98-316 (SLR))
                             )
MEDTRONIC VASCULAR, INC. and )
MEDTRONIC USA, INC.,         )
                             )
              Defendants.    )
                             )

## DEFENDANTS' NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(1) FOR ADRIA SPANO

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(1), defendants Medtronic Vascular, Inc. and Medtronic USA, Inc. (collectively "Medtronic") will take the deposition, upon oral examination, of Adria Spano before a Notary Public or other officer authorized by law to administer an oath. The deposition will take place at the offices of Gibson, Dunn & Crutcher LLP, 1881 Page Mill Road, Palo Alto, CA on September 28, 2007 at 9:30 a.m. The deposition will continue from day to day until concluded. The deposition will be recorded stenographically and may be videotaped.

Medtronic further requests that the deponent produce the documents requested in Exhibit A hereto on or before September 13, 2007. The attached requests are subtopics of Medtronic's First Requests for Production of Documents and Things regarding the *eBay* factors. Nonetheless, Medtronic propounds these specific requests so that responsive documents are produced and segregated in a manner whereby the documents in the witness' possession can be readily identified.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for Defendants Medtronic Vascular, Inc.
and Medtronic USA, Inc.

OF COUNSEL:

Kevin S. Rosen
Matthew A. Hoffman
Anthony S. Newman
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000

George M. Sirilla
William P. Atkins
PILLSBURY WINTHROP SHAW
  PITTMAN LLP
1650 Tysons Boulevard
McLean, Virginia 22102
(703) 770-7900

September 11, 2007

1231172

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on September 11, 2007 I electronically filed

the foregoing with the Clerk of the Court using CM/ECF which will send notification of such

filing to:

> Frederick L. Cottrell, III
> Anne Shea Gaza
> Richard Layton & Finger

I further certify that on September 11, 2007 I served copies of the foregoing to the

following counsel in the manner indicated:

### BY HAND & EMAIL

> Frederick L. Cottrell, III
> Anne Shea Gaza
> Richards Layton & Finger
> One Rodney Square
> P.O. Box 551
> Wilmington, DE 19899

### BY EMAIL

> J. Michael Jakes
> Michael A. Morin
> Finnegan Henderson Farabow Garrett & Dunner LLP
> 901 New York Avenue, NW
> Washington, DC 20001-4413

> */s/ Karen Jacobs Louden*
> _____
> Karen Jacobs Louden

## EXHIBIT A

## DOCUMENTS AND THINGS TO BE PRODUCED BY ADRIA SPANO

### REQUEST NO. 1:

All documents, things, reports, books, or other material provided to you in this action or upon which you rely as the basis for your opinions and conclusions in your Declaration, including but without limitation, all such documents which you, or others at your direction, have generated.

### REQUEST NO. 2:

A current resume.

### REQUEST NO. 3:

Any and all reports, writings, analyses and/or statements prepared by you in connection with your activities as a witness or declarant herein, and all drafts or earlier versions thereof.

### REQUEST NO. 4:

All correspondence, including but without limitation, correspondence by electronic mail, between you and Plaintiffs' attorneys or other agents in connection with this action.

### REQUEST NO. 5:

All notes or memoranda made by you in connection with your activities as a witness or declarant, or in connection with any assignment to form any opinions herein, including but without limitation, all notes of conversations with Plaintiffs' attorneys or other agents in connection with this action.

### REQUEST NO. 6:

Any and all speeches, presentations, and/or articles you have authored or prepared, including but without limitation, those you have relied on and/or that relate to the subject matter of your Declaration filed in this action.

1

**REQUEST NO. 7:**

All documents relating to any testimony you have given, whether by deposition, trial or otherwise, in any proceeding at any time, including a transcript of any such testimony.

**REQUEST NO. 8:**

All documents provided to you by Plaintiffs' attorneys or other agents in connection with this action.

**REQUEST NO. 9:**

All instructional materials you prepared and/or utilized in connection with any courses and/or seminars you have taught, and/or lectures you have given, relating to the subject matters of your Declaration filed in this action.

**REQUEST NO. 10:**

All notes or outlines you prepared and/or utilized in connection with your teaching, lecturing, advising, counseling, or commenting on subject matters relating to your Declaration filed in this action.

**REQUEST NO. 12:**

All documents and things you considered or reviewed in the preparation of your Declaration in this action.

**REQUEST NO. 13:**

All documents and things relating to Plaintiffs' market share of bare-metal Stents from September 1997 to the present.

**REQUEST NO. 14:**

All projections, forecasts and/or analyses relating to Plaintiffs' future sales, profits and market share of bare-metal Stents and drug-eluting Stents, both separately and combined.

**REQUEST NO. 15:**

All internal analyses from the past four years, as well as all underlying data and reports related thereto, of the Stent market, including for bare metal Stents and drug eluting Stents, both separately and combined.

**REQUEST NO. 16:**

All documents relating to Plaintiffs' policies and practices relating to the reinvestment of profits into research and development, including but not limited to the reinvestment of profits gained through sales of its bare-metal Stents into research and development of future Stent products.

**REQUEST NO. 17:**

All documents and things relating to Plaintiffs' ability to recruit and retain employees for its Stent business from 1997 to the present.

**REQUEST NO. 18:**

All documents relating to the recruitment of Plaintiffs' employees by Medtronic since 1997.

**REQUEST NO. 19:**

All documents relating to the recruitment of Medtronic's employees by Plaintiffs since 1997.

**REQUEST NO. 20:**

All documents relating to any damage to ACS's reputation due to sales of Medtronic's Adjudicated Stents, including but not limited to any goodwill lose by ACS in the eyes of investors.

**REQUEST NO. 21:**

All documents relating to ACS's lost "value" due to sales of Medtronic's Adjudicated Stents, including but not limited to any documents relating to the effect of sales of Medtronic's Adjudicated Stents on ACS's stock price.

**REQUEST NO. 22:**

All documents relating to ACS's lost "opportunity" due to sales of Medtronic's

Adjudicated Stents.

**REQUEST NO. 23:**

All documents relating to the interchangeability or lack thereof of Medtronic's Stents and any other Stents on the market.

**REQUEST NO. 24:**

All documents and things relating to Plaintiffs' ability to manufacture, sell and distribute an adequate amount of bare metal Stents to meet the current and future market demand for bare metal Stents, including but not limited to documents relating to the size of Plaintiffs' sales force, the experience and training of the sales force relating to Stents, and the ability of Plaintiffs" sales representatives to meet the bare metal Stent needs of physicians.

4

# Exhibit 6

**Newman, Anthony S.**

| | |
|---|---|
| **From:** | Gaza, Anne [gaza@RLF.com] |
| **Sent:** | Thursday, September 20, 2007 7:45 AM |
| **To:** | Slr_Civil@ded.uscourts.gov |
| **Cc:** | Vance, Andrew; Louden, Karen Jacobs; Cottrell, Frederick; Rosen, Kevin S.; Hoffman, Matthew A.; Newman, Anthony S.; Ghavimi, Darlene |
| **Subject:** | RE: Abbott Cardiovascular Systems, Inc. v. Medtronic Vascular, Inc., C.A. No. 98-80 (SLR) |
| **Attachments:** | EMail_RESP1.pdf |

*Dear Judge Robinson,*

*Attached please find ACS's response to Medtronic's request for emergency relief.*

*Respectfully,*
*Anne Shea Gaza*
*(#4093)*

Anne Shea Gaza, Esquire
RICHARDS, LAYTON & FINGER
Phone: (302) 651-7539
gaza@rlf.com

---

Richards, Layton and Finger, P.A. is not providing any advice with respect to any federal tax issue in connection with this matter.

The information contained in this e-mail message is intended only for the use of the individual or entity named above and may be privileged and/or confidential. If the reader of this message is not the intended recipient, you are hereby notified that any unauthorized dissemination, distribution or copying of this communication is strictly prohibited by law. If you have received this communication in error, please immediately notify us by return e-mail or telephone (302-651-7700) and destroy the original message. Thank you.

---

**From:** Louden, Karen Jacobs [mailto:KLouden@MNAT.com]
**Sent:** Wednesday, September 19, 2007 5:01 PM
**To:** Slr_Civil@ded.uscourts.gov
**Cc:** Vance, Andrew; Cottrell, Frederick; Gaza, Anne; Rosen, Kevin S.; Hoffman, Matthew A.; Newman, Anthony S.; Ghavimi, Darlene
**Subject:** Abbott Cardiovascular Systems, Inc. v. Medtronic Vascular, Inc., C.A. No. 98-80 (SLR)

<<Email Request for Emergency Relief.pdf>>

Dear Judge Robinson,

Attached is Medtronic's request for emergency relief.

Respectfully,

Karen Jacobs Louden

**Karen Jacobs Louden**   ☎ 302.351.9227   ✉ klouden@mnat.com
Morris, Nichols, Arsht & Tunnell LLP | 1201 North Market Street | Wilmington, DE 19801

---

This message, including any accompanying documents or attachments, may contain information that is confidential or that is privileged. If you are not the intended recipient of this message, please note that the dissemination, distribution, use or copying of this message or any of the accompanying documents or attachments is strictly prohibited. If you believe that you may have received this message in error, please contact me at (302) 658-9200 or by return e-mail.

**Opposing Counsel's Response to E-Mail Request for Emergency Relief**

1. Case Number: [   ]-cv-[   ]-SLR

2. BRIEFLY state your response to the **emergency** request made by opposing counsel:

> ACS opposes Medtronic's request. (1) While Abbott does not object to production of agreements with BSC and Cordis, Abbott cannot produce them due to confidentiality provisions. (2) ACS has not "refused" to make David Pacitti available for deposition. Mr. Pacitti has a serious medical condition that has placed him on extended medical leave from Abbott. In his place, ACS has offered to make available another witness to testify on the subject matter of his declaration. Because Medtronic will suffer no prejudice, there is no basis to strike Mr. Pacitti's declaration. (3) ACS should not be required to identify documents produced during pretrial discovery because it would be just as easy (and more efficient) for Medtronic to search these documents itself. (4) ACS objects to production of communications with Dr. Kahn based on the parties' agreement that documents concerning draft expert documents are not discoverable.

*Any text added to beyond the limits of this space will be disregarded by the court.

3. Name of local counsel submitting this response: [                    ]

4. Today's Date: [                    ]

*********************************************************************************************

# Exhibit 7

**Hoffman, Matthew A.**

| | |
|---|---|
| **From:** | Vance, Andrew [andrew.vance@finnegan.com] |
| **Sent:** | Thursday, September 20, 2007 2:54 PM |
| **To:** | Hoffman, Matthew A. |
| **Cc:** | Gaza, Anne; EXT Cottrell, Fred |
| **Subject:** | Abbott v. Medtronic |

Dear Matt:

We just learned that Adria Spano has left Abbott and thus will no longer be available for deposition next week.  As a result, despite his serious health problems, Dave Pacitti has agreed to make himself available for deposition. Accordingly, this moots your request to strike Mr. Pacitti's declaration.  We will be in touch shortly to provide a date and location for Mr. Pacitti's deposition.

Andrew

**Andrew J. Vance** | Finnegan, Henderson, Farabow, Garrett & Dunner, LLP | 901 New York Avenue, NW, Washington, DC 20001-4413 | 202.408.4197 | fax 202.408.4400 | andrew.vance@finnegan.com

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.