# EXHIBIT 1

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS, INC. and ABBOTT LABORATORIES, INC.,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC.,<br><br>Defendant/Counter-Plaintiff. | SUBPOENA IN A CIVIL CASE<br><br>Civil Action No: 98-80 (SLR)<br>(Consolidated with C.A. No. 98-314 (SLR) and C.A. No. 98-316 (SLR))<br>Pending in the United States District Court for the District of Delaware |

TO: ADRIA SPANO
9530 Estates Dr.
Gilroy, CA 95020-9192

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Gibson, Dunn & Crutcher LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304<br>(650) 849-5300 | October 16, 2007<br>9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): see Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Gibson, Dunn & Crutcher LLP<br>1881 Page Mill Road<br>Palo Alto, CA 94304<br>(650) 849-5300 | October 16, 2007<br>9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Attorney for Defendant | October 10, 2007 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | TELEPHONE |
| Anthony Stuart Newman<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071 | (213) 229-7000 |

|         | DATE | PLACE |
|---------|------|-------|
| SERVED  | Date | Place |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct:

Executed on: _____
                      DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

RULE 45, FEDERAL RULES OF CIVIL PROCEDURE, PARTS C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provision of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT A

# EXHIBIT A

## DOCUMENTS AND THINGS TO BE PRODUCED BY ADRIA SPANO

### DEFINITIONS

The following terms have these meanings:

1. The terms "Medtronic" or "Defendants" mean Medtronic Vascular, Inc. and Medtronic USA, Inc., collectively, and shall include each of their predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on their behalf.

2. The term "ACS" shall mean Abbott Cardiovascular Systems, Inc. and Abbott Laboratories Inc., and shall include each and/or any of their parent corporations, affiliates, or any other companies, corporations, partnerships, joint ventures or other business entities which are or have been under common ownership or control with them, predecessors, successors, subsidiaries, divisions, assigns, and each other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, agents, legal representatives, consultants or other persons acting or purporting to act on its behalf.  "ACS" also includes the former plaintiffs in this action, Advanced Cardiovascular Systems, Inc. and Guidant Sales Corporation.

3. The terms "Plaintiffs" shall mean Abbott Cardiovascular Systems Inc., Abbott Laboratories Inc. and their predecessors-in-interest.

4. The term "you" or "your" shall mean Adria Spano, her assignees, employees, agents, and attorneys.

1

5. The term "document" is used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, all forms of recorded information in your actual or constructive possession, custody, or control.

6. The terms "thing" or "things" are used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and include, but are not limited to, prototypes, models, specimens, or other devices, and commercially-manufactured items.

7. The term "this Action" shall mean this lawsuit, captioned *Advanced Cardiovascular System, Inc. v. Medtronic Vascular, Inc.,* C.A. No. 98-80-SLR (Consolidated), United Stated District Court, District of Delaware.

8. The term "Stent" includes but is not limited to the following: balloon expandable and self-expanding stents; stents used alone or in conjunction with another prosthesis (*e.g.* stent-grafts); stents that are now made, have been made, or are expected to be made and/or publicly available either on their own or as part of a stent delivery system, including all bare-metal stents and drug-eluting stents; and predecessors, prototypes, or models of such stents, even if unworkable or representative of an unworkable design.

9. The term "Medtronic Adjudicated Stent" shall mean the stents that the jury in this Action found infringed the Lau Patents-In-Suit.

## REQUESTS FOR DOCUMENTS AND THINGS

**REQUEST NO. 1:**

A current resume.

**REQUEST NO. 2:**

All correspondence between you and Plaintiffs' attorneys or agents in connection with this Action, including without limitation all correspondence by electronic mail.

**REQUEST NO. 3:**

All notes or memoranda made by you in connection with the Action, including without limitation all notes of conversations with Plaintiffs' attorneys or other agents in connection with the Action.

**REQUEST NO. 4:**

All documents provided to you by Plaintiffs' attorneys or other agents in connection with this Action.

**REQUEST NO. 5:**

All documents and things you have considered or reviewed in preparation for any deposition in this Action, including the deposition that took place on April 27, 2004 and deposition noticed pursuant to this subpoena.

**REQUEST NO. 6:**

All documents and things relating to Plaintiffs' market share of Stents from September 1997 to the present.

**REQUEST NO. 7:**

All projections, forecasts and/or analyses relating to Plaintiffs' future sales, profits and market share of bare-metal Stents and drug-eluting Stents, both separately and combined.

**REQUEST NO. 8:**

All analyses from the past four years, as well as all underlying data and reports related thereto, of the Stent market, including for bare-metal Stents and drug-eluting Stents, both separately and combined.

**REQUEST NO. 9:**

All documents relating to Plaintiffs' policies and practices concerning the reinvestment of profits into research and development, including but not limited to the reinvestment of profits gained through sales of Plaintiffs' bare-metal Stents into research and development of future Stent products.

**REQUEST NO. 10:**

All documents and things relating to Plaintiffs' ability to recruit and retain employees for its Stent business from 1997 to the present.

**REQUEST NO. 11:**

All documents relating to the recruitment of Plaintiffs' employees by Medtronic since 1997.

**REQUEST NO. 12:**

All documents relating to the recruitment of Medtronic's employees by Plaintiffs since 1997.

**REQUEST NO. 13:**

All documents relating to any damage to ACS's reputation due to sales of Medtronic's Adjudicated Stents, including but not limited to any goodwill lost by ACS in the eyes of investors.

**REQUEST NO. 14:**

All documents relating to the effect of sales of Medtronic's Adjudicated Stents on ACS's stock price.

**REQUEST NO. 15:**

All documents relating to the interchangeability or lack thereof of Medtronic's Stents and any other Stents on the market.

**REQUEST NO. 16:**

All documents relating to the relative safety and efficacy of Plaintiffs' bare-metal Stents as compared to other Stents, including other bare-metal Stents and drug-eluting Stents.

**REQUEST NO. 17:**

All documents and things relating to Plaintiffs' ability to manufacture, sell and distribute an adequate amount of bare-metal Stents to meet the current and future market demand for bare-metal Stents.

**REQUEST NO. 18:**

All documents and things relating to Medtronic.

**REQUEST NO. 19:**

To the extent not encompassed by Request Nos. 1-18, all documents and things relating to this Action, including without limitation all documents and things relating to Plaintiffs' Motion For Permanent Injunction.