# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

KAREN JACOBS LOUDEN
(302) 351-9227
(302) 425-4681 Fax
klouden@mnat.com

November 6, 2007

**BY E-FILING**

The Honorable Sue L. Robinson
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:   *Abbott Cardiovascular Sys., Inc. et al. v. Medtronic Vascular, Inc., et al.*, C.A. No. 98-80 (SLR)

Dear Judge Robinson:

      In anticipation of tomorrow's discovery teleconference scheduled for 8:00 am, we enclose materials to which we may refer during the conference. Exhibits 1, 2 and 3 are included on the Court's docket as D.I. 724, D.I. 754 and D.I. 756, but we are including them here for the Court's convenience.

      Respectfully,

      */s/ Karen Jacobs Louden*

      Karen Jacobs Louden (#2881)

/cbh
Enc.
cc:   Clerk of the Court (by hand) (w/enc.)
      Frederick L. Cottrell, III, Esq. (by hand and email) (w/enc.)
      Kevin S. Rosen, Esq. (by email) (w/enc.)
      Andrew J. Vance, Esq. (by email) (w/enc.)

1306770

# EXHIBIT 1

ACS v. Medtronic                CondenseIt™                CA No. 98-80 (SLR)

```
                                                    Page 1
 1         IN THE UNITED STATES DISTRICT COURT
 2         IN AND FOR THE DISTRICT OF DELAWARE
 3                       - - -
 4   ADVANCED CARDIOVASCULAR    :  CIVIL ACTION
     SYSTEMS, INC. and GUIDANT  :
 5   SALES CORPORATION,         :
                                :
 6               Plaintiffs     :
                                :
 7         vs.                  :  NO. 98-80 (SLR)
                                :  (Consolidated with C.A.
 8   MEDTRONIC VASCULAR, INC.   :  No. 314 (SLR) and C.A.
     and MEDTRONIC USA, INC.,   :  NO. 98-316 (SLR)
 9                              :
                 Defendants     :
10                              :
                          - - -
11
                               Wilmington, Delaware
12                             Monday, June 25, 2007
                               11:37 o'clock, a.m.
13                        *** Telephone Conference

14                       - - -
15   BEFORE:  HONORABLE SUE L. ROBINSON, Chief Judge
16                       - - -
17   APPEARANCES:
18         RICHARDS, LAYTON & FINGER
           BY: FREDERICK L. COTTRELL, ESQ. and
19             ANNE SHEA GAZA, ESQ.
20                  -and-
21
22
23
24                     Valerie J. Gunning
                       Official Court Reporter
25
```

```
                                                    Page 2
 1   APPEARANCES (Continued):
 2
 3      FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER,
        L.L.P.
 4      BY:  J. MICHAEL JAKES, ESQ. and
             MICHAEL A. MORIN, ESQ.
 5           (Washington, D.C.)
 6           Counsel for Plaintiffs
 7
 8      MORRIS, NICHOLS, ARSHT & TUNNELL
        BY:  KAREN JACOBS LOUDEN, ESQ. and
 9            LESLIE A. POLIZOTI, ESQ.
10
              -and-
11
12      GEORGE M. SIRILLA, ESQ.,
        WILLIAM ATKINS, ESQ.
13           (McLean, Virginia)
14
             Counsel for Defendants
15
16                      - - -
```

```
                                                    Page 3
 1
 2
 3              P R O C E E D I N G S
 4                     -
 5      (REPORTER'S NOTE: The following telephone con
 6   conference was held in chambers, beginning at 11:37 a.m.)
 7
 8      THE COURT: Good morning, counsel. This is Judge
 9   Robinson and Valerie is here as our Court Reporter, so it
10   would be helpful if you identified yourselves when you spoke
11   so that our record is clear.
12      The call is in connection with the round of
13   e-mails about the -- well, I guess I will let you fill me in
14   on how we might help resolve this issue through this
15   telephone conference. And I will start with -- well, I don't
16   know -- who started this? Was it the defendant? The
17   plaintiff? Let me know.
18      MS. JACOBS LOUDEN: We did, your Honor.
19   For Medtronic, this is Karen Jacobs Louden, from Morris
20   Nichols.
21      Your Honor, the help that we're asking for at
22   this time is in light of where procedurally we are in this
23   case. The relief we would like to get from the Court is an
24   order deferring ACS's application for injunctive relief until
25   after the appeal.
```

```
                                                    Page 4
 1      The reason that we're making that application
 2   is when this Court ruled on Medtronic's post-trial motions
 3   and inequitable conduct defense on March 29th and April 23rd,
 4   there was nothing left for the Court to decide and
 5   the Court entered judgment on May 2nd, and that judgment
 6   was final except for an accounting within the meaning of
 7   Section 1292. And we then filed our notice of appeal on
 8   May 9th.
 9      So at that time, the judgment was final,
10   Medtronic had to file a notice of appeal within 30 days
11   to preserve its rights to an appeal. So it was only then
12   two years after we had our jury verdict in this case, and
13   after the Court decided post-trial motions and even after
14   the judgment and notice of appeal, that ACS raised for the
15   first time the issue of injunctive relief, and it raised
16   it not by a motion, but only in an e-mail to the Court,
17   stating that it intended in the future to move for permanent
18   injunction.
19      The Court responded to ACS's e-mail request
20   on May 18th, and the Court stated that although it was
21   not inclined to grant injunctive relief prior to appeal in
22   these stent cases, it couldn't prevent ACS from filing an
23   application.
24      Well, here we are more than a month later and we
25   still don't have any such application, and instead ACS still
```

ACS v. Medtronic    CondenseIt™    CA No. 98-80 (SLR)

Page 5

1  is just expressing an extension to file a motion, and it
2  tells us that it intends to do so by June 29th.
3       Well, the new development, your Honor, is that
4  ACS filed a motion to dismiss in the Federal Circuit on the
5  basis that Medtronic's appeal is premature because this Court
6  hasn't decided a motion that ACS hasn't filed yet.
7       We've opposed the motion to dismiss. We don't
8  think the appeal is premature. In our view, the judgment was
9  final when it was entered and ACS's still unfiled motion
10 doesn't divest the Federal Circuit of jurisdiction, and we
11 think the Court does retain -- that this Court retains
12 jurisdiction to decide the injunctive, issue of injunctive
13 relief pending appeal. But that's an issue for the Federal
14 Circuit to decide and we don't -- you know, the Federal
15 Circuit will have to either let the appeal go forward
16 or not.
17      The point that we want to make here is that
18 ACS should not get to have it both ways. It shouldn't get
19 to hold off on moving for an injunction until after judgment
20 has been entered and a notice of appeal has been filed and
21 then hold up that appeal by arguing that it's premature
22 because the Court hasn't decided a motion that it has not
23 filed yet.
24      And, you know, the real practical issue is that
25 if -- if ACS does succeed on its motion to dismiss, the delay

Page 6

1  could be very significant. As we know, injunctions are no
2  longer routine matters after EBay, and because ACS still
3  hasn't filed its motion under any reasonable schedule, and
4  your Honor saw the e-mail request about the briefing
5  schedule, under any of those scenarios, we're still not
6  talking about completing briefing until the fall at the
7  earliest and perhaps later. And, of course, this isn't the
8  Court's only case in deciding these applications. And e-mail
9  is not a routine matter either.
10      So we're talking about a significant delay in the
11 appeal if ACS prevails on its motion to dismiss, and this is
12 all in the context of the, of course, where the key issue of
13 liability has not been decided finally on appeal. So we
14 would be going forward and litigating whether these very
15 important medical products should be taken off the market all
16 in a context of when the Federal Circuit changes the
17 liability ruling, and all of this could be moot.
18      So our request is that in light of the Court's
19 disinclination to grant injunctive relief prior to appeal,
20 we don't think it's in the interests of justice to spend
21 ample time, expense, and, of course, judicial resources on a
22 motion that the Court is unlikely to grant and which will be
23 moot if Medtronic prevails on appeal, especially where
24 there's a potential to significantly delay the ultimate
25 resolution of this matter.

Page 7

1  I also have some comments on -- if the Court is
2  going to allow briefing to go forward, the schedule we'd like
3  to see entered, but I'm also happy to defer that if you would
4  prefer to hear from opposing counsel first.
5       THE COURT: Well, I'd like to defer that and hear
6  from opposing counsel on why it can possibly make sense for
7  us to delay the ultimate resolution of this case by going
8  forward on briefing an issue which plaintiff hasn't deigned
9  important enough to even file a motion on in a timely
10 fashion.
11      THE COURT: Good morning, your Honor. This
12 is Mike Jakes, from Finnegan Henderson, on behalf of
13 ACS.
14      The situation we are in is that, as far as we
15 understand the law, there is no appealable judgment until the
16 Court has ruled on our request for an injunction.
17      And just to clarify on the sequence of events,
18 it was about a week after your Honor's final judgment
19 that we raised the question of what we were going to do
20 about an injunction and the fact that we would like to set
21 a briefing schedule for that. It was only after that we
22 had raised that that Medtronic filed their notice of appeal
23 the next day.
24      So we did raise this issue within a week
25 after the Court had entered the judgment on the

Page 8

1  unenforceability issue that Medtronic had raised and at
2  that time we suggested a briefing schedule. We've gone back
3  and forth with Medtronic on that.
4       ==Your Honor indicated that Medtronic would be==
5  ==allowed to take some discovery and so we suggested a==
6  ==discovery period. Then Medtronic said, no, they wanted us to==
7  ==file our brief first and then do discovery, so we have also==
8  ==proposed a schedule for that as well. We said we'd file our==
9  ==brief by the end of June and then we could go forward with==
10 ==the necessary discovery.==
11      There is a motion pending at the Federal Circuit
12 and the Federal Circuit should tell us shortly whether or not
13 there is an appealable judgment. I understand that the Court
14 would like this to go forward and in many cases we would like
15 that as well, but until the injunction issue is resolved,
16 it's our understanding that there is no final judgment except
17 for an accounting, which can be appealed to the Federal
18 Circuit.
19      We don't really want to go through the appeal for
20 a year and have the Federal Circuit tell us that there was no
21 jurisdiction, which is why we've raised it in a motion to
22 dismiss.
23      Medtronic has responded and we should know
24 shortly whether or not that goes forward. But there's really
25 nothing for the Court to do on that and I'm not really sure

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS, INC. and ABBOTT LABORATORIES, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) C.A. No. 98-80 (SLR) <br> ) (Consolidated with C.A. No. 98-314 (SLR) and <br> ) C.A. No. 98-316 (SLR)) <br> ) <br> ) **REDACTED PUBLIC VERSION** <br> ) <br> ) <br> ) <br> ) |

**JOINT MOTION FOR ENTRY OF A DISCOVERY AND BRIEFING SCHEDULE ON
PLAINTIFFS' MOTION FOR A PERMANENT INJUNCTION**

Pursuant to the Court's direction at the teleconference on June 25, 2007, the parties submit their respective proposals for a discovery and briefing schedule on Plaintiffs' motion for a permanent injunction, filed June 29, 2007 (D.I. 724, Tr. at 12).

### I.   ABBOTT'S PROPOSAL

**A.   Proposed Briefing and Discovery Schedule**

Abbott proposes the following schedule for Abbott's motion for permanent injunction:

- Medtronic's opposition brief is due by September 28, 2007
- Abbott's reply brief is due by October 31, 2007

This schedule will provide Medtronic with approximately three months from the filing date of Abbott's motion to take discovery and to file its opposition brief. Three months is sufficient time to complete these tasks, particularly since any discovery at this stage in the case should be limited to events pertaining to ACS's motion that occurred after the close of discovery

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS, INC. and ABBOTT LABORATORIES, INC., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civ. No. 98-80-SLR ) (Consolidated with Civ. Nos. |
| MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., | ) 98-314-SLR and 98-316-SLR) ) ) |
| Defendants. | ) |

## ORDER

At Wilmington this 6th day of August, 2007, having reviewed the joint motion for entry of a discovery and briefing schedule on plaintiffs' motion for a permanent injunction, and defendants' motion to stay plaintiffs' motion for a permanent injunction pending arbitration, as well as the papers filed in connection therewith;

IT IS ORDERED that defendants' motion to stay (D.I. 732) is granted to the extent it relates to the "Endeavor" stent, for the reasons that follow:

1. Although the "Endeavor" stent has never been an accused product in this case, the court understands that the "Endeavor" stent is a drug-eluting stent that uses as its platform one of the devices found to be infringing at bar. In response to plaintiffs' motion for a permanent injunction that includes within its scope the "Endeavor" stent, defendants assert that they have a license to market the "Endeavor" and, further, that the license requires any dispute thereunder to be resolved through arbitration.

2. The court finds that the "Endeavor" licensing issue is sufficiently distinct from the question of whether a permanent injunction should issue as to the products found to be infringing at bar as to justify going forward with discovery and briefing on the latter issue, while staying the proceedings as to the "Endeavor" stent.

3. Therefore, the parties shall comply with the following schedule:[1]

   a. Limited discovery under eBay, Inc. V. MercExchange, L.L.C., 126 S. Ct. 1837 (2006), may be conducted so as to be completed by September 21, 2007.

   b. Defendants' opposition to plaintiffs' motion for a permanent injunction shall be filed on or before October 22, 2007.

   c. Plaintiffs' reply brief shall be filed on or before November 5, 2007.

_____
United States District Judge

---

[1] The parties' joint motion for a scheduling order (D.I. 743) is moot.

2

# EXHIBIT 4

# GIBSON, DUNN & CRUTCHER LLP

LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

333 South Grand Avenue  Los Angeles, California 90071-3197
(213) 229-7000
www.gibsondunn.com

MHoffman@gibsondunn.com

September 4, 2007

Direct Dial
(213) 229-7584
Fax No.
(213) 229-6584

Client No.
T 64533-00007

<u>VIA PDF E-MAIL</u>

Mr. Andrew J. Vance
Finnegan, Henderson, Farabow
  Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413

Re:  *Advanced Cardiovascular Systems, Inc. v. Medtronic Vascular, Inc.*, C.A. No. 98-80-SLR

Dear Andrew:

We are in receipt of your letter dated August 30, 2007. Regarding Dr. Kahn, Medtronic agrees to your proposal to conduct his deposition on Saturday, September 15, 2007 at the location specified in Medtronic's subpoena.

However, your proposals regarding the depositions of Dr. Schneiderman, Mr. Pacitti and Abbott's 30(b)(6) witnesses are unacceptable for a number of reasons.

First, the depositions were noticed for Gibson Dunn & Crutcher's San Francisco office, not Finnegan's Palo Alto office. We would be willing to conduct the depositions at Gibson, Dunn & Crutcher's Palo Alto office if that is more convenient for the witnesses, but we will not agree to conduct these depositions in Finnegan's Palo Alto office. We should not be required to transport all of the necessary documents for the deposition to Finnegan's office. Medtronic has an absolute right to notice the depositions in the location permitted by the rules, which includes our San Francisco or Palo Alto office.

Second, regarding Mr. Pacitti, Abbott has submitted his declaration in support of its motion for permanent injunction. Abbott cannot rely on that declaration without making Mr.

**GIBSON, DUNN & CRUTCHER LLP**

Mr. Andrew J. Vance
September 4, 2007
Page 2

Pacitti available for deposition. Please let us know what Mr. Pacitti's medical condition is, when it arose, and provide us with medical verification of his condition or a declaration from him that he is unable to give a deposition. If Mr. Pacitti is truly unavailable, Abbott should withdraw Mr. Pacitti's declaration in support of its motion for permanent injunction.

Finally, as you know, the court-ordered discovery cut-off is September 21, 2007 and we cannot agree to any discovery after that date. Moreover, Abbott's proposed dates for the depositions (September 26 and 28, 2007) are unacceptable given that Abbott represented to Judge Robinson that discovery could be completed by September 21, 2007. Please provide us with suitable deposition dates within the discovery time frame set forth in Judge Robinson's order.

Sincerely,

*[signature]*

Matthew A. Hoffman

MAH/mah

cc:   Karen Jacobs Louden, Esq.

100291740_1.DOC

# EXHIBIT 5

# GIBSON, DUNN & CRUTCHER LLP

## LAWYERS

A REGISTERED LIMITED LIABILITY PARTNERSHIP
INCLUDING PROFESSIONAL CORPORATIONS

333 South Grand Avenue  Los Angeles, California 90071-3197
(213) 229-7000
www.gibsondunn.com

MHoffman@gibsondunn.com

September 4, 2007

Direct Dial
(213) 229-7584
Fax No.
(213) 229-6584

Client No.
T 64533-00007

VIA PDF E-MAIL

Mr. Andrew J. Vance
Finnegan, Henderson, Farabow
  Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413

Re:  *Advanced Cardiovascular Systems, Inc. v. Medtronic Vascular, Inc.*, C.A. No. 98-80-SLR

Dear Andrew:

This letter serves to confirm our agreement by phone earlier today that the depositions of Dr. Schneiderman (in both his individual capacity and as one of Abbott's 30(b)(6) designees) and Ms. Spano (as one of Abbott's 30(b)(6) designees) will take place in Gibson, Dunn & Crutcher's Palo Alto office. We would appreciate it if you would provide us a list of which 30(b)(6) categories will be covered by each of those two 30(b)(6) corporate designees.

==We must also reiterate our position that Abbott is required to provide us with suitable deposition dates within the discovery time frame ordered by Judge Robinson, i.e. no later than September 21, 2007.== During our phone conversation earlier today, you indicated that one of the problems with scheduling depositions during the weeks of September 10, 2007 and September 17, 2007 were the two Jewish holidays during those weeks. While we respect the observance of any religious holiday, only one of those holidays (Rosh Hashanah on September 13) occurs before the September 21 discovery cut-off, and none of the depositions were noticed for either Jewish holiday. However, to the extent that either Jewish holiday impacts the ability of any witness or counsel to make themselves available during the weeks of September 10, 2007 or September 17, 2007, please provide us with a list of those witnesses and counsel impacted, as

LOS ANGELES   NEW YORK   WASHINGTON, D.C.   SAN FRANCISCO   PALO ALTO
LONDON   PARIS   MUNICH   BRUSSELS   ORANGE COUNTY   CENTURY CITY   DALLAS   DENVER

**GIBSON, DUNN & CRUTCHER LLP**

Mr. Andrew J. Vance
September 4, 2007
Page 2

well as the dates they are unavailable, and we will work to find a mutually agreeable date within the discovery time frame.

    Regarding Mr. Pacitti, Medtronic maintains that if Mr. Pacitti is unavailable for deposition due to a medical condition, Abbott should withdraw Mr. Pacitti's declaration in support of its motion for permanent injunction. We also reiterate our request that you inform us when Mr. Pacitti's medical condition was known vis-à-vis the submission of his declaration, as well as that you provide us with some form of proof that Mr. Pacitti is truly unavailable to testify. Please let us know what Abbott's position is regarding Mr. Pacitti's declaration so that Medtronic will know whether it needs to seek the Court's intervention.

    Sincerely,

    Matthew A. Hoffman

MAH/mah

cc:    Karen Jacobs Louden

100293169_1.DOC

# EXHIBIT 6

Hoffman, Matthew A.
_____

From: Vance, Andrew [andrew.vance@finnegan.com]
Sent: Friday, September 07, 2007 12:23 PM
To: Hoffman, Matthew A.
Subject: Abbott v. Medtronic

Matt,

Abbott agrees that Adria Spano's deposition will be on September 28 in your Palo Alto office, and that no other discovery will occur after September 21.

Andrew

Andrew J. Vance | Finnegan, Henderson, Farabow, Garrett & Dunner, LLP | 901 New York Avenue, NW, Washington, DC 20001-4413
| 202.408.4197 | fax 202.408.4400 | andrew.vance@finnegan.com

This e-mail message is intended only for individual(s) to whom it is addressed and may contain information that is privileged, confidential, proprietary, or otherwise exempt from disclosure under applicable law. If you believe you have received this message in error, please advise the sender by return e-mail and delete it from your mailbox. Thank you.