**EXHIBITS 31
REDACTED**

**Exhibit 32**



901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

ANDREW J. VANCE
202 408 4197
andrew.vance@finnegan.com

June 6, 2007

Karen Jacobs Louden, Esq.
Morris, Nichols, Arsht & Tunnel
Chase Manhattan Centre, 18th Floor
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347

<u>VIA E-MAIL</u>

Re: *Medtronic Vascular, Inc. v. Advanced Cardiovascular Systems, Inc.*
<u>C.A. No. 98-80-SLR (consolidated)</u>

Dear Karen:

We write in response to your letter of June 1, 2007.

First of all, your letter is based on a mistaken assumption that there is an appealable judgment in the case. The district court has not yet issued a final judgment. Nor can Medtronic appeal on an interlocutory basis under 28 U.S.C. § 1292(C) in light of ACS's request for a permanent injunction. Indeed, the Federal Circuit has repeatedly dismissed appeals, like Medtronic's, that were filed before the district court has ruled on a request for a permanent injunction. *See, e.g., Schwarz Pharma, Inc. v. Teva Pharmaceuticals USA, Inc.*, 132 Fed. Appx. 369 (Fed. Cir. 2005) (nonprecedential) ("We agree with Schwarz that Teva's appeal is premature because Schwarz's request for permanent injunctive relief remains pending before the district court. The district court infringement action on the merits is over, save for the request for a permanent injunction. Thus, Teva's appeal is premature and must be dismissed."); *Surfco Hawaii v. Fin Control Sys. PTY, Ltd.*, 232 F.3d 910 (Fed. Cir. 2000) (nonprecedential) ("In this case, however, the district court by its liability determination has not decided the parameters of injunctive relief. Thus, because issues other than accounting remain to be decided, this court is without jurisdiction over this appeal."); *Aspex Eyewear, Inc. v. Concepts in Optics, Inc*, 153 Fed.Appx. 730 (Fed. Cir. 2005) (nonprecedential) ("[B]ecause other claims for relief, and the motion for an injunction, remain pending, the case is not final except for an accounting pursuant to 28 U.S.C. § 1292(c)(2)."); *Magnesystems Inc v. Nikken, Inc*, 36 F.3d 1114 (Fed. Cir. 1994) (nonprecedential) (holding appeal before decision on permanent injunction is premature).

Thus, it is entirely proper for ACS to pursue an injunction in the district court at this point. Medtronic, on the other hand, has no basis for maintaining its appeal to the Federal Circuit. Rather than making idle threats to seek attorney fees, Medtronic should voluntarily

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

Karen Jacobs Louden, Esq.
June 6, 2007
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

dismiss its improper appeal. Please let us know immediately whether Medtronic will do so; otherwise, ACS will be forced to file a motion to dismiss the appeal at the Federal Circuit.

Finally, with respect to your proposal regarding discovery, in the spirit of compromise, we would be willing to participate in *reasonable* discovery after ACS files an opening brief in support of a permanent injunction, but Medtronic's request for 150 days is excessive. Moreover, given that ACS has been seeking an injunction since the very outset of this case, and given the significant discovery that has already been conducted, any further discovery should be limited to events pertaining to ACS's motion for an injunction that occurred *after* the close of discovery in August 2004. *See, e.g., MercExchange, L.L.C. v. eBay, Inc.*, 467 F. Supp. 2d 608, 619 (E.D. Va. 2006) ("To reiterate, the permissible discovery must relate to developments subsequent to August 6, 2003, that are relevant to MercExchange's motion for an injunction and eBay's motion to stay the proceedings.").

We propose that ACS file its opening brief by June 30, 2007, and that Medtronic's responsive brief be due 60 days thereafter. This should provide more than sufficient time to take the limited *eBay*-related discovery that might be permissible. Unlike in a preliminary injunction situation, Medtronic's products have already been found to infringe ACS's patents by both the jury and the district court, so the merits are not at issue. Moreover, Medtronic already had ample opportunity to explore ACS's long-standing request for a permanent injunction during the discovery phase of the case.

We look forward to hearing from you regarding the above issues.

Sincerely,

*Andrew J. Vance*

Andrew J. Vance

cc:   George M. Sirilla, Esq.
       Frederick L. Cottrell, III, Esq.

Exhibit 33



# Medtronic

Search Medtronic.com ▶   [Search]

Medtronic.com Home

## Newsroom

Newsroom Home > News Releases > Medtronic Sues Guidant In Ire.

**Enter Keyword:**

*This information is intended for media professionals and investors*

**Document Options**
- E-mail this page
- Format to print
- PDF version

**Search Newsroom:**
All Newsroom [GO]

### News Release

**Medtronic Media Contacts:**
Jeff Warren, Investor Relations, 763-505-2696
Scott Papillon, Public Relations, 707-591-7367

**For Media Professionals**
- News Releases
- Media Kits
- Media Contacts
- Image Library
- Awards
- Events
- Webcasts
- Multimedia Press Room

**Corporate Information**
- Medtronic at a Glance
- Executive Management
- Investor Information
- Corporate Governance

Register to receive
**EMAIL ALERTS**
as new content is available.

**Medtronic Sues Guidant In Ireland**
*Alleges patent infringement by Vision® and Xience™ stents; seeks damages and injunction*

MINNEAPOLIS – March 28, 2006 – Medtronic, Inc. (NYSE: MDT) today announced that it has filed a patent infringement lawsuit against Guidant Corporation in the High Court in Dublin, Ireland. The lawsuit alleges that the Guidant MULTI-LINK Vision® and Xience™ V coronary stents infringe patents under exclusive worldwide license to Medtronic Vascular from evYsio Medical Devices, a private Canadian company. Guidant manufactures the affected stent products in Ireland and the United States. Medtronic is seeking monetary damages and an injunction against the Vision and Xience stents.

The action in Ireland is one of four patent infringement actions against Guidant products involving the evYsio patents. On February 15, 2006, Medtronic filed a patent infringement case against Guidant in United States District Court for the Northern District of California, alleging that Guidant's Vision stent and certain Guidant catheter systems infringe the evYsio stent design patents and Medtronic's Fitzmaurice patents. The Fitzmaurice patents relate to a unique, tapered design feature of Medtronic coronary and peripheral catheters.

evYsio also filed patent infringement cases against Guidant in France in 2001 and 2003, resulting in a ruling on December 17, 2004 against the Guidant Vision stent. Finding that the Vision stent likely infringed the evYsio patent and that the evYsio patent was likely valid, the French court ordered Guidant to post a warranty of €800,000 to avoid an injunction against the sales of Vision in France. On March 3, 2006, the validity of evYsio's European patent was affirmed by the European Patent Office during an opposition hearing initiated by Guidant, and evYsio continues to independently pursue its two suits against Guidant in the French courts. In addition to Ireland, France and the United States, the evYsio patents are registered in several other countries.

Medtronic's lawsuits against Guidant in the United States and Ireland follow other significant legal developments involving Medtronic's vascular business. On March 23, Medtronic announced a positive arbitration panel ruling obtained against Johnson and Johnson/Cordis. On March 1, Medtronic filed suit in the U.S. District Court for the Eastern District of Texas against Boston Scientific, alleging that the TAXUS® Paclitaxel-eluting coronary stent system infringes Medtronic's Fitzmaurice and Anderson patents. The Anderson patents cover a method of manufacturing balloon catheters used in stent delivery. In addition, on February 14 the United States Patent and Trademark Office granted Medtronic's Request for Reexamination for each of the four Guidant Lau patents on which Guidant has sued Medtronic for infringement in the U.S. District Court for the District of Delaware. Finding that "substantial questions exist" regarding the validity of the Lau patent claims in view of prior art submitted by Medtronic with the Request for Reexamination, the USPTO will now reconsider whether the Lau patents should have been granted in the first instance, though the timing of such reexamination is not known.

"We value the strength of our intellectual property portfolio and we will continue to pursue legal actions against products that we believe infringe our patents, such as the Guidant Vision and Xience stents and the Boston Scientific Taxus stent," said Scott Ward, Medtronic senior vice president and president of Medtronic Vascular, Santa Rosa, Calif. "Because of the industry's intensely competitive environment, we will be tenacious in protecting and enforcing our patent rights. Our strong preference is to resolve these matters without litigation. However, if that is not possible, then we are prepared to assert our rights in court."

**About Medtronic**
Medtronic, Inc. (www.medtronic.com), headquartered in Minneapolis, is the global leader in medical technology – alleviating pain, restoring health, and extending life for millions of people around the world.



###

This press release contains forward-looking statements described in Medtronic's Quarterly Report on Form 10-Q for the quarter ended January 27, 2006. Actual results may differ materially from anticipated results. Medtronic does not undertake to update its forward-looking statement.

**BACK**



Medtronic, Inc. 2007                        Glossary    Contact Medtronic    Privacy Statement    Terms of Use

**Exhibit 34**

# REUTERS

Print | Close this window

## CORRECTED - UPDATE 1-EvYsio says French court blocks Abbott stent

Thu Jan 4, 2007 8:14pm EST

(Recasts, adds Abbott statement, background, dateline)

NEW YORK, Jan 4 (Reuters) - EvYsio Medical Devices ULC, a private Canadian company, said on Thursday that a French court granted it an injunction in a patent dispute that would allow it to block the importation and sale of Abbott Laboratories Inc's (ABT N: Quote, Profile, Research) Xience V drug-coated coronary stent in France.

The Tribunal de Grande Instance de Paris ruled that Abbott's Xience infringes European patents held by evYsio, the Canadian company said. EvYsio alleges that Abbott's drug-coated stent infringes patents that it has licensed to rival device maker Medtronic Inc (MDT N: Quote, Profile, Research)

The court awarded evYsio the right to enjoin the importation or sale of the Xience V stent in France.

Abbott, which is not yet selling Xience in France, said it was considering appealing the court's decision.

"We disagree with the court's ruling and are evaluating our legal options, including the possibility of filing an appeal," said Abbott spokeswoman Melissa Brotz.

Stents are tiny mesh tubes used to prop open heart arteries that have been cleared of plaque.

The Xience stent was approved for sale in Europe last year. (Additional reporting by Rakesh Sharma in Bangalore)

© Reuters 2006. All rights reserved. Republication or redistribution of Reuters content, including by caching, framing or similar means, is expressly prohibited without the prior written consent of Reuters. Reuters and the Reuters sphere logo are registered trademarks and trademarks of the Reuters group of companies around the world

Reuters journalists are subject to the Reuters Editorial Handbook which requires fair presentation and disclosure of relevant interests