IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS, INC. and ABBOTT LABORATORIES, INC., <br>     Plaintiffs, <br><br> v. <br><br> MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., <br>     Defendants. | Civil Action No. 98-80 (SLR) <br> (Consolidated with C.A. No. 98-314 (SLR) and C.A. No. 98-316 (SLR)) <br><br> **PUBLIC VERSION** <br><br> **Original Filed: November 30, 2007** <br> **Public Version Filed: December 3, 2007** |

## RESPONSE TO ABBOTT'S SUPPLEMENTAL SUBMISSION

Abbott cites "subsequent authority" in its supplemental submission (D.I. 808) related to its motion for a permanent injunction (D.I. 725). The cited case, *Acumed LLC v. Stryker Corporation*, an unreported decision from the District of Oregon, is inapposite and does not constitute persuasive "subsequent authority," much less binding authority, for at least four reasons:

1. Abbott points out that *Acumed* involved a medical device, once again trying to lump together all medical devices, as if all implicate the same public health issues. What Abbott ignores is that in *Acumed*, the medical device at issue was not a life-saving device like a cardiac stent, but rather, in contrast to this case, a screw for treating upper-arm bone fractures. (See Answering Brief (D.I. 781) at 24-34.) This Court already recognized the important public health concerns regarding the availability of stents in *Cordis Corp. v Boston Scientific Corp.*, 2003 U.S. Dist. LEXIS 21338, at *6 (D. Del. Nov. 21, 2003), *aff'd*, 2004 U.S. App. LEXIS 11557 (Fed. Cir. May 28, 2004) (denying preliminary injunction despite finding likelihood of success on

merits, among other reasons, because of important public health concern in depriving the public of the best and safest medical devices by limiting competition).

2. In *Acumed*, the alleged infringer's expert testimony regarding public safety was offered by doctors who arguably had a financial stake in the outcome of the case (Opinion at 17), rather than declarations from multiple unpaid physician witnesses, such as Drs. Badger, Ebersole, and Tolleson here.

3. In *Acumed*, the alleged infringer had a dominating market share, and the patentee was "not even on the map." (Opinion at 13.) That situation contrasts sharply with that here, where Abbott alleges irreparable harm even though it is the party in the dominant market position in bare metal stents. As confirmed by applicable case law, this does not constitute "irreparable harm." (See Answering Brief (D.I. 781) at 9.)

4. The court in *Acumed* applied the *eBay* factors after a complete determination on the merits by the Federal Circuit. Here, by contrast, the case - including the Court's claim construction - has not yet been considered on appeal. Further, the patents at issue are currently under reexamination by the PTO.

                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                    */s/ Karen Jacobs Louden*
                    Karen Jacobs Louden (#2881)
                    1201 N. Market Street
                    P.O. Box 1347
                    Wilmington, DE 19899-1347
                    (302) 658-9200
                    Attorneys for Defendants Medtronic Vascular, Inc and Medtronic USA, Inc.

OF COUNSEL:

| | |
|---|---|
| Kevin S. Rosen | H. Mark Lyon |
| Matthew A. Hoffman | Frederick S. Chung |
| Anthony S. Newman | GIBSON, DUNN & CRUTCHER LLP |
| GIBSON, DUNN & CRUTCHER LLP | 1881 Page Mill Road |
| 333 South Grand Avenue | Palo Alto, CA  94304-1211 |
| Los Angeles, CA  90071-3197 | (650) 849-5300 |
| (213) 229-7000 | |

December 3, 2007

1326406

3

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on December 3, 2007 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to Frederick L. Cottrell, III.

I further certify that on December 3, 2007 I served copies of the foregoing to the following counsel in the manner indicated:

### BY HAND & EMAIL

Frederick L. Cottrell, III
Anne Shea Gaza
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

### BY EMAIL

J. Michael Jakes
Michael A. Morin
Finnegan Henderson Farabow Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413

/s/ Karen Jacobs Louden
_____
Karen Jacobs Louden (# 2881)