IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABBOTT CARDIOVASCULAR SYSTEMS INC.  )
and ABBOTT LABORATORIES INC.,        )
                                     )
                                     )    C. A. No. 98-80 (SLR)
            Plaintiffs,              )    (Consolidated with C.A. No. 98-314
                                     )    (SLR) and C.A. No. 98-316 (SLR))
     v.                              )
                                     )
MEDTRONIC VASCULAR, INC. and         )    **REDACTED**
MEDTRONIC USA, INC.,                 )
                                     )
            Defendants.              )
                                     )
                                     )

ABBOTT'S RESPONSE TO MEDTRONIC'S PROPOSED OBJECTIONS TO EVIDENCE
CITED IN PLAINTIFFS' REPLY BRIEF

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7509
*Attorneys for Plaintiffs Abbott Cardiovascular
Systems Inc. and Abbott Laboratories Inc.*

OF COUNSEL:
J. Michael Jakes
Gerald F. Ivey
Michael A. Morin
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000
(202) 408-4400

December 11, 2007

In the event that the Court grants Medtronic's Motion for Leave (D.I. 809) and considers Medtronic's proposed evidentiary objections, the following are Abbott's responses. For the reasons explained below, Medtronic's objections should be overruled.

1.      **Morgan Stanley, Hosp. Supplies & Medical Technology, *Implications of the CoStar II Failure:  Another Blow to J&J*, May 7, 2007 (D.I. 726, Ex. 21)**

<u>Medtronic Waived Its Objections</u>

Abbott cited this same analyst report on June 29, 2007, in its opening brief (D.I. 727 at 9), and Medtronic made no objection. Indeed, rather than object in its opposition brief, Medtronic instead relied on this same report to show market share. (D.I. 781 at 8 n 6.) Moreover, Medtronic also relied on another Morgan Stanley report. (D.I. 781 at 19 n.14; D.I. 790, Ex. G.)

<u>Response to Hearsay Objection</u>

As a threshold matter, the market share projections are not only relevant for the truth of the matter asserted (i.e., that Abbott will, in fact, lose market share to Medtronic in the future if Medtronic's infringement does not cease), but also to show that investors *believe* that Medtronic will continue to take market share from Abbott, thus damaging Abbott's goodwill *regardless* of whether the projections turn out to be true.

Moreover, the Morgan Stanley report satisfies several exceptions to the hearsay rule, including Fed. R. Evid. 803(6) (business record exception), Fed. R. Evid. 803(17) (market report), and Fed R. Evid. 807 (residual exception).

<u>Response to Foundation Objection</u>

Medtronic's foundation objection is misplaced. The Morgan Stanley report was written by professional analysts in Morgan Stanley's research department that cover the medical device businesses of Abbott, Boston Scientific, Johnson & Johnson, and Medtronic. (D.I. 726, Ex 21 at 1.) Indeed, when it has suited its purposes, Medtronic itself has relied on Morgan Stanley reports

2

as authoritative. (*See, e.g.*, D.I. 781 at 8 n.8, 19 n.14; ███████████████████

███████████████████ )

<u>Response to Speculation Objection</u>

As explained above, the Morgan Stanley reports are prepared by professional and experienced industry analysts, as shown by the fact that Medtronic itself relies on them. Moreover, given the significant amount of past data on the U.S. stent market, Morgan Stanley's forecast of Abbott's and Medtronic's future market shares, based on its research of past and present conditions, is not unduly speculative.



3.    **Morgan Stanley, Hosp. Supplies & Medical Technology,** *Lau Patent Update:*
*Noose Tightening on Medtronic,* **July 1, 2007 (D.I. 781, Ex. G)**

<u>Medtronic Waived Its Objections</u>

Medtronic cited this very report in its opposition brief. (*See* D.I. 781 at 19 n.14.)

<u>Response to Hearsay Objection</u>

First, this report is relevant *regardless* of the truth of the matter asserted, since it shows the state of mind of investors, which is directly relevant to Abbott's loss of goodwill caused by Medtronic's infringement. Thus, the hearsay rule does not apply. Fed. R. Evid. 801(c).

Moreover, the Morgan Stanley report satisfies several exceptions to the hearsay rule, including Fed. R. Evid. 803(6) (business record exception), Fed. R. Evid. 803(17) (market report), and Fed. R. Evid. 807 (residual exception).

<u>Response to Foundation Objection</u>

Again, Medtronic's foundation objection is misplaced. The Morgan Stanley report was written by professional analysts in Morgan Stanley's research department that cover the medical device businesses of Abbott, Boston Scientific, Johnson & Johnson, and Medtronic. (D.I. 790, Ex. G at 1.) And Medtronic too has relied on Morgan Stanley reports, including this very report. (*See, e.g.,* D.I. 781 at 8 n.8, 19 n.14; ████████████████████████████████.)

As such, Morgan Stanley's analysts have a foundation to opine on whether the capital markets have discounted the possibility of an injunction. In any event, as explained above, Abbott is offering this document for a purpose that does not depend on the accuracy of the analysts' opinion, only that it was said, which in and of itself affects Abbott's goodwill.

<u>Response to Speculation Objection</u>

Again, as explained above, the Morgan Stanley analysts have more than adequate industry knowledge and expertise to draw conclusions on how the market is reacting to the possibility of an

4

injunction on the market—this is their job.  Moreover, Abbott cited this report to show that

Medtronic's infringement has a negative effect on investors' valuation of Abbott's business.  This

is true regardless of whether the analysts are correct.



5.    **Dr. John Ormiston,** *Independent Comparison of Biomechanical Properties of Different Stents,* **Auckland, New Zealand (D.I. 806, Ex. 30)**

<u>Response to Authenticity Objection</u>

This document is a slide presentation by Dr. John Ormiston at the 2003 TCT conference,

which presents comparative data on flexibility and other characteristics of various stents, including

Abbott's Vision and Medtronic's Driver.

A copy of this document can be found on the TCT's website at "http://www.tctmd.com/

5

csportal/appmanager/tctmd/main?_nfpb=true&_pageLabel=TCTMDContent&hdCon=837518."[1] Under Fed. R. Evid. 901(a), the TCT's website adequately authenticates this document. Moreover, Medtronic has not presented any evidence (or even asserted) that this document is not what Abbott claims it to be.

<u>Response to Hearsay Objection</u>

Abbott cited this evidence to rebut unsupported allegations ███████████████ ████████████████████████████    Contrary to these allegations, Dr. Ormiston presented scientific testing at the 2003 TCT conference that shows that, ████ ████████████████████████████████████████████████████████████ (D.I. 806, Ex. 30.) Under Fed. R. Evid. 803(18), Dr. Ormiston's presentation constitutes a learned treatise admissible ████████████████████████████████.    Indeed, presumably under this exception, Medtronic cites to numerous journal articles (*e.g.*, D.I. 781 at 25 n.16, 27), and even its own marketing brochure (D.I. 781 at 28; D.I. 789, Ex. A), none of which is any more reliable or authoritative than Dr. Ormiston's presentation.    Additionally, Dr. Ormiston's presentation comes under the residual exception. *See* Fed. R. Evid. 807.



---

[1] A TCT website account is required to access the Ormiston presentation. Presumably, Medtronic, a regular participant and sponsor of the TCT conference, has an account.

Of Counsel:

J. Michael Jakes
Gerald F. Ivey
Michael A. Morin
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Dated:  December 11, 2007

*Anne Shea Gaza*

Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
Richards, Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7509
*Attorneys for Plaintiffs Abbott Cardiovascular
Systems Inc and Abbott Laboratories Inc*

7

# EXHIBIT 1 REDACTED IN ITS ENTIRETY

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2007, I caused to be served by hand delivery the foregoing document and electronically filed the same with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

I hereby certify that on December 28, 2007, I have sent by Federal Express the foregoing document to the following non-registered participants:

Kevin S. Rosen, Esquire
Matthew Hoffman, Esquire
Anthony S. Newman, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avgneue
Los Angeles, CA   90071-3197

H. Mark Ryan, Esquire
Frederick S. Chung, Esquire
Gibson, Dunn & Crutcher LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211

Frederick L. Cottrell, III (#2555)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
cottrell@rlf.com