IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ABBOTT CARDIOVASCULAR          )
SYSTEMS, INC. and ABBOTT       )
LABORATORIES, INC.,            )
      Plaintiffs,              )
                      )    Civil Action No. 98-80 (SLR)
      v.                       )    (Consolidated with C.A. No. 98-314 (SLR) and
                      )    C.A. No. 98-316 (SLR))
                      )
MEDTRONIC VASCULAR, INC. and    )
MEDTRONIC USA, INC.,           )    **REDACTED PUBLIC**
      Defendants.              )    **VERSION**
                      )
                      )

**MEDTRONIC'S REPLY IN SUPPORT OF ITS OBJECTIONS TO EVIDENCE CITED
IN PLAINTIFFS' REPLY BRIEF**

On November 28, 2007, defendants Medtronic Vascular, Inc. and Medtronic USA, Inc.

("Medtronic") filed an Unopposed Motion To Supplement The Record And File Non-

Argumentative Evidentiary Objections.  Medtronic originally submitted its evidentiary

objections without argument in order to complete the record without unduly multiplying the

proceedings.  Notwithstanding that plaintiffs Abbott Cardiovascular Systems, Inc. and Abbott

Laboratories, Inc. ("Abbott") reviewed Medtronic's proposed motion before it was filed and

represented that it would not oppose the motion, it nonetheless filed an argumentative response

on December 11, 2007.  Medtronic thus files this reply to correct certain misstatements in

Abbott's unauthorized response.

For the reasons set forth below, the Court should sustain Medtronic's objections.

1.      **The Highly Speculative Projections Of Future Stent Sales In The Morgan
        Stanley Report Are Inadmissible**

        a.      **The Forecasts Are Inadmissible Hearsay**

It is undisputed that the forecasts projecting future stent sales by competitor in the May 7,
2007 Morgan Stanley report are hearsay.  (*See* D.I. 726 Ex. 21 at 5.)  These are written, out-of-
court statements on which Abbott concedes it is relying for the truth of the matter asserted.  (*See*
D.I. 815 at 2.)  Contrary to Abbott's suggestion, it is not relying on these forecasts for any
purpose other than to argue that Abbott will lose market share to Medtronic in the future (*i.e.*, for
the truth of the matter asserted).  (*See id.*)

Abbott's unsupported contention that the future forecasts "satisf[y] several exceptions to
the hearsay rule" is without merit.  (D.I. 815 at 2.)  Abbott, as the party seeking to introduce
hearsay evidence, has the burden of establishing an exception to the hearsay rule.  *See United
States v. Peppers*, 302 F.3d 120, 139 (3d Cir. 2002) ("[T]he burden of establishing an exception
to hearsay . . . lies on the movant of the evidence.") (citation omitted).  Yet Abbott provides no
such evidence.  For example, Abbott claims that the Morgan Stanley report qualifies as a
"business record" under Federal Rule of Evidence 803(6), but Abbott fails to offer any
competent evidence that these forecasts are:  (1) "kept in the course of regularly conducted
business activity"; (2) "the regular practice of that business activity"; (3) and "made at or near
the time by, or from information transmitted by, a person with knowledge."

        b.      **The Morgan Stanley Forecasts Are Speculative And Lack Foundation**

Abbott also fails to lay a proper foundation for the future forecasts.  Abbott's
unsupported claim that the Morgan Stanley report "was written by professional analysts in
Morgan Stanley's research department" is insufficient to establish a foundation for the
projections, especially where Abbott has not provided any evidence regarding these

2

"professional analysts." (*See* D.I. 815 at 2.) In addition, Abbott did not proffer any evidence regarding the methodology used to make these projections.

Contrary to Abbott's suggestion, the fact that Medtronic has cited other more reliable statements in reports prepared by Morgan Stanley analysts does not establish a foundation for these speculative future forecasts. Both Medtronic and Abbott have cited Morgan Stanley's estimates of stent sales by competitor in the *past*. (*See* D.I. 727 at 11; D.I. 781 at 8 & 8 n.6.) Given that there is a "significant amount of past data on the U.S. stent market" (which Abbott concedes (*see* D.I. 815 at 3)), these estimates of *past* sales are dramatically more reliable than the highly speculative *future* forecasts on which Abbott relies. In any event, the fact that Medtronic has relied on other statements in the Morgan Stanley report has no bearing on (a) the reliability of the forecasts, or (b) the qualifications of the analysts to make such projections.

### c.    Abbott's Argument That Medtronic Waived Its Objections Is Meritless Because Abbott Did Not Rely Upon These Future Forecasts Until Its Reply Brief

Abbott's argument that Medtronic somehow waived its objections to Abbott's reliance on the Morgan Stanley future forecasts by not raising these objections in its answering brief is nonsensical because Abbott did not rely upon these forecasts until its reply brief.[1] Indeed, Abbott's reliance on these forecasts for the first time in its reply brief was an improper attempt to rectify the complete absence of evidence in its opening brief that Abbott will suffer irreparable harm in the future. *See* D. Del. LR 7.1.3(c)(2) ("The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening

---

[1] Abbott cited to the Morgan Stanley report in its opening brief to provide an estimate of Abbott's and Medtronic's *past* shares of the stent market. (D.I. 727 at 11). As noted above, both parties' references to estimates of past market shares has no bearing on Medtronic's right to object to the highly speculative future forecasts.

brief.").  Moreover, Medtronic's reliance on a second Morgan Stanley analyst report as evidence that Abbott "leaked" the news of the Injunction Motion before it was filed with the Court – which is not hearsay for this purpose – cannot possibly constitute a waiver of Medtronic's right to object to these inadmissible projections.  (*See* D.I. 781 at 19 n.14.)

**2.**                                   **REDACTED**


                                         **REDACTED**




                              **REDACTED**

3.    **Morgan Stanley's Speculation About "The Market's" Response To Abbott's Injunction Motion Is Inadmissible For Several Reasons**

    a.    <u>**This Statement Is Inadmissible Hearsay**</u>

The statement in the July 1, 2007 Morgan Stanley report that "we do not think the market is discounting the possibility [that Medtronic's stents will be enjoined] at all" is inadmissible hearsay.  (*See* D.I. 790 Ex. G at 1.)  Abbott argues that it is relying on this statement to show the "state of mind of investors," rather than for the truth of the matter asserted.  (D.I. 815 at 4.)  As an initial matter, Abbott has not shown that the "state of mind of investors" is even relevant for purposes of its Injunction Motion.  Contrary to its assertions, Abbott has failed to identify any case that has recognized damage to "goodwill in the eyes of investors" as a legitimate basis to grant permanent injunctive relief.  The cases Abbott cites focus on the loss of goodwill of *customers, not investors*.  (*See* D.I. 805 at 5.)

Moreover, this statement, at best, is evidence of the Morgan Stanley analysts' state of mind, not the state of mind of investors in general.  To the extent that the Morgan Stanley analysts are reporting the views of investors, this is double hearsay.

Finally, Abbott's unsupported claim that "the Morgan Stanley report satisfies several exceptions to the hearsay rule" falls far short of satisfying Abbott's burden of establishing an exception to the hearsay rule.  *See Peppers*, 302 F.3d at 395.

    b.    <u>**The Morgan Stanley Statement Is Speculative And Lacks Foundation**</u>

As described above, Abbott has not made the required showing that the "professional analysts" who apparently made the statement at issue are qualified to speculate about "the market's" response to the Injunction Motion.  In addition, the fact that Medtronic relied on the suspicious timing of the publication of this report as evidence that Abbott "leaked" news of the Injunction Motion to Morgan Stanley before it was filed with the Court does not establish a

foundation for the content of the report, or make the statement on which Abbott relies any less speculative.  (*See* D.I. 781 at 19 n.14.)

        c.      **<u>Abbott's Waiver Argument Is Unfounded</u>**

Once again, Abbott's waiver argument is nonsensical because Abbott relied on this statement by Morgan Stanley analysts for the first time in its reply brief.  That Medtronic relied upon the report for a different purpose (the nonhearsay purpose of demonstrating that Abbott "leaked" news of the Injunction Motion before it was filed with the Court (D.I. 781 at 19 n.14)), in no way constitutes a waiver of Medtronic's right to object to this statement attributed to Morgan Stanley analysts.

**4.**                                      **REDACTED**

**REDACTED**

5.     **The Ormiston Slide Presentation Should Be Excluded**

a.     <u>**Abbott Has Not Authenticated The Slide Presentation**</u>

Abbott has not met its burden of introducing admissible evidence to authenticate the

undated slide presentation attributed to John Ormiston that is referenced in Abbott's Reply.  *See*

5 Weinstein & Berger, *Weinstein's Evidence* § 901.02[3] at 901-14 (1997) ("The proponent of an

exhibit has the burden of introducing evidence sufficient to show that the exhibit is what the

proponent claims it to be.").  Abbott contends that because the presentation is purportedly

available on the website of the "TCT conference," the document is "adequately" authenticated.

(D.I. 815 at 6.)  The mere fact that a document appears on a website, however, does not suffice to

authenticate the document for the purposes of Federal Rule of Evidence 901(a).  *See In re*

*Homestore.com, Inc., Sec. Litig*., 347 F. Supp. 2d 769, 782 (C.D. Cal. 2004) ("Printouts from a

website do not bear the indicia of reliability demanded for other self-authenticating documents

under Fed. R. Evid. 902.  To be authenticated, some statement or affidavit from someone with

knowledge is required . . . ."); *see also Victaulic Co. v. Tieman*, 499 F.3d 227, 236  (3d Cir.

2007) (recognizing that information from the internet must be properly authenticated before it

can be admitted).  Here, Abbott has not provided any evidence that the presentation is, in fact,

available on the TCT website, or that the copy of the presentation that is allegedly available on

the website has not been altered since it was purportedly given by Dr. Ormiston in 2003.

Abbott's suggestion that Medtronic is somehow required to present evidence that the

presentation "is not what Abbott claims it to be" is baseless, as Abbott (not Medtronic) has the

burden of authenticating Abbott's evidence. *See Weinstein's Evidence* at 901-14. For these

reasons, the presentation should be excluded pursuant to Rule 902.

      **b.**    <u>**The Slide Presentation Does Not Fall Within Any Exception To The
Hearsay Rule**</u>

      Abbott also claims that the presentation falls within the "learned treatise" exception to the

hearsay rule. But the Rules makes clear that material cannot be admitted as a learned treatise

unless its has been "established as a reliable authority by expert testimony or by judicial notice."

Fed. R. Evid. 803(18). Abbott has not submitted any evidence concerning Dr. Ormiston's

qualifications or of the reliability of Dr. Ormiston's presentation, which purports to show the

**REDACTED**

      Abbott's unsupported claim that the Ormiston presentation "comes under the residual

exception" is similarly meritless because it clearly has no "circumstantial guarantees of

trustworthiness." *See* Fed. R. Evid. 807.

**6.**                              **REDACTED**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP


/s/ Karen Jacobs Louden
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
Attorneys for Defendants Medtronic Vascular, Inc and
Medtronic USA, Inc.

OF COUNSEL:

Kevin S. Rosen                          H. Mark Lyon
Matthew A. Hoffman                      Frederick S. Chung
Anthony S. Newman                       GIBSON, DUNN & CRUTCHER LLP
GIBSON, DUNN & CRUTCHER LLP             1881 Page Mill Road
333 South Grand Avenue                  Palo Alto, CA 94304-1211
Los Angeles, CA 90071-3197              (650) 849-5300
(213) 229-7000

December 20, 2007
**Redacted Filing Date: January 8, 2008**

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, hereby certify that on January 8, 2008 I electronically filed the

foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing

to the following:

Frederick L. Cottrell, III
Anne Shea Gaza
**Richards Layton & Finger**
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

*/s/ Karen Jacobs Louden*
Karen Jacobs Louden (#2881)
klouden@mnat.com

368479