IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS, INC. and ABBOTT LABORATORIES, INC., <br> Plaintiffs, <br><br> v. <br><br> MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., <br> Defendants. | Civil Action No. 98-80 (SLR) <br> (Consolidated with C.A. No. 98-314 (SLR) and C.A. No. 98-316 (SLR)) |

**RESPONSE TO ABBOTT'S SUBMISSION OF OFFICE ACTION
OF THE U.S. PATENT AND TRADEMARK OFFICE**

In its Submission Of Office Action Of The U.S. Patent And Trademark Office Confirming Patentability Of Claim 11 of U.S. Pat. No. 6,066,168 (D.I. 823), Abbott maintains that the examiner has "confirmed" that claim 11 of the '168 patent "is patentable over the prior art of record, notwithstanding the Supreme Court's recent decision in *KSR Int'l Co. v. Teleflex Inc.*, 127 S. Ct. 1727 (2007)." (D.I. 823 at 1.) But the *KSR* decision is not cited anywhere in the office action, and there is no indication that *KSR*—which clarifies the standard for obviousness that must be applied in the federal courts—was even considered by the patent examiner.

Indeed, it appears that the office action, with respect to claim 11, is infected by precisely the same error as the jury verdict in this case: It is premised on the wrong standard for obviousness. Under the correct standard, as articulated in *KSR*, the claim is invalid for obviousness.

Accordingly, to the extent the Court is inclined to consider the suspect validity of the Lau patents in deciding Abbott's Injunction Motion (which Medtronic respectfully submits it should), the examiner's apparent failure even to consider *KSR* with respect to claim 11 of the '168 patent, coupled with the examiner's preliminary rejection of the remaining adjudicated claims of the Lau patents, weighs against an injunction.  (*See* D.I. 781 at 23-24.)

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden (#2881)*
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Defendants Medtronic Vascular, Inc and Medtronic USA, Inc.*

OF COUNSEL:

Kevin S. Rosen
Matthew A. Hoffman
Anthony S. Newman
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
(213) 229-7000

H. Mark Lyon
Frederick S. Chung
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
(650) 849-5300

Dated:  February 26, 2008

1674404

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on February 26, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to Frederick L. Cottrell, III.

I further certify that on February 26, 2008 I served copies of the foregoing to the following counsel in the manner indicated:

**BY HAND & EMAIL**

Frederick L. Cottrell, III
Anne Shea Gaza
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

**BY EMAIL**

J. Michael Jakes
Michael A. Morin
Finnegan Henderson Farabow Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413

*/s/ Karen Jacobs Louden (#2881)*

klouden@mnat.com