# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS INC. and ABBOTT LABORATORIES INC., | ) ) ) | |
| Plaintiffs, | ) ) | C. A. No. 98-80 (SLR) (Consolidated with C.A. No. 98-314 (SLR) and C.A. No. 98-316 (SLR)) |
| v. | ) ) | |
| MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

## ABBOTT'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST AND SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS REGARDING THE *eBAY* FACTORS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Abbott

Cardiovascular Systems Inc. and Abbott Laboratories Inc. (collectively "Abbott") respond to

Defendants Medtronic Vascular, Inc.'s and Medtronic USA, Inc.'s (collectively "Medtronic")

Requests for Production of Documents and Things Regarding the *eBay* Factors.

All documents and things that Abbott produces in response to these requests will be

produced pursuant to the terms of the protective order entered in this case. Abbott will produce

originals or copies of the documents and things specified below at the offices of one Medtronic's

counsel of record or at a reasonable place and time agreed upon by the parties.

### General Objections

1.    Abbott incorporates herein by reference the General Objections and Objections to

Definitions and Instructions set forth in its responses to Medtronic's document requests served

during pre-trial fact discovery.

2.    Abbott objects to Medtronic's requests to the extent they would require Abbott to disclose confidential communications protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection provided by law. Abbott will identify documents revealing or reflecting such protected communications on a confidential privilege log to the extent such documents exist and were prepared before the commencement of the first lawsuit in this case. The parties have agreed that they will not list on a privilege log documents prepared after the commencement of the first lawsuit in this case.

3.    Abbott objects to Medtronic's requests to the extent they would require Abbott to provide materials relating to matters that were explored, or could have been explored, during pre-trial fact discovery, which ended May 6, 2004, as beyond the permissible scope of discovery.

4.    Abbott objects to Medtronic's requests to the extent they would require Abbott to provide materials already produced to Medtronic.

5.    Abbott objects to Medtronic's requests as overly broad and unduly burdensome to the extent they require Abbott to disclose materials beyond the limited scope of discovery permitted by the Court under *eBay, Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837 (2006), namely discovery related to whether Abbott "has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* at 1389; *see also* D.I. 756.

6.    Abbott objects to Medtronic's requests to the extent they seek materials related to drug-eluting stents and/or the drug-eluting stent market, since the Court has stayed discovery

related to Medtronic's drug-eluting stent, the Endeavor, and each of the other products at issue in Abbott's motion involves a bare-metal stent.

7.    Abbott objects to Medtronic's requests as vague and ambiguous to the extent they fail to specify with reasonable particularity the documents and things sought.

8.    Abbott objects to Medtronic's requests to the extent they seek documents not reasonably calculated to lead to the discovery of admissible evidence or related to Abbott's motion for permanent injunction.

9.    Abbott objects to Medtronic's requests to the extent they would require Abbott to disclose information protected from disclosure by agreements between Abbott or its affiliates and other parties, or by court order or agency order.

10.    Abbott objects to Medtronic's requests to the extent they seek documents related to an arbitration between Abbott and Cordis Corporation ("Cordis") concerning the Palmaz-Schatz patents and/or an arbitration between Abbott and Cordis concerning the Lau patents, because Abbott and Cordis have a confidentiality agreement, which does not permit Abbott to disclose documents related to these arbitrations without Cordis's authorization.

11.    Abbott objects to Medtronic's requests to the extent they seek documents related to agreements between Abbott and Boston Scientific Corporation ("BSC") concerning the Lau patents, because Abbott and BSC have a confidentiality agreement precluding Abbott from disclosing documents related to the agreements between the parties without BSC's authorization.

12.    Abbott objects to Medtronic's requests to the extent they call for production of documents relating to products under development or design, as not reasonably calculated to lead to the discovery of admissible evidence and beyond the scope of permissible discovery.

13.    In providing documents or things in response to Medtronic's requests, Abbott in no way waives or intends to waive but rather preserves and intends to preserve:

(a) all objections as to competency, relevancy, materiality, and admissibility of the request, the responses, and their subject matter;

(b) all objections as to the vagueness, ambiguity, or other infirmity in the form of the request and any objections based on the undue burden imposed by the request and each specific request contained therein;

(c) all rights to object on any ground to the use of any of the responses, or their subject matter, in any subsequent proceedings;

(d) all rights to object on any ground to any further requests or other discovery requests involving or relating to the subject matter of the request;

(e) the right to supplement responses to the request prior to the commencement of the trial; and

(f) any and all privileges and/or rights under the applicable Federal Rules of Civil Procedure, local rules, statutes, or the common law.

In addition to the General Objections set forth above, Abbott may also state specific objections to Medtronic's Requests where appropriate, including objections that are not generally applicable to each specific request. By setting forth such specific objections, Abbott does not intend to limit or restrict the General Objections set forth above.

## REQUESTS FOR DOCUMENTS AND THINGS

### REQUEST NO. 1

*Documents that were submitted to the Food and Drug Administration, Federal Trade Commission, and/or Department of Justice, and/or any similar governmental agency of any European country or body, by ACS relating to Stents within the past three years.*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to Medtronic's request as overly broad and unduly burdensome to the extent it requires Abbott to disclose material beyond the limited scope of discovery permitted by the Court under *eBay*. Abbott also objects to this request to the extent it seeks production of documents and things concerning Abbott's drug-eluting stents, as beyond the scope of permissible discovery. Abbott further objects to this request to the extent it calls for production of documents relating to products under development or design, as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

### REQUEST NO. 2

*All licenses, assignments, technology transfer agreements, or other agreements to which Plaintiffs are, were, or considered becoming a party to, since August 2004, and that license or purport to license to any party the right to make, use, import, or sell any Stent product or the right to use any technology, intellectual property rights, know-how, or trade secrets relating to the design, manufacture, or use of Stents, including but not limited to, any license related to the foregoing.*

**Responses and Objections**

Abbott incorporates the General Objections above. Abbott objects to this request to the extent it seeks documents and things concerning agreements unrelated to the patents-in-suit, as beyond the scope of discovery permitted by the Court. Abbott also objects to this request as seeking information that was explored, or could have been explored, during pre-trial fact discovery, which ended May 6, 2004. Abbott further objects to this request as seeking information regarding agreements subject to confidentiality provisions that preclude Abbott from disclosing such information. Specifically, Abbott objects to this request to the extent it seeks (1) nonpublic information related to an agreement between Abbott and Cordis concerning the Lau patents, because the agreement includes confidentiality provisions that precludes Abbott from disclosing such information without Cordis's authorization and Cordis has not provided such authorization; and/or (2) nonpublic information related to an agreement between Abbott and BSC involving the Lau patents, because the agreement includes confidentiality provisions that preclude Abbott from disclosing such information without BSC's authorization and BSC has not provided such authorization. Abbott also objects to this request to the extent it seeks information concerning drug-eluting stents, or the drug-eluting stent market, as beyond the scope of permissible discovery.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

**REQUEST NO. 3**

*Projections, forecasts and/or market share analyses from the past four years, as well as all underlying data and reports related thereto, for the stent market, including for bare metal stents and drug eluting stents, both separately and combined.*

6

**Responses and Objections**

Abbott incorporates the General Objections above. Abbott objects to this request as overly broad and unduly burdensome. Abbott also objects to this request as seeking information that was explored, or could have been explored, during pre-trial fact discovery, which ended May 6, 2004. Abbott further objects to this request to the extent it would require Abbott to provide materials already produced to Medtronic. Abbott also objects to this request to the extent it seeks information concerning drug-eluting stents, or the drug-eluting stent market, as beyond the scope of permissible discovery.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

**REQUEST NO. 4**

*All U.S. Market Overviews, and other documents similar or related to those attached to Mr. Pacitti's Declaration (D.I. 729), from 1996 to the present.*

**Responses and Objections**

Abbott incorporates the General Objections above. Abbott objects to Medtronic's Requests as overly broad and unduly burdensome. Abbott also objects to this request as vague for use of the terms "other documents" and "similar or related to." Abbott further objects to this request as seeking information that was explored, or could have been explored, during pre-trial fact discovery, which ended May 6, 2004. Abbott also objects to this request to the extent it would require Abbott to provide materials already produced to Medtronic. Additionally, Abbott objects to this request to the extent it seeks information concerning drug-eluting stents, or the drug-eluting stent market, as beyond the scope of permissible discovery.

7

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

**REQUEST NO. 5**

*All documents and things considered, reviewed by, or provided to Mr. Kahn in the preparation of his Declaration, including but not limited to all communications with Mr. Kahn.*

**Responses and Objections**

Abbott incorporates the General Objections above. Abbott objects to this request to the extent it seeks copies of draft documents and/or communications between Dr. Kahn and Abbott regarding this case, as inconsistent with the parties' agreement in January 2004 that such information would not be discoverable or admissible in this case. *See, e.g.*, correspondence between the parties, dated January 22, 26, 29, and 30, 2004. Pursuant to this agreement, Medtronic similarly withheld any draft expert-related documents or communications with its experts. Abbott also objects to this request to the extent it would require Abbott to provide materials already produced to Medtronic. Abbott further objects to this request as seeking material beyond the scope of discovery permitted by the Court under *eBay*. Abbott also objects to this request as vague and ambiguous. Additionally, Abbott objects to this request to the extent it seeks information concerning drug-eluting stents, or the drug-eluting stent market, as beyond the scope of permissible discovery.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

## REQUEST NO. 6

*All documents and things considered, reviewed by, or provided to Mr. Schneiderman in the preparation of his Declaration, including but not limited to all communications with Mr. Schneiderman.*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to this request as seeking information subject to attorney-client privilege and/or work product immunity. Abbott also objects to this request as seeking information already produced to Medtronic. Additionally, Abbott objects to this request as seeking material beyond the scope of discovery permitted by the Court under *eBay*. Abbott further objects to this request to the extent it seeks information concerning drug-eluting stents, or the drug-eluting stent market, as beyond the scope of permissible discovery.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

## REQUEST NO. 7

*All documents and things considered, reviewed by, or provided to Mr. Pacitti in the preparation of his Declaration, including but not limited to all communications with Mr. Pacitti.*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to this request as seeking information subject to attorney-client privilege and/or work product immunity. Abbott also objects to this request as seeking information already produced to Medtronic. Additionally, Abbott objects to this request as seeking material beyond the scope of discovery permitted by the Court under *eBay*. Abbott further objects to this request to the extent it seeks information

concerning drug-eluting stents, or the drug-eluting stent market, as beyond the scope of permissible discovery.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

## REQUEST NO. 8

*Documents constituting or relating to all public or non-public statements, comments, communications or marketing materials concerning this action since February 2007, including but not limited to those with Morgan Stanley that relate to any document filed in Court in this case by ACS.*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to this request as seeking material beyond the scope of discovery permitted by the Court under *eBay* inasmuch as this request has no apparent relevance to any of the four *eBay* factors. Abbott also objects to this request as vague and ambiguous. Abbott also objects to this request to the extent it seeks information concerning drug-eluting stents, or the drug-eluting stent market, as beyond the scope of permissible discovery. Abbott further objects to this request to the extent it seeks information subject to attorney-client privilege and/or work product immunity.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

## REQUEST NO. 9

*Documents sufficient to show actual and projected sales, profits, and costs for each model of Stent sold or offered for sale, or anticipated to be sold or offered for sale, by ACS, from August 2004 to the present.*

**Responses and Objections**

Abbott incorporates the General Objections above. Abbott objects to this request to the extent it seeks information concerning drug-eluting stents, or the drug-eluting stent market, as beyond the scope of permissible discovery. Abbott objects to Medtronic's request to the extent it calls for documents relating to products under development or design, as not reasonably calculated to lead to the discovery of admissible evidence.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

**REQUEST NO. 10**

*Documents sufficient to show ACS's annual share of the total U.S. Stent market, the bare-metal Stent market, and the drug-eluting Stent market, from August 2004 to the present, as well as the market share of its competitors.*

**Responses and Objections**

Abbott incorporates the General Objections above. Abbott also objects to this request to the extent it seeks information concerning drug-eluting stents, or the drug-eluting stent market, as beyond the scope of permissible discovery.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

**REQUEST NO. 11**

*All documents and things relating to ACS's April 2006 acquisition of any vascular assets from Boston Scientific and/or Guidant.*

11

**Responses and Objections**

Abbott incorporates the General Objections above. Abbott objects to this request as seeking material beyond the scope of discovery permitted by the Court under *eBay* inasmuch as this request has no apparent relevance to any of the four *eBay* factors. Abbott also objects to this request as overly broad and unduly burdensome. Abbott further objects to this request to the extent it seeks information subject to the attorney-client privilege and/or work product immunity. Abbott also objects to this request to the extent it seeks documents subject to confidentiality agreements between Abbott and BSC that preclude Abbott from disclosing such documents.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

**REQUEST NO. 12**

*All documents and things supplied to and received from Abbott's advisory board related to Stents since August, 2004.*

**Responses and Objections**

Abbott incorporates the General Objections above. Abbott objects to this request as seeking material beyond the scope of discovery permitted by the Court under *eBay* inasmuch as this request has no apparent relevance to any of the four *eBay* factors. Abbott also objects to this request to the extent it seeks information concerning drug-eluting stents, or the drug-eluting stent market, as beyond the scope of permissible discovery. Abbott further objects to this request as vague, ambiguous, overly broad, and unduly burdensome.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

## REQUEST NO. 13

*Documents relating to recruitment of ACS employees by Medtronic since 1997 or ACS's recruitment of potential employees allegedly being hindered by Medtronic.*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to this request as overly broad and unduly burdensome. Abbott also objects to this request as seeking information that was explored, or could have been explored, during pre-trial fact discovery, which ended May 6, 2004. Abbott further objects to this request to the extent it would require Abbott to provide materials already produced to Medtronic.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

## REQUEST NO. 14

*Documents relating to ACS's investment of profits gained through the sales of bare metal Stents into ACS's research and development.*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to this request to the extent it seeks material beyond the scope of discovery permitted by the Court under *eBay*. Abbott also objects to this request as overly broad and unduly burdensome. Abbott further objects to this request as seeking information that was explored, or could have been explored, during pre-trial fact discovery, which ended May 6, 2004. Additionally, Abbott objects to this request to the extent it would require Abbott to provide materials already produced to Medtronic.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

## REQUEST NO. 15

*Documents relating to ACS's policies and practices relating to the licensing of intellectual property rights and or products, including but not limited to Stents.*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to the request to the extent it refers to policies and practices unrelated to the patents-in-suit, as beyond the scope of discovery permitted by the Court under *eBay*. Abbott also objects to this request as overly broad and unduly burdensome. Abbott further objects to this request as seeking information that was explored, or could have been explored, during pre-trial fact discovery, which ended May 6, 2004. Abbott also objects to this request to the extent it would require Abbott to provide materials already produced to Medtronic. Additionally, Abbott objects to this request to the extent it seeks information subject to attorney-client privilege and/or work product immunity. Abbott further objects to this request to the extent it seeks information concerning drug-eluting stents, or the drug-eluting stent market, as beyond the scope of permissible discovery.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

## REQUEST NO. 16

*Documents relating to Abbott's ability to manufacture, sell, and distribute in the amount necessary to meet the current and expected market demand for bare metal Stents.*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to this request as vague, ambiguous, overly broad, and unduly burdensome. Abbott also objects to this request as seeking information that was explored, or could have been explored, during pre-trial fact

discovery, which ended May 6, 2004. Abbott further objects to Medtronic's request to the extent
it would require Abbott to provide materials already produced to Medtronic.

Subject to these objections, Abbott will produce non-privileged, responsive documents to
the extent such documents have not already been produced.

## REQUEST NO. 17

*Any survey or other document indicating any preference for any type of bare metal Stent
or any manufacturer's bare metal Stent.*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to this request as
vague, ambiguous, overly broad, and unduly burdensome. Abbott also objects to this request as
seeking information that was explored, or could have been explored, during pre-trial fact
discovery, which ended May 6, 2004. Abbott further objects to Medtronic's requests to the
extent it would require Abbott to provide materials already produced to Medtronic's.

Subject to these objections, Abbott will produce non-privileged, responsive documents to
the extent such documents have not already been produced.

## REQUEST NO. 18

*Documents relating to the relative safety and/or efficacy of Abbott's bare metal stents
versus any other's Stent*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to this request as
vague, ambiguous, overly broad, and unduly burdensome. Abbott also objects to this request as
seeking information that was explored, or could have been explored, during pre-trial fact
discovery, which ended May 6, 2004. Abbott further objects to Medtronic's requests to the

extent it would require Abbott to provide materials already produced to Medtronic. Abbott also objects to this request to the extent it seeks information concerning drug-eluting stents, or the drug-eluting stent market, as beyond the scope of permissible discovery.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

## REQUEST NO. 19

*All documents identified in response to or that support or undermine ACS's responses to Medtronic's interrogatories regarding eBay factors.*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to this request as vague, ambiguous, overly broad, and unduly burdensome.

Subject to these objections, Abbott will produce non-privileged, responsive documents to the extent such documents have not already been produced.

## REQUEST NO. 20

*All documents and things relating to any actions, efforts, or intent by ACS to extend any of the Lau Patents-In-Suit.*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to this request as seeking information subject to attorney-client privilege and/or work product immunity. Abbott also objects to this request as vague, ambiguous, overly broad, and unduly burdensome.

Subject to these objections, Abbott is not aware of any non-privileged responsive documents.

## REQUEST NO. 21

*All documents and things relating to the reexamination or review by the United States Patent and Trademark Office of any of the Lau Patents-In-Suit.*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to this request as vague, ambiguous, overly broad, and unduly burdensome. Abbott objects to this request because Medtronic has access to all information not subject to any privilege or immunity.

Subject to these objections, Abbott is not aware of any non-privileged responsive documents that have not already been produced.

## REQUEST NO. 22

*All documents and things relating to, including but not limited to any communications with, any person contacted by ACS regarding ACS's Motion for Permanent Injunction ("Motion") in this case, including but not limited to any person contacted for purposes of potentially providing a declaration for possible use in the Motion.*

### Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to this request as seeking information subject to attorney-client privilege and/or work product immunity. Abbott also objects to this request to the extent it seeks copies of draft documents and/or communications between experts or consultants and Abbott regarding this case, as inconsistent with the parties' agreement in January 2004 that such information would not be discoverable or admissible in this case. Abbott further objects to this request as vague and ambiguous.

Subject to these objections, Abbott will produce all non-privileged, responsive documents to the extent such documents have not already been produced.

## REQUEST NO. 23

All documents relating to all licenses, assignments, technology transfer agreements, settlement agreements, or other agreements to which Plaintiffs are, were, or considered becoming a party to, since 1997, and that license or purport to license to any person the right to make, use, import, or sell any Stent product or the right to use any technology, intellectual property rights, know-how, or trade secrets relating to the design, manufacture, or use of any Stent product.

## Responses and Objections

Abbott incorporates the General Objections above. Abbott objects to this request to the extent it seeks documents and things concerning agreements unrelated to the patents-in-suit, as beyond the scope of discovery permitted by the Court. Abbott also objects to this request as seeking information that was explored, or could have been explored, during pre-trial fact discovery, which ended May 6, 2004. Abbott further objects to this request as seeking information regarding agreements subject to confidentiality provisions that preclude Abbott from disclosing such information. Specifically, Abbott objects to this request to the extent it seeks (1) nonpublic information related to an agreement between Abbott and Cordis concerning the Lau patents, because the agreement includes confidentiality provisions that precludes Abbott from disclosing such information without Cordis's authorization and Cordis has not provided such authorization; and/or (2) nonpublic information related to an agreement between Abbott and BSC involving the Lau patents, because the agreement includes confidentiality provisions that preclude Abbott from disclosing such information without BSC's authorization and BSC has not provided such authorization. Abbott also objects to this request to the extent it seeks information concerning drug-eluting stents, or the drug-eluting stent market, as beyond the scope of

permissible discovery. Abbott further objects to this request to the extent it seeks information subject to attorney-client privilege and/or work product immunity.

Subject to these objections, Abbott will produce all non-privileged, responsive documents to the extent such documents have not already been produced.

AS TO OBJECTIONS:

Of Counsel:

J. Michael Jakes
Gerald F. Ivey
Michael A. Morin
FINNEGAN, HENDERSON, FARABOW
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Dated: September 7, 2007

Anne Shea Gaza (by Jameson Tweedie #4927)
Frederick L. Cottrell, III (#2555)
cottrell@rlf.com
Anne Shea Gaza (#4093)
gaza@rlf.com
RICHARDS, LAYTON & FINGER
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7509

*Attorneys for Plaintiffs Abbott Cardiovascular
Systems Inc. and Abbott Laboratories Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that true and correct copies of the foregoing were served this 7th day of

September 2007 on counsel in the manner indicated below:

**VIA E-MAIL & HAND DELIVERY**
Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899

**VIA E-MAIL & FEDERAL EXPRESS**
Matthew Hoffman, Esquire
Gibson, Dunn & Crutcher LLP
333 South Grand Avgneue
Los Angeles, CA  90071-3197


Jameson A.L. Tweedie  (#4927)
tweedie@rlf.com

RLF1-2826115-1

# EXHIBIT B



**FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER** LLP

901 New York Avenue, NW ▪ Washington, DC 20001-4413 ▪ 202.408.4000 ▪ Fax 202.408.4400
www.finnegan.com

ANDREW J. VANCE
202.408.4197
andrew.vance@finnegan.com

September 13, 2007

Matthew A. Hoffman, Esq.
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071-3197                       *VIA EMAIL*

Re:   *Advanced Cardiovascular Systems, Inc. v. Medtronic Vascular, Inc.*
      C.A. No. 98-80-SLR (consolidated)

Dear Matthew:

For scheduling purposes, Dr. Kahn would like to know how long you anticipate his deposition will take this coming Saturday. Given that the Court stayed all discovery relating to DES at Medtronic's request—thus staying discovery as to paragraphs 8-15 of Dr. Kahn's declaration—and further given that Dr. Kahn has already been deposed by Medtronic and examined at trial, we would hope that you could complete his deposition in 1/2 day or less. Please advise.

Sincerely,

*Andrew J. Vance*

Andrew J. Vance

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

# EXHIBIT C

# REDACTED
# IN ITS
# ENTIRETY