IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS, INC. and ABBOTT LABORATORIES, INC., | ) ) ) ) | **REDACTED PUBLIC VERSION** |
| Plaintiffs, | ) ) | Civil Action No. 98-80 (SLR) |
| v. | ) ) | (Consolidated with C.A. No. 98-314 (SLR) and C.A. No. 98-316 (SLR)) |
| MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC., | ) ) ) | |
| Defendants. | ) ) ) | |

**MEDTRONIC'S REPLY IN SUPPORT OF ITS MOTION
FOR LEAVE TO FILE SURREPLY TO ABBOTT'S MOTION
TO LIFT STAY OF PROCEEDINGS ON ABBOTT'S MOTION FOR
PERMANENT INJUNCTION AS TO MEDTRONIC'S ENDEAVOR**

In its Opposition to Medtronic's Motion for Leave (D.I. 832), Abbott argues that Medtronic's Proposed Surreply "belatedly raises new arguments," which "would . . . unfairly prejudice[]" Abbott. (D.I. 839 at 2.) This argument is wholly inaccurate for the following reasons.

First, Medtronic's Proposed Surreply (and the evidence submitted in support thereof) is limited to responding to the following two misstatements made for the first time in Abbott's Reply: and (2) that additional *eBay* discovery regarding Abbott's attempt to enjoin Endeavor is unnecessary. (*See* D.I. 832 Ex. 1; *see also* D.I. 830 at 5, 7.) Medtronic could not have anticipated that it would need to respond to these misleading assertions in its Answering Brief given that Abbott's perfunctory, two-page Opening Brief makes no reference whatsoever to these arguments. (*See* D.I. 824.) As a result, the Proposed Surreply is proper. *See Roberts*

*Enters., LP v. Fun Sport, Inc.*, 2008 U.S. Dist. LEXIS 18522, at \*1-\*2 n.1 (D. Del. Mar. 7, 2008) (granting the defendant's motion to file surreply to respond to an argument raised for the first time in the plaintiff's reply brief); *True N. Composites, LLC v. Trinity Indus., Inc.*, 191 F. Supp. 2d 484, 523 & n.2 (D. Del. 2002) (same); *Eaton Corp. v. Rockwell Int'l Corp.*, 2000 U.S. Dist. LEXIS 21210, at \*5-\*6 (D. Del. Nov. 7, 2000) (same).

Second, because a surreply was only necessitated by the above-mentioned misstatements, any prejudice resulting from Medtronic's correction of the record is of Abbott's own doing. Notably, although Abbott dismisses Medtronic's argument that the Surreply is necessary to respond to the above-mentioned misstatements as "totally incorrect," it does not even attempt to justify the statements at issue.  (D.I. 839 at 2.)  Abbott's suggestion that it would be prejudiced if it were unable to respond to Medtronic's Proposed Surreply is questionable given that it has failed to give any indication that it even has a substantive response.

In light of the foregoing, and given the importance of the Endeavor Injunction Motion – which seeks to enjoin Medtronic Vascular's largest selling product – it is Medtronic (not Abbott) that will be prejudiced if it is not permitted to file a surreply to address Abbott's misstatements.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
Karen Jacobs Louden (#2881)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
klouden@mnat.com
*Attorneys for Defendants Medtronic*
*Vascular, Inc. and Medtronic USA, Inc.*

OF COUNSEL:

Kevin S. Rosen
Matthew A. Hoffman
Anthony S. Newman
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
(213) 229-7000

H. Mark Lyon
Frederick S. Chung
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
(650) 849-5300

April 22, 2008
Redacted Version Filed: April 28, 2008

2302153

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on April 28, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF which will send notification of such filing to Frederick L. Cottrell, III.

I further certify that on April 28, 2008 I served copies of the foregoing to the following counsel in the manner indicated:

### BY HAND & EMAIL

Frederick L. Cottrell, III
Anne Shea Gaza
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

### BY EMAIL

J. Michael Jakes
Michael A. Morin
Finnegan Henderson Farabow Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413

*/s/ Karen Jacobs Louden*

klouden@mnat.com