IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT CARDIOVASCULAR SYSTEMS, INC. and ABBOTT LABORATORIES, INC.,<br>    Plaintiffs,<br><br>    v.<br><br>MEDTRONIC VASCULAR, INC. and MEDTRONIC USA, INC.,<br>    Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 98-80 (SLR)<br>)  (Consolidated with C.A. No. 98-314 (SLR) and<br>)  C.A. No. 98-316 (SLR))<br>)<br>)<br>)<br>)<br>)<br>) |

**MEDTRONIC'S RESPONSE TO ABBOTT'S SUBMISSION OF FDA LETTER PROVIDING NOTICE OF APPROVAL OF ABBOTT'S XIENCE DRUG-ELUTING STENT**

In its Submission of FDA Letter Providing Notice Of Approval Of Abbott's Xience Drug-Eluting Stent (D.I. 842), Abbott contends that this Court should issue a permanent injunction against Medtronic's Endeavor drug-eluting stent—a device that has never been part of this case—on the ground that sales of Endeavor "have been causing substantial irreparable harm to Abbott, particularly in light of Abbott's recent release of the Xience in the United States." But in relying upon Xience—a topic that has not been subject to *eBay* discovery or briefing—to establish irreparable harm, Abbott illustrates precisely why its request for a permanent injunction against Endeavor is premature and unfounded.

As noted in Medtronic's prior briefing in opposition to Abbott's Motion To Lift Stay Of Proceedings, Medtronic has not been permitted to take *eBay* discovery or submit briefing regarding several of the never-before-addressed issues raised by Abbott's attempt to

enjoin Endeavor—including, *inter alia*, Xience,[1] which is relevant not only to the irreparable harm prong of *eBay*, but also to the balance-of-hardships and public interest prongs. (*See* D.I. 832 Ex. 1 at 4-7; D.I. 828 at 2-5.) Indeed, Abbott has not disputed that it refused to provide information relating to Xience in the last round of *eBay* discovery. (*See* D.I. 832 Ex. 1 at 5 & n.3.) As noted in Medtronic's prior briefing, Medtronic expects that additional discovery will reveal, *inter alia*, that patients treated with Xience may be at an increased risk of suffering deadly blood clots than patients treated with Endeavor. (D.I. 832 Ex. 1 at 5.)

In view of the substantial additional discovery necessary to respond to Abbott's request for a permanent injunction against Endeavor (including discovery regarding Xience), due process mandates an additional discovery and briefing period. It is notable that Abbott continues to submit additional evidence in support of its attempt to enjoin Endeavor—such as the FDA letter regarding Xience (*see* D.I. 842; *see also* D.I. 831 Ex. 3, D.I. 730 ¶¶ 8-15)—while at the same time seeking to deny Medtronic the right to take *any* discovery or submit *any* evidence on these *very same subjects*. (*See* D.I. 832 Ex. 1 at 7.)

For these reasons, and the additional reasons set forth in Medtronic's Answering Brief (D.I. 828) and Medtronic's Surreply (D.I. 832), Medtronic respectfully requests that the Court deny Abbott's Motion To Lift Stay Of Proceedings On Abbott's Motion For Permanent Injunction As To Medtronic's Endeavor, and enter an order requiring Abbott to file a separate

---

[1] In addition to Xience, Medtronic has not been permitted to take discovery or submit briefing regarding the following additional issues relating to Endeavor that must be assessed under *eBay*: (1) the devastating effect that an injunction against Endeavor would have on the public interest (including the purported evidence Abbott already has submitted on this subject); (2) the substantial hardship to Medtronic if Endeavor—Medtronic Vascular's largest selling product—were enjoined; and (3) the unfairness of an injunction in light of Abbott's six-year partnership with Medtronic to bring Endeavor to the U.S. market. (*See* D.I. 832 Ex. 1 at 4-7; D.I. 828 at 2-5.)

action against Endeavor.  Alternatively, should the Court permit Abbott to accuse Endeavor in this case, Medtronic requests that it be granted six months to take and complete *eBay* discovery from Abbott and various third parties, and an additional sixty days to file its Answering Brief in opposition to Abbott's Injunction Motion against Endeavor.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Karen Jacobs Louden*
Karen Jacobs Louden (#2881)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Defendants Medtronic Vascular, Inc and Medtronic USA, Inc.*

OF COUNSEL:

Kevin S. Rosen
Matthew A. Hoffman
Anthony S. Newman
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
(213) 229-7000

H. Mark Lyon
Frederick S. Chung
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA  94304-1211
(650) 849-5300

Dated:  July 24, 2008

2424579

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on July 24, 2008, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to Frederick L. Cottrell, III.

I further certify that on July 24, 2008, I caused copies of the foregoing to be served on the following counsel in the manner indicated:

**BY HAND & EMAIL**

Frederick L. Cottrell, III
Anne Shea Gaza
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE  19899

**BY EMAIL**

J. Michael Jakes
Michael A. Morin
Finnegan Henderson Farabow Garrett & Dunner LLP
901 New York Avenue, NW
Washington, DC 20001-4413

*/s/ Karen Jacobs Louden*

Karen Jacobs Louden (#2881)